



STATE OF CALIFORNIA –DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**
1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 12, 2007

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

RE: IAB# 0713161        STAFF COMPLAINTS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

*signature*

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA                                              DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | | 1. | 7/1 |
| 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Bloodsaw Theopric | P20045 | | ASU-E1 |

A. Describe Problem: C/O Harlow D.J. I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-IX-XIII-XIV. On 11-8-02 I was unlawfully arrested as a parole violator P.C. 5011. a parole warrant is P.C. 3056. CDC No. P20045 is unlawful and void. Out of hostility an bigotry you came to my cell with the picture identification card of another inmate demanding me to

If you need more space, attach one additional sheet.

move into his cell. I told her I was not moving into his cell or going to take a cellie she stated that I was afraid and scared that he was going to take my butt from me. I have heard the Southern Hispanics and Blood

Inmate/Parolee Signature: T. Bloodsaw                    Date Submitted: 10-24-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: *Bypass - informal review not required*

Staff Signature: _____                     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

80 S. Ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960) 9 S. Ct. 122, 128 U.S. 456 Cornelius v. Kessel (1888) 26 S. Ct. 282, 200 U.S. 321 United States v. Detroit Timber + Lumber Co. (1906) 72 S. Ct. 205, 342 U.S. 165 Rochin v. California (1952)

Signature: T. Bloodsaw                              Date Submitted: 10-24-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1 _____ | 1 _____ | _____ |
| 2 _____ | 2 _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Bloodsaw Theopric | P20015 | | ASU-E1 |

A. Describe Problem: gang members tell her that they did not want me in here and I was afraid to take a cellie because they are going to take my butt. I am lawfully an medically entitled to single cell housing she is contradicting CCR Title 15. 3000. Definitions. 3901.17.2. Criteria For Placement of Parole Hold. 3075.1. Intake Processing. 3377.1. Inmate Custody Designations. 3160. Inmate Access to Courts. 3013. Unlawful Influence.

If you need more space, attach one additional sheet.

B. Action Requested: I am asking C/O Harlow D.J. For jurisdiction requirements according to the U.S.C. Amendments I - IV - V - VIII - IX - XIII - XIV.

*PELICAN BAY*

CV-00752-JF-550

Inmate/Parolee Signature: T. Bloodsaw          Date Submitted: 10-24-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass - informal review not required

BRANCH MAIL RECEIVED NOV -5 2007

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

3271. Responsibility of Employees. 3273. Acceptance and Surrender of Custody. 3401. Employee and Inmate/Parolee Relations. 3401.5. Employee Sexual Misconduct. 3085. Americans With Disabilities Act. *540 17 S. Ct. 540

Signature: T. Bloodsaw          Date Submitted: 10-24-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

STATE OF CALIFORNIA -DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

## INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 17, 2007

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

RE: IAB# 0713606        STAFF COMPLAINTS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location:  Institution/Parole Region
1. _PBSP_        Log No 1. _____        Category 4/1
2. _____        2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly

NAME _BloodSAW Theopric_    NUMBER _P20045_    ASSIGNMENT _____    UNIT/ROOM NUMBER _ASU-E1_

A. Describe Problem: _C/O, D. Nelson I am being housed in A.S.U. unlawfully under a unlawful CDC No. P20045, and you have shown a great deal of hostility toward me. On 10-5-07 in the process of escorting me from the shower you made a statement saying I was afraid to take a cellie because they are going to take my butt from me. I am in state prison because of the same Hispanics an Bloods informants that you are getting your information from. They have_

If you need more space, attach one additional sheet.

_that sex rumor an many others such as I better not ever come on the yard floating all over PBSP and you as a CDC, C/O has chosen to jump on the ban wagon with the informants. On 11-8-02 I did not commit a crime I was_

Inmate/Parolee Signature: _T. Bloodsaw_    Date Submitted: _10-11-07_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _Bypass - informal review not required_

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_I am legally and medically entitle to single cell housing since my arrival at PBSP 2-24-04. 26 S. Ct. 282, 200 U.S. 321 United States v. Detroit Timber & Lumber Co. (1906) 3075.3. Discharge Certificates. 3025. Americans With Disabi-_

Signature _T. Bloodsaw_    Date Submitted: _10-11-07_

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: _____

 OCT 12 2007     OCT 26 2007

0713608

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

January 14, 2008

*BLOODSAW, P20045*
*ASUE0000000001L*

Log Number: PBSP-S-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*This appeal constitutes an abuse of the appeal process pursuant to CCR 3084.4. Refusal to interview or cooperate with reviewer shall result in cancellation of the appeal per CCR 3084.4(d).*

*IT APPEARS YOU ARE ALLEGING OFFICER GOUDELOCK AND LYON USED RACIAL SLURS WHILE YOU LIVED IN A2. YOU ALSO FEEL THEY PUT YOUR LIFE IN DANGER BASED ON WHICH CELL THEY ASSIGNED YOU TO? YOU MUST INCLUDE WHEN AND EXACTLY WHO SAID WHAT IN YOUR ALLEGATION. PLEASE INCLUDE EXACT QUOTES AND INCLUDE ANY WITNESSES. IN ADDITION, YOU MUST ARTICULATE HOW YOUR LIFE WAS IN DANGER BASED ON YOUR HOUSING ASSIGNMENT BY YOURSELF IN A LOCK-UP UNIT.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

JAN 1 4 2008

*Emergency Appeal*

C/O GOUDELOCK
C/O LYON

## INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region

**PBSP**

1. _____
2. _____

Log No.
1. _____
2. _____

Category **7/1**

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME **Bloodsaw Theopric**   NUMBER **P20045**   ASSIGNMENT ___   UNIT/ROOM NUMBER **ASU-E1**

A. Describe Problem: Goudelock W., C/O I am taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP according to the U.S.C. Amendments I-IV-V-VIII-XIII-XIV. C.D.C. No. P20045 is a fraudulent CDC No. therefore PBSP has no legal authority for my confinement you were aware of that when I was brought to A2-Ad Seg on a false charge of battery on a C/O. On 11-8-02 I was unlawfully arrested as a parole violator P.C. 5011. a parole warr-

If you need more space, attach one additional sheet.

ant is P.C. 3056. Case No. YA053506 was not endorsed against me on three counts P.C. 872. order holding defendant to answer so it is a fraudulent blank application. I have been in an out of A2 many of times since my arrival

Inmate/Parolee Signature: T. Bloodsaw   Date Submitted: 1-14-08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Bypass - informal review is not required

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

privileges an benefits I'm having hardships because of it. I am legally and medically entitle to single cell housing staff is using fraudulent documents to deprive me of rights. 3273. Acceptance and Surrender of Custody. 3901.17.1. Authority to Place

Signature: T. Bloodsaw   Date Submitted: 1-14-08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

JAN 1 4 2008

7
(need more specifics)

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | | 1. | |
| 2. | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME _Bloodsaw Theopric_  NUMBER _P20045_  ASSIGNMENT _Z_  UNIT/ROOM NUMBER _ASU-E1_

A. Describe Problem: at PBSP each time I was placed in A2 you made racial slurs you did not conceal your hostility or harassment or threats. Other than on your own will it was done as a favor for the southern hispanics. Each time I was placed in A2 you and C/O Lyon would intentionally put my life in danger by placing me in A or B sections I get along with crips southern hispanics an blood gang members are my enemies. PBSP custody and medical staff has conspired to deny me my

If you need more space, attach one additional sheet.

B. Action Requested: _Jurisdiction requirements_

_CV-00752-JF-550_

Inmate/Parolee Signature: _T. Bloodsaw_  Date Submitted: _1-14-08_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _Bypass - informal review not required_

Staff Signature: _____  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_Parole Hold. Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 321-322 III. Particular circumstance under which exhaustion of state remedies is or is not necessary. 97 U.S. 652, 97 U.S. 652 Barney v. Dolph (1878) CCR 3084.7._

Signature: _T. Bloodsaw_  Date Submitted: _1-14-08_

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

*Inmate*

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

GPL= 3.3    CCCMS-NO

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 5-28-2020 | PBSP | ASUE-01L | E07-10-0003 |

| VIOLATED RULE NO(S) | SPECIFIC CHARGE | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 (b) | REFUSAL TO OBEY ORDERS | ASU-1 | 10-03-07 | 1000 |

CIRCUMSTANCES

On 10-03-07, at approximately 1000 hours, while assigned as the Administrative Segregation Unit-1 (ASU-1) S/E OFFICER #2, I informed inmate **BLOODSAW**, P-20045, ASUE-01L, that it is the expectation for inmates in the ASU to voluntarily double cell, unless there is a documented and justified reason in their Central File stating otherwise. An inmate is considered to have refused to double cell when the inmate refuses to allow another to move into his cell or refuses to move into another cell, housing a second inmate. I afforded **BLOODSAW** the opportunity to cell with inmate *SMITH, V-14095*. **BLOODSAW** stated, "*I aint takin no cellie, fuck you, Bitch, I aint even supposed to be here. Bitch, Fuck you.*" I informed **BLOODSAW** he would receive a CDC-115 for refusing to double cell.

**This inmate is not EOP or crisis Bed.** Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment in not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| D.J. HARLOW | | ASU S/E #2 | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| R.E. BERRY, SGT. | | N/A | |
| | | DATE | LOC |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | | 10-5-7 | G.H. WISE, LT. | ☐ HO  ☒ SHO  ☐ SC  ☐ |

## COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) M. HENSHAW CO | DATE | TIME 1145 | TITLE OF SUPPLEMENT N/A | | |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME |

HEARING

SEE ATTACHED HEARING DISPOSITION

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) G.A., KELLEY, SENIOR HEARING OFFICER | SIGNATURE | DATE | TIME 0846a |
| REVIEWED BY: (SIGNATURE) M. FOSS, CAPT | DATE | CHIEF-DISCIPLINARY OFFICER'S SIGNATURE M.A. COOK, AWGP | DATE 10-30-07 |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S) | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| | | | | | |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☐ YES   ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | **I DO NOT REQUEST** my hearing be postponed pending outcome of or referral for prosecution. | ▶ | |
| ☐ | **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☑ WAIVED BY INMATE | ▶ | |
| ☒ ASSIGNED | DATE / NAME OF STAFF | | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☑ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE / NAME OF STAFF | | |
| ☑ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |

CDC 115-A (7/88)   *— If additional space is required use supplemental pages —*

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE __1__ OF __2__

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER E07-10-0003 | INSTITUTION PBSP | TODAY'S DATE 10/12/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing:** On 10/12/07 at approximately 0946 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O J. CRON and C/O B. PRICE) to his refusal was completed.

**District Attorney:** This has not been referred for criminal prosecution.

**Due Process:** The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant:** BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, B. PRICE, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. PRICE confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee:** BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses:** No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence:** Videotape evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 10/03/07.

**Finding:** Guilty of the Div. F-3 (CCR 3315 (a)(3)(J)) offense REFUSAL TO OBEY ORDERS. This offense requires evidence that the inmate was given a direct order by a staff member and the inmate refused to comply with this order. This finding is based upon the following preponderance of evidence:

A. The testimony of OFFICER HARLOW in the disciplinary report of 10/03/07 wherein HARLOW testifies that BLOODSAW was ordered to double cell with another inmate and refused stating "I' aint taking no cellie, fuck you, bitch."

**Disposition:** Assessed **30 day credit** forfeiture for this Div. F offense. With this notice, BLOODSAW is informed that his credit restoration period began 10/04/07 and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. With this notice, BLOODSAW is referred to CCR §3084.1 for information on appeal procedures.

| SIGNATURE OF WRITER G. A. KELLEY | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 10/12/07 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE ✓ | GIVEN BY: (STAFF'S SIGNATURE) C/O B Harlow | DATE SIGNED: 11/1/07 | TIME SIGNED: 1100 | |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE   2   OF   2

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER E07-10-0003 | INSTITUTION PBSP | TODAY'S DATE 10/12/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Additional penalties**: Per CCR 3090(d), canteen privileges may be restricted for an offense including intentional or negligent misuse, destruction or damage of state property. Restriction of canteen privileges means canteen draw slips will not be accepted during this period of restriction. Any canteen draw slips submitted by this inmate during this period will be returned without action.  The inmate will be allowed to keep any canteen received or ordered prior to this restriction.  This offense involved the intentional or negligent misuse, damage or destruction of state property as follows: Misuse of a state prison cell property. Specifically, by BLOODSAW willfully refusing to allow another compatible inmate to be housed in the available bed within his assigned cell, BLOODSAW is misusing state prison housing which is costing the state taxpayers hundreds of dollars daily in overcrowding housing of state prisoners and overtime pay for state employees. Effective the date of this hearing through 01/10/08, canteen privileges are restricted for BLOODSAW for a total of **90 days**.

**Copies**:  Inmate trust office; Canteen, Program Lieutenant

| SIGNATURE OF WRITER G. A. KELLEY | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 10/12/07 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) clo  D Harlan) | DATE SIGNED: 11/1/07 | TIME SIGNED: 1100 | |

NAME and NUMBER          BLOODSAW                                                                    DEPARTMENT OF CORRECTIONS
                                                                                                              CDC-128 B (8-87)

                                                    P-20045                    CELL:     ASU-E-01L

Per CCR 3090(d), canteen privileges may be restricted for an offense including intentional or negligent misuse, destruction or damage of state property. Restriction of canteen privileges means canteen draw slips submitted by this inmate will be returned without action. The inmate will be allowed to keep any canteen received or ordered prior to this restriction. On 10/12/07, this inmate was found guilty of a disciplinary offense (log number E07-10-0003) involving the intentional or negligent misuse, damage or destruction of state property. Effective the date of this hearing, canteen privileges are restricted for 90 days through 01/10/08.


                                                    G. A. KELLEY
                                                    Correctional Lieutenant
ORIG    :    C-File                                  PBSP
cc      :    INMATE

DATE    10/12/07                                                          PBSP              GENERAL CHRONO

STATE OF CALIFORNIA

NAME AND NUMBER                                                                   DEPARTMENT OF CORRECTIONS
                                                                                         CDC-128 B (8-87)

                                                                          CELL.


ORIG    :    C-File
cc      :

DATE                                                                      PBSP              GENERAL CHRONO

STATE OF CALIFORNIA

NAME AND NUMBER                                                                   DEPARTMENT OF CORRECTIONS
                                                                                         CDC-128 B (8-87)

                                                                          CELL.


ORIG    :    C-File
cc      :

DATE                                                                      PBSP              GENERAL CHRONO





State of California

$ASU-E1$

# Memorandum

Date : December 27, 2007

## DA REFERRAL
## (DETAINER)

To : M. D. Yax
Associate Warden
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : PBSP INCIDENT #PBSP-FBAS-07-12-0507

On December 19, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the California Penal Code Section:

### 314 Indecent Exposure

As of December 27, 2007, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc: Facility Captain
Facility S&E
Records
Inmate
CLO File

State of California

# Memorandum

Date : January 2, 2008

<div align="center">

# DA REJECT
## (DETAINER REMOVAL)

</div>

To : M. D. Yax
Associate Warden
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBSP-FBAS-07-12-0507**

On December 19, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the California Penal Code Section:

### 314 Indecent Exposure

On December 27, 2007, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

On January 2, 2008, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that they declined to prosecute and referred the case back to the institution for administrative disposition.

The Court Liaison Office is no longer investigating the above named inmate. Please release the detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in the case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
Facility S&E
Records
Evidence Officer
Inmate
CLO File

STATE OF CALIFORNIA
## RULES VIOLATION REPORT
GPL= 3.3

DEPARTMENT OF CORRECTIONS

CCCMS=NO

| CDC NUMBER | INMATE'S NAME | | | | |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | | | | |

| VIOLATED RULE NO(S) | SPECIFIC CHARGE | RELEASE/BOARD DATE | INST. | HOUSING NO | LOG NO |
|---|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | EPRD: 06-21-2020 | PBSP | ASUE-01L | E07-12-0003 |
| | | LOCATION | | DATE | TIME |
| | | ASU-1 | | 12-19-2007 | 0730 |

CIRCUMSTANCES

On Wednesday, December 19, 2007 at approximately 0730 hours while doing my medication pass, I stopped at ASUE-01L, which is solely occupied by inmate BLOODSAW, P-20045. I was attempting to give BLOODSAW his morning medication and triage his sick call slip. BLOODSAW became verbally abusive, using vulgar language toward me. I made several attempts to communicate with BLOODSAW, with negative results. BLOODSAW continued to use vulgar language towards me. and stated he is refusing his medication. At that time BLOODSAW said, "Suck my dick" as he pulled his penis out with his left hand and waved his penis at me. At that time I exited the section, and notified Lt. G.A. Kelley of the incident. BLOODSAW is aware of this report. (Refer to PBSP-FBAS-07-12-0507.)

**This inmate is not EOP or crisis Bed.** Following current guidelines for mental health assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| R.N. S. NAKAMURA | 12/20/12 | ASU-1 REGISTERED NURSE | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| J.C. ANDERSON, SGT. | | N/A | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | LOC. | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☒ ADMINISTRATIVE ☒ SERIOUS | | | R. TUPY, LT. | | ☐ HO ☒ SHO ☐ SC ☐ |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) D. HARLOW, C/O | DATE | TIME | TITLE OF SUPPLEMENT | N/A |
| ☒ INCIDENT REPORT LOG NUMBER: PBSP-FBAS-07-12-0507 | BY: (STAFF'S SIGNATURE) D. HARLOW, C/O | DATE | TIME | BY: (STAFF'S SIGNATURE) | N/A | DATE | TIME |

HEARING

## SEE ATTACHED HEARING DISPOSITION

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY (TYPED NAME) T. BOSLEY, SENIOR HEARING OFFICER | SIGNATURE | | DATE | TIME |
| REVIEWED BY (SIGNATURE) M. FOSS, CAPT | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE M.A. COOK, AWGP | | DATE | TIME |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY (STAFF'S SIGNATURE) | | DATE | TIME |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S) | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| | | | | | |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☒ WAIVED BY INMATE | ▶ | |

| ☒ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| | | |

| ☐ NOT ASSIGNED | REASON |
|---|---|
| | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☒ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| | | |

| ☒ NOT ASSIGNED | REASON |
|---|---|
| | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|---|

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| R-20045 | BLOODSAW | E07-12-0003 | PBSP | 12/28/07 |

☐SUPPLEMENTAL   ☒CONTINUATION OF:   ☐CDC 115 CIRCUMSTANCES   ☒HEARING   ☐IE REPORT   ☐OTHER

**Hearing**: On December 28, 2007 at approximately 0850 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O R. Achziger and C/O H. SOULE) to his refusal was completed.

**District Attorney**: Per the California Department of Corrections (CDC) Form 115-A, BLOODSAW was advised prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. He was informed that any statements could be used against him in a court of law. There is no reason to believe that BLOODSAW signed a written postponement request.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, B. Price, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Price confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape/ Photo evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 12/19/07 as well as the incident report.

**Finding**: Guilty of the Div. D (5) offense INDECENT EXPOSURE. This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm. Given that inmates are obligated to protect the privacy of himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront. This finding is based upon the following preponderance of evidence:

A. The testimony of Registered Nurse S. Nakamura in the disciplinary report of 12/19/07 wherein Nakamura testifies that, "On 12/19/07 Inmate BLOODSAW, P-20045, ASUE-01L, pulled his penis out with his left hand and waved it at me stating suck my dick.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|---|
| T. Bosley | | Correctional Lieutenant | 12/28/07 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 1-7-2008 | TIME SIGNED: 1010 |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C
                                                                      PAGE   2   OF   2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | E07-12-0003 | PBSP | 12/28/07 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Disposition**: Assessed **90** day credit forfeiture for this Div. D offense. With this notice, BLOODSAW is informed that his credit restoration period began 12/20/07 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. Referred to classification for SHU assessment. With this notice, BLOODSAW is referred to CCR §3084.1 for information on appeal procedures.

**Additional penalties**: Per PBSP Pilot Program for Management of indecent exposure incidents, the hearing officer may suspend specific privileges for no more than 90 days for the first offense and 180 days for the second offence with the suspension period starting the day of the hearing. The following privilege is suspended for this inmate: canteen and vender purchases. These privileges are suspended from the date of this hearing through 03/27/08 for a total of 90 days.

**Copies**: Inmate trust office, Canteen, Program Lieutenant

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|---|
| T. Bosley | | Correctional Lieutenant | 12/28/07 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: | TIME SIGNED: |
| ☒ | G. Harlow | | 1-7-2008 | 1010 |

INMATE NAME: BLOODSAW          NUMBER:  P-20045          CELL: ASU- E1

On this date:  DECEMBER19, 2007, your behavior of (DESCRIBE / ACTIONS):
_INDECENT EXPOSURE_

Has necessitated the implementation of the following Security Precaution(s) and or Restriction(s):

## CUSTODY SECURITY PRECAUTIONS   (CHECK APPROPRIATE PRECAUTIONS)

| | | |
|---|---|---|
| _____ LEG IRONS | _____ PAPER TRAY |
| _____ FOOD DELIVERY SYSTEM | _____ NO TEAR BLANKET |
| _____ SECURITY TRIANGLE | _____ PAPER TRAY |
| _____ SPIT HOOD | _X_ YELLOW LEXAN/ PLACARD — 90 DAYS |
| _____ WAIST CHAIN | _____ RAZOR |
| _____ LINEN | _____ SPOON |
| _____ CLOTHING – (BOXERS) | _____ PEN FILLER |
| _____ MATTRESS | _____ CELL WATER |
| _____ CUP/CONTAINER | _X_ OTHER: _EXPOSURE JUMPSUIT- 90 DAYS_ |

## RESTRICTIONS          (CHECK APPROPRIATE RESTRICTIONS)

_____ YARD                                    _____ PROPERTY

OTHER: _____

These precaution(s) / restriction(s) are implemented as a preventive measure to discourage future incidents of the same nature.  This precaution(s) / restriction(s) will remain in effect until 2400 hours on 3-19-2008.

_SURIGHT- Knight_ Sgt.                    LT _B_  12-19-07
(PRINT and SIGN NAME)                    (PRINT and SIGN NAME)
REQUESTER / RANK                         APPROPRIATE SUPERVISOR / RANK

[X] **APPROVED**          [ ] **DISAPPROVED**

Distribution:   Central File
                AWC File
                Unit Sergeant
                Inmate
                Unit
                Counselor

CDC 128-B Revised 02-06

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART A - COVER SHEET**
CDCR 837-A (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.3

| | | |
|---|---|---|
| Page 1 of 4 | INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
| | PBSP-FBAS-07-12-0507 | 12/19/2007 | 07:30 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | PROGRAM | AD/SEG YARD | USE OF FORCE |
|---|---|---|---|---|---|---|---|
| PBSP | FBAS - ASU | ☐ I ☐ II ☐ RC<br>☐ III ☑ IV | ADMINISTRATIVE SEGREGATION | SECTION E, CELL ASU-E-01L | ASU | N/A | No |

| SPECIFIC CRIME / INCIDENT | | NUMBER / SUBSECTION |
|---|---|---|
| Sexual Misconduct - Indecent Exposure | ☑ CCR ☑ PC ☐ N/A<br>3007 Sexual Behavior<br>PC 314 | |

| D.A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID | PIO/AA NOTIFIED |
|---|---|---|---|
| ☑ Yes ☐ No | ☐ Yes ☑ No | ☐ Yes ☑ No | ☑ Yes ☐ No |

### RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH AND CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A<br><br><br>Other Desc: |

| SERIOUS INJURY | INMATE WEAPONS | TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A |

| ESCAPES | | |
|---|---|---|
| ☑ N/A | | |

| CONTROLLED SUBSTANCE | WEIGHT/ In Grams | PROGRAM STATUS | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☑ N/A | | ☑ N/A | ☑ N/A |

| | |
|---|---|
| | EXTRACTION:<br>☑ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)

On, Wednesday, December 19, 2007, Inmate BLOODSAW, P-20045, ASU-E-01L, intentionally exposed his penis to Registered Nurse S. Nakamura and said "Suck on this, can you see it." while holding his penis with his left hand and shaking it.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID# | BADGE # |
|---|---|---|---|
| GLENN KELLEY | CORRECTIONAL LIEUTENANT | 116001562 | 12097 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE | DATE |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.3

## CRIME / INCIDENT REPORT
## PART A1 - SUPPLEMENT
CDCR 837-A1 (REV. 10/06)

| Page 2 of 4 | INCIDENT LOG NUMBER |
| | PBSP-FBAS-07-12-0507 |

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| PBSP | FBAS - ASU | 12/19/2007 | 07:30 |

TYPE OF INFORMATION:

☑ SYNOPSIS/SUMMARY OF INCIDENT    ☐ SUPPLEMENTAL INFORMATION    ☐ AMENDED INFORMATION    ☐ CLOSURE REPORT

At approximately 0730 hours, while delivering medication to inmates in their cells, RN Nakamura approached cell ASU-E-01 solely occupied by inmate BLOODSAW and began conversing with BLOODSAW about his medication, when BLOODSAW became angry and began calling RN. Nakamura profanities. Then BLOODSAW intensionally exposed his penis and began shaking it with his left hand to direct RN. Nakamura's visual attention to it and stated "Suck on this, can you see it." RN. Nakamura departed the area and reported the incident to Lieutenant G. A. Kelley.

SUSPECT:BLOODSAW, P-20045

VICTIM:RN. S. Nakamura

MEDICAL REPORTS/INJURIES TO STAFF: None reported.

MEDICAL REPORTS/INJURIES TO INMATES: None reported

PAST CDC RULES VIOLATIONS: None.

PAST CRIMINAL HISTORY: None for PC 288 or 314 related offenses.

CRIME SCENE/EVIDENCE: None identified.

USE OF FORCE: None reported.

STATUS OF VIDEOTAPED INTERVIEW: No videotape interview was conducted because there were no Head Injures, no Serious Injures or Force Allegations made during this incident.

ESCORTS: None required.

CONCLUSION: Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3007, Sexual Behavior, Specifically 'Indecent Exposure'. This case will be referred to the Del Norte County District Attorneys Office for possible felony prosecution. Inmate BLOODSAW was placed on yellow placard caution and indecent exposure jump suit status as precautions to future indecent exposure incidents should they occur.

NOTIFICATIONS: The Facility 'B' Captain, M. Foss, and all appropriate administrative staff were notified about the incident. You will be advised of any further developments in this matter should they occur via supplemental reports.

OVERTIME: There was no overtime incurred as a result of this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID# | BADGE # |
|---|---|---|---|
| GLENN KELLEY | CORRECTIONAL LIEUTENANT | 116001582 | 12097 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE | DATE |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART B1 - INMATE**
CDCR 837-B1 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.3

Page 3 of 4

| INSTIUTTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| PBSP | FBAS - ASU | PBSP-FBAS-07-12-0507 |

**INMATE (ENTIRE SHEET)**

| NAME: LAST | | FIRST | | MI | CDC # | SEX | ETHNICITY | FBI #: | | CII # |
|---|---|---|---|---|---|---|---|---|---|---|
| BLOODSAW | | THEOPRIC | | NMI | P-20045 | M | BLA | 496721PA9 | | A08953256 |

| PARTICIPANT | CLASS SCORE | PVRTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | RELEASE Date Type | EXTRACTION | DOB | HOUSING |
|---|---|---|---|---|---|---|---|---|---|
| SUSPECT | 119 | YES | 06/11/2003 | 09/27/2007 | 05/28/2020 | 0 | NO | 06/25/1958 | ASU-E01L |

| CURRENT INMATE LEVEL | ☑ N/A | ☐ CCCMS | ☐ EOP | ☐ DMH | COMMITMENT OFFENSE | | COUNTY OF COMMITMENT |
|---|---|---|---|---|---|---|---|
| IV | ☐ MHCB | ☐ DDP | ☐ DPP | | BATTERY ON A PEACE OFFICER | | LOS ANGELES |

☑ N/A    DESCRIPTION OF INJURIES, LOCATIONS AND CAUSE

| ☑ N/A | ☐ TREATED AND RELEASED | ☐ HOSPITALIZED | NAME/ LOCATION OF HOSP/ TREATMENT FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE | | ☐ REFUSED TREATMENT    ☑ N/A | |

| Reason For Death: | Is There ASCA Serious Injury ☑ N/A | PRISON GANG / DISRUPTIVE GROUP | VALIDATED / ASSOCIATED |
|---|---|---|---|
| | ⦿ No    ◯ Yes | | |

## INCIDENT NUMBER:   PBSP-FBAS-07-12-0507

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the 837B as part of the evidence for their disciplinary hearings.

Per the Memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his pre-hearing documents.  A list of the participants may be substituted.  This is the list of participants authorized by that Memorandum.

| I/M NAME | CDCR # | STAFF NAME | TITLE |
|----------|--------|-----------|-------|
| BLOODSAW | P-20045 | G.A. KELLEY | LIEUTENANT |
|          |        | S. NAKAMURA | REGISTERED NURSE |
|          |        |           |       |
|          |        |           |       |
|          |        |           |       |
|          |        |           |       |
|          |        |           |       |
|          |        |           |       |
|          |        |           |       |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE 1 OF 2

INCIDENT LOG NUMBER: PBSP-FBA5-07-12-0507

| NAME: LAST | FIRST | MI |
|---|---|---|
| NAKAMURA | STEVEN | Y |

| INCIDENT DATE | INCIDENT TIME |
|---|---|
| 12/19/07 | 0730 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 34520 | ASU-1 RN | 11 Years 11 Months | 12/19/07 | ASU E-1 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| /5 | 06-14 | 3007 Indecent Exposure | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☑ PRIMARY | S-C. Kelley Lt. | S- Bloodsaw    CDC# P20045 |
| ☐ RESPONDER | | ASU E-1 |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

**FORCE USED BY YOU**
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☑ NONE

**FORCE OBSERVED BY YOU**
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☑ NONE

**WEAPONS AND SHOTS FIRED BY YOU**
NO: ⬭     NO: ⬭    TYPE:
☐ MINI-14
☐ 9 MM
☐ 38 CAL
☐ SHOTGUN
☑ N/A

☐ 37 MM
☐ 40 MM
☐ LB
☐ 40 MULTI
☐ HFWRS
☐ BATON

**CHEMICAL AGENTS USED BY YOU**
TYPE:
☐ OC
☐ CN
☐ CS
☐ OTHER:
☑ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES  ☑ NO | ☑ N/A | ☑ N/A | ☐ YES  ☑ NO | ☑ YES  ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES  ☑ NO | ☑ N/A | ☑ N/A | ☑ N/A  ☐ BODILY  ☐ UNKNOWN  ☐ OTHER: | ☐ YES  ☑ NO |

**NARRATIVE:** On 12/19/07 at Approximately 0730 While doing my medication pass, I stopped at inmate Bloodsaw's cell (P20045) at ASU E-1 to give him his medication and to triage his sick call slip. Bloodsaw said, "Kiss my black ass. Fuck you bitch. Kiss my black ass. One more of those are on the way. I notified you 3 weeks ago that I did not want to see that bitch. What do you mean I cannot pick and choose. Fuck you bitch. Kiss my mother fucking black ass! Tell that bitch that I am a racist mother fucker. I will get my mother fucking medication. Everything is on that. Can you read and write mother fucker. Can you read and write. I told that bitch

☑ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| [signature] | RN | N/A | 12/19/07 |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBSP- FBAS-07-12-0567

NAME: LAST NAKAMURA

FIRST STEVEN

MI Y

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: I'm refusing. Suck my dick. Suck my dick. Can you see it? Bloodsaw at this point had pulled his penis out and was waving it at me with his hand. I was offended by his exposure of his penis. I walked off the tier. I notified Lt Kelly of the incident. It should be noted that Bloodsaw was holding his penis with his left hand.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF

TITLE 12n

BADGE # N/A

DATE 12/19/07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)    DATE RECEIVED    APPROVED    CLARIFICATION NEEDED    DATE





STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
**CDC 114-D** (Rev 10/98)

DEPARTMENT OF CORRECTIONS

CCCMS NO.  GPL 5 90

DISTRIBUTION:
WHITE - CENTRAL FILE
BLUE - INMATE (2ND COPY)
GREEN - ASU

CANARY - WARDEN
PINK - HEALTH CARE MGR
GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| BLOODSAW | P-29845 |

## REASON(S) FOR PLACEMENT *(PART A)*

[ ] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

**DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:**

On Thursday, April 12, 2007 a decision was made to place you in the Administrative Segregation Unit (AD SEG). The reason for your placement is while housed on Facility B you were charged with Battery on a Peace Officer. Specifically, you battered Correctional Officer J. Thon. Due to the lack of bed space in AD-SEG you will be confined to quarters until bed space is available. You were not placed into AD-SEG until __4-13-07__ you will remain in the Administrative Segregation Unit pending adjudication of a Rules Violation Report (RVR) for Battery on a Peace Officer.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)   [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: __/ /__

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 4-13-07 | R. TOP | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 4-13-07 | | I. McTuck C/O | T Mavrick | C/O |

| [X] INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|

## ADMINISTRATIVE REVIEW *(PART B)*
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | |
|---|---|---|---|
| LITERATE? | [X] YES  [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES  [ ] NO |
| FLUENT IN ENGLISH? | [X] YES  [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES  [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES  [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES  [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES  [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment                    Any "NO" may require IE assignment

[ ] NOT ASSIGNED                    [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

r /7.

State of California

# Memorandum

Date  :  May 4, 2007

## DA REFERRAL
### (DETAINER)

To  :  M. D. Yax
        Associate Warden
        Central Services

From  :  Department of Corrections and Rehabilitation
          Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject :  **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P20045**, committed the following violation of the California Penal Code Section:

**69**          **Resisting or Deterring an Officer**

**4501.5**      **Battery Upon a Person not a Prisoner**

As of May 4, 2007, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
      Facility S&E
      Records
      Inmate
      CLO File

7

State of California

# Memorandum

Date    : June 7, 2007

# DA ACCEPTED

To    : M. D. Yax
       Associate Warden
       Central Services

From    : Department of Corrections and Rehabilitation
        Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P-20045**, committed the following violation of the California Penal Code Section:

    **69**          **Resisting or Deterring an Officer**

    **4501.5**    **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte County District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

    **COUNT I**   **4501.5 Battery Upon a Person not a Prisoner**

    **COUNT II**  **69**     **Resisting or Deterring an Officer**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
       Facility S&E
       Records
       Inmate
       CLO File

State of California

# Memorandum

Date : November 6, 2007

### DA DISMISS
(AND DETAINER REMOVAL)

To : M. D. Yax
Associate Warden
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : PBSP INCIDENT #PBP-B08-07-04-0144, CRPB07-5089

On April 12, 2007, inmate **BLOODSAW, P-20045**, committed the following violation of the California Penal Code Section:

    69          Resisting or Deterring an Officer
    4501.5    Battery Upon a Person not a Prisoner

On May 4, 2007, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

    **COUNT I   4501.5 Battery Upon a Person not a Prisoner**
    **COUNT II  69    Resisting or Deterring an Officer**

On November 6, 2007, the District Attorney's Office notified Pelican Bay State Prison that on October 26, 2007, the case was dismissed by the court, and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate. Please release the Detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
     Facility S&E
     Records
     Security Squad
     Inmate
     OTC Desk
     CLO File

MICHAEL D. RIESE
DISTRICT ATTORNEY
450 H Street, #171
Crescent City, CA 95531
Telephone: (707) 464-7210

Attorney(s) for Plaintiff

Space below for use of Court Clerk only

ENDORSED
FILED

OCT 26 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE

450 H Street, Crescent City, CA

---

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | |
| v. | CASE NUMBER: **CRPB07-5089** |
| **THEOPRIC BLOODSAW**(P-20045) | **REQUEST FOR DISMISSAL** |
| Defendant | Next Court Date: 11/1/2007 |

Request is made to dismiss this action for the following reason:

Interests of justice.

Dated: October 24, 2007

MICHAEL D. RIESE
DISTRICT ATTORNEY

By: _____
Katherine Micks
Deputy District Attorney

## IT IS SO ORDERED

Dated: OCT 2 6 2007

Robert W. Weir
_____
Judge of the Superior Court

1           PROOF OF SERVICE

2

3       I am a citizen of the United States and a resident of the

4   County of Del Norte.  I am over the age of eighteen years and not

5   a party to the within above entitled action; my business address is

6   450 H Street, Crescent City, California, 95531.

7       On October 24, 2007, I served the within **REQUEST FOR DISMISSAL**

8   in this action by delivering to and leaving with the following

9   persons in the County of Del Norte, State of California, a true

10  copy thereof, to wit:

11

12  Law Office of **George Mavris**, *via clerk's receptacle.*

13

14

15      I, H. Diane Collins, declare, under penalty of perjury that

16  the foregoing is true and correct.

17

18  Executed on October 24, 2007, at Crescent City, California.

19

20

21                                          H. Diane Collins

22

23

24

25

26

27

28

DATE FAXED: 04-17-07

STATE OF CALIFORNIA

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | 04-12-07 | 1955 HOURS |

CIRCUMSTANCES

[illegible]

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| A. NAVARRO, SGT | [illegible] | DATE [illegible] LOC. [illegible] |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | B | [illegible] | R. TERRY, LT | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☐ CDC 115 | R. MILLS, C/O | [illegible] | | [illegible] |

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: | R. MILLS, C/O | | | R. MILLS, C/O | [illegible] | [illegible] |

HEARING

[illegible] (SEE ATTACHED HEARING SUMMARY)

Mental Health Assessment [illegible]

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| J. BIGGLE, LT | [illegible] | [illegible] | [illegible] |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| M. FOSS, FACILITY CAPTAIN | [illegible] | R.A. COOK, A.W. (C.F.) | |

| | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | [illegible] | [illegible] | [illegible] |

CDC 115 (7/88)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S) | DATE | INSTITUTION | LOG NO |
|---|---|---|---|---|---|
| F-20045 | BLOODSAW | 3005(c) | 04-12-07 | PBSP | B07-04-0031 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☒ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☒ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution.

INMATE'S SIGNATURE ▶                     DATE

☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution.

INMATE'S SIGNATURE ▶                     DATE

DATE NOTICE OF OUTCOME RECEIVED          DISPOSITION

☐ I REVOKE my request for postponement.

INMATE'S SIGNATURE ▶                     DATE

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE ▶ | | DATE |
|---|---|---|---|---|
| ☒ REQUESTED | ☐ WAIVED BY INMATE | | | |
| ☒ ASSIGNED | DATE | NAME OF STAFF | | |
| ☐ NOT ASSIGNED | REASON | | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE ▶ | | DATE |
|---|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | | | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON | | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ COPY OF CDC 115-A GIVEN INMATE | BY (STAFF'S SIGNATURE) ▶ | TIME | DATE |

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

OSP 03 74845

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE    1    OF    2

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER B07-04-0031 | INSTITUTION PBSP | TODAY'S DATE 4/23/07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**: On 04-21-2007 at approximately 1930 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O C. Speaker and C/O J. Keeling) to his refusal was completed.

**District Attorney**: Per the California Department of Corrections (CDC) Form 115-A, BLOODSAW was advised by the Staff Assistant prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. The Staff Assistant informed him that any statements could be used against him in a court of law. There is no reason to believe that BLOODSAW signed a written postponement request.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Correctional Officer C. Leveque, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Leveque confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape and photographic evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 04-12-2007 as well as the Incident report.

**Finding**: Guilty of the Div. B (1) offense BATTERY ON A PEACE OFFICER. *Battery* means the deliberate use of force or violence on the person of another. Battery includes intentionally striking the person of another as well as the clothing or any object closely associated with that person. If the battery is unintentional, the inmate remains responsible if it is the result of reckless indifference. *Reckless indifference* means that any reasonable person committing the intended action would understand that battery was probable. This offense also requires that the victim of this battery qualify as a peace officer. In general, this means custody, counseling, administrative and MTA staff members. This finding is based upon the following preponderance of evidence:

A. The testimony of Correctional Officer J. Thom, in the disciplinary report of 04-12-2007, wherein Officer Thom testifies that on 04-12-2007, at approximately 1855 hours, He and Officer Holmes were issuing legal mail to BLOODSAW from the floor officer's station. BLOODSAW seemed agitated when he entered the officer's station. Officer Thom and Officer

| SIGNATURE OF WRITER J. DIGGLE | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 4/23/07 |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE    GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 042707 | TIME SIGNED: 1300 |

#/U

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                          PAGE __2__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | B07-04-0031 | PBSP | 4/23/07 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

Holmes attempted to counsel BLOODSAW on his behavior. BLOODSAW was not receptive, and started yelling, "Fuck you, fuck you, you white motherfuckers, you can suck my dick." Officer Thom and Officer Holmes gave BLOODSAW a direct order to return to his cell. Officer Thom escorted BLOODSAW back to A section. BLOODSAW was still yelling and cursing, when approximately two feet from the A section door he turned left into a bladed stance. Officer Thom ordered BLOODSAW to get down. Instead, BLOODSAW took a step toward Officer Thom. Officer Thom grabbed BLOODSAW by the front of his shirt with his right hand and wrapped his left hand around BLOODSAW's upper body, pulling BLOODSAW down. With the help of Officer Holmes, they placed BLOODSAW on the floor in the prone position. BLOODSAW continued to fight, refusing numerous orders to submit to handcuffs. Officer Thom pulled BLOODSAW's right hand behind his back so Officer Holmes could place handcuffs on BLOODSAW. BLOODSAW kicked Officer Thom in the right knee while the officers were trying to restrain him.

B. The 837C Crime / Incident report written by Correctional Officer T. Holmes, where Officer Holmes states that at some point during the incident, he sustained an injury to his right ring finger. The 7219 Medical Report of Injury reflects that Officer Holmes had swelling to his right ring finger.

C. The fact that BLOODSAW kicked Officer Thom in the right knee clearly supports the charge of battery.

**Disposition**: Assessed **150** day credit forfeiture for this Div. B offense. Referred to classification for SHU assessment. BLOODSAW is referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties**: None

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED | |
|---|---|---|---|---|---|
| J. DIGGLE | | Correctional Lieutenant | | 4/23/07 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY (STAFF'S SIGNATURE) | | DATE SIGNED: 042707 | | TIME SIGNED: 1300 |

*76.*

DA# 07040144

Agency:  PBSP

5/31

SPACE BELOW FOR USE OF COURT CLERK ONLY

DISTRICT ATTORNEY
County of Del Norte
450 H Street #171
Crescent City, California
Phone (707) 464-7210

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
DEL NORTE JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiffs,

vs.

THEOPRIC BLOODSAW, P-20045

Defendant.

**COMPLAINT**

Att: Alexander
Court ~~Set~~ Date 6-14-07

The DISTRICT ATTORNEY of the County of Del Norte, State of California, hereby charges the DEFENDANT with having committed, in the County of Del Norte, the crime of:

COUNT 1.
BATTERY ON CORRECTIONAL OFFICER, in violation of Section 4501.5 of the Penal Code, a felony.

On or about April 12, 2007, the Defendant did willfully and unlawfully being a person confined in a state prison of this state, commit a battery upon the person of Correctional Officer J. Thom , an individual who is not himself a person confined therein. (Kicked in Knee)

COUNT 2.
RESISTING EXECUTIVE OFFICER, in violation of Section 69 of the Penal Code, a FELONY.

On or about April 12, 2007, the Defendant did willfully, unlawfully and knowingly resist executive officers, to-wit: Correctional Officers J. Thom and T. Holmes, in the performance of their duty by the use of force and violence .

*orig.*                                                          *orig.*

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY**, in violation of section 667.5(b) of the Penal Code.

It is further alleged that Defendant was, on the 17th day of September, 1997, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Possession of a Controlled Substance, a felony, in violation of section 11350(a) of the Health and Safety Code, case number YA034031, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY**, in violation of section 667.5(b) of the Penal Code.

It is further alleged that Defendant was, on the 4th day of April, 2003, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Assault on a Peace Officer, a felony, in violation of section 245(c) of the Penal Code, case number YA053506, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION, within the meaning of Penal Code sections 1170.12 and 667(b) through 667(i) inclusive.**

It is further alleged that said defendant was convicted on the 4th day of April, 2003, of Criminal Threats, in violation of section 422 of the Penal Code, in Los Angeles County, State of California, within the meaning of Penal Code sections 1170.12 and 667(b) to 667(i) inclusive.

I so swear, under penalty of perjury, on May 25, 2007, at Crescent City, California, that the foregoing is true and correct on information and belief.

Katherine Micks, **DEPUTY DISTRICT ATTORNEY**

FILED
MAY 3 0 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

1  MICHAEL D. RIESE
   DISTRICT ATTORNEY
2  Courthouse · 450 H Street
   Crescent City, CA 95531
3  Telephone: (707) 464-7210

4
                    SUPERIOR COURT, OF CALIFORNIA
5
                      COUNTY OF DEL NORTE
6

7  PEOPLE OF THE STATE OF CALIFORNIA,          CASE NUMBER:
              Plaintiff,                         CRPBOT-5089
8                                              ORDER FOR TRANSPORT
        vs.                                    VIDEO
9
   THEOPRIC BLOODSAW, P-20045                  COURT DATE: May 31, 2007
10          Defendant.                         TIME: 8:00 a.m.

11  TO THE WARDEN OF PELICAN BAY STATE PRISON:

12      IT IS HEREBY ORDERED that Theopric Bloodsaw, P-20045, be produced in the Superior
13  court for prosecution or examination for an offense triable in the Superior court, and that Pelican Bay
    State Prison is to transport said person to the Video Arraignment Room located at Pelican Bay State
14  Prison, on May 31, 2007 at 8:00 a.m., for arraignment or other proceedings.

15  IT IS FURTHER ORDERED that said inmate continue to be transported for appearances at the Del
    Norte County courthouse, Crescent City, Calif. until the conclusion of his case.

16  DATED:    MAY 3 0 2007

17                                             JUDGE OF THE SUPERIOR COURT
                                               WILLIAM H FOLLETT
18

19

20

15

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
# PART A1 – COVER SHEET
CDCR 837 – A (Rev. 07/05)

| PAGE 1 OF 5 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |

| INSTITUTION PBSP | FACILITY B | FACILITY LEVEL ☐ I  ☐ II  ☐ III  ☒ IV | INCIDENT SITE B-8 | LOCATION Rotunda | ☐ ASU ☐ SNY ☒ GP | ☐ SHU ☐ PHU ☐ RC | ☐ PSU ☐ CTC | SEG YARD ☐ ASU ☐ WA ☐ RM | USE OF FORCE ☒ YES  ☐ NO |

SPECIFIC CRIME / INCIDENT
**BATTERY ON A PEACE OFFICER**

☒ CCR  ☐ PC  ☐ N/A   NUMBER/SUBSECTION: **3005 (c)**

| D.A REFERRAL ELIGIBLE ☒ YES ☐ NO | CRISIS RESPONSE TEAM ACTIVATED ☐ YES ☒ NO | MUTUAL AID REQUESTED ☐ YES ☒ NO | PIO/AA NOTIFIED ☒ YES ☐ NO |

## RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL ☐ NATURAL | ☐ ON INMATE | ☒ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION ☐ UNKNOWN | ☒ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☐ N/A | ☐ SLASHING | ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | | | |
|---|---|---|---|---|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE  TYPE: | | WEAPON: | WARNING# | EFFECT# | TYPE: | NO: |
| ☐ STAFF | ☐ CLUB / BLUDGEON | ☐ COMMERCIAL WEAPON | ☐ MINI 14 | | | BATON ROUND | |
| ☐ VISITOR | ☐ EXPLOSIVE | | ☐ 38 CAL. | | | WOOD | |
| ☐ OTHER | ☐ FIREARM | ☐ INMATE MANUFACTURED | ☐ 9MM | | | RUBBER | |
| | ☒ HANDS / FEET | WEAPON | ☐ SHOTGUN | | | FOAM | |
| | ☐ KNIFE | | LAUNCHER: | | | STINGER: | |
| ☒ N/A | ☐ SAP/SLUNG SHOT | | ☐ 37MM | | | .32 (A) | |
| | ☐ PROJECTILE | | ☐ L8 | | | .60 (B) | |
| ESCAPES | ☐ SPEAR | | ☐ 40 MM | | | EXACTIMPACT | |
| | ☐ SLASHING INSTRUMENT: (TYPE) | | ☐ 40 MM MULTI | | | CTS 4557 | |
| ☐ W/ FORCE | ☐ STABBING INSTRUMENT: (TYPE) | | ☐ HFWRS | | | XM 1006 | |
| ☐ W/O FORCE | ☐ OTHER: | | FORCE: | | | CHEMICAL: | |
| ☐ ATTEMPTED | ☐ BODILY FLUID  ☐ OTHER FLUID | | ☐ EXPANDABLE BATON | | | ☐ OC | |
| | ☐ UNKNOWN LIQUID | | ☒ PHYSICAL FORCE | | | ☐ CN | |
| ☒ N/A | ☐ N/A | | ☐ X10 | | | ☐ CS | |
| | | | ☐ OTHER: | | | ☒ N/A | |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ WITHOUT PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| | PRELIMINARY   LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE | | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITUATES | | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE | | PROGRAMS | ☐ HOSTAGE | |
| ☐ CODEINE | | | ☐ INMATE STRIKE | EXTRACTION: |
| ☐ HEROIN | | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC | | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE | | | ☐ NATURAL DISATER | |
| ☐ MORPHINE | | | ☐ PUBLIC DEMONTRATION | |
| ☐ OTHER: | | | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☒ N/A | | ☒ N/A | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Thursday, April 12, 2007 at approximately 1855 hours, Inmate BLOODSAW, P-20045, B8-101L, battered staff by attempting to break escort and resisting staff, necessitating the use of physical force to gain compliance. While staff was attempting to restrain BLOODSAW, BLOODSAW kicked Officer J. Thom in the right knee.

**SUSPECTS:** BLOODSAW, P-20045, B8-101L

**VICTIMS:** Officer J. Thom, Officer T. Holmes

| COMPLETE SYNOPSIS / SUMMARY ON PART A1 | | Reviewed By:  Facility Captain M. Foss | |
|---|---|---|---|
| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT A. HOREL | | TITLE Warden | DATE |

*16*

| STATE OF CALIFORNIA **PART A1 – SUPPLEMENT** CDCR 837 – A1 (07/05) | | PAGE | 2 | OF | 5 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |

| INSTITUTION Pelican Bay State Prison | FACILITY B | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |

| TYPE OF INFORMATION ☒ SYNOPSIS/SUMMARY OF INCIDENT | ☐ SUPPLEMENTAL INFORMATION | ☐ AMENDED INFORMATION | ☐ CLOSURE REPORT |

NARRATIVE:

BLOODSAW was in the B8 Officer's station getting his legal mail when he became verbally abusive to staff. B8 Floor staff ordered BLOODSAW to return to his cell. As BLOODSAW was being escorted back to his cell, he turned and assumed a bladed stance. Officer Thom ordered BLOODSAW to get down, BLOODSAW refused and lunged towards Officer Thom. Officer Thom and Officer Holmes utilized physical force to get BLOODSAW into the prone position on the ground. During this time, BLOODSAW kicked Officer THOM in the right knee.

**ESCORTS:** Officers C. Chapman and T. Wadsworth escorted BLOODSAW from B8 to the B Facility Hobby Shop Holding Cell #1.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate BLOODSAW was not a participant in the Mental Health Delivery System at the time of this incident.

**MEDICAL REPORTS/INJURIES TO STAFF:** MTA J. Keys medically evaluated Officer J. Thom and prepared a CDC 7219 noting the following: pain in the right knee, an abrasion/scratch to the left wrist and right thumb. MTA Keys medically evaluated Officer T. Holmes and noted the following: a swollen right ring finger.

**MEDICAL REPORTS/INJURIES TO INMATES:** MTA Keys medically evaluated BLOODSAW and prepared a CDC 7219 noting the following: Dried blood on the left nostril and lower lip, pain in the neck and left knee.

**CRIME SCENE/EVIDENCE:** A crime scene was not established and no evidence was collected from this incident.

**USE OF FORCE:** Officers J. Thom, T. Holmes and L. Northrup utilized physical force to gain control of BLOODSAW.

**STATUS OF VIDEOTAPED INTERVIEW:** BLOODSAW was offered a video interview due to the injury to his lip. A video interview will be conducted on April 13, 2007.

**CONCLUSION:** Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 (c), specifically BATTERY ON A PEACE OFFICER. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

**NOTIFICATIONS:** The Administrative Officer of the Day, Associate Warden M. Cook was notified of this incident through the Watch Commander's Office. The Warden and all appropriate administrative staff were notified of this incident through the Watch Commander's Office. CCPOA Chapter President R. Newton was notified of this incident through the Watch Commander's Office. You will be notified of any changes, should they occur, through supplemental reports.

**OVERTIME:** There was no overtime incurred as a result of this incident.

| ☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1 | | Reviewed By: Facility Captain M. Foss | |
| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT A. HOREL | | TITLE Warden | DATE |

*17.*

Incident number:    PBP-B08-07-04-0144

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the CDC 837-B as part of the evidence for their disciplinary hearing.

Per the memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his prehearing documents. A list of the participants may be substituted. This is the list of participants authorized by that memorandum.

| BLOODSAW | P-20045 | TUPY, R. | Correctional Lieutenant |
| | | PEPIOT, A. | Correctional Sergeant |
| | | CHAPMAN, C. | Correctional Officer |
| | | HOLMES, T. | Correctional Officer |
| | | NORTHRUP, L. | Corrrectional Officer |
| | | SILVA, J. | Correctional Officer |
| | | THOM, J. | Correctional Officer |
| | | WADSWORTH, T. | Correctional Officer |
| | | KEYS, J. | MTA |

18.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Pepiot | A. | L. | 4-12-07 | 1855 Hours |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 370376 | Facility B Program Sergeant | 5 Years 06 Months | 4-12-07 | B 8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| F/S | 1400-2200 | Battery on Peace Officer | 3005 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|---|---|
| ☐ PRIMARY | (s) C/O J. Thom | (s) MTA J. Keys | | (s) BLOODSAW P-20045 B8-101L |
| ☒ RESPONDER | (s) C/O T. Holmes | | | |
| ☐ WITNESS | (s) C/O L. Northrup | | | |
| ☐ VICTIM | (s) C/O C. Chapman | | | |
| ☐ CAMERA | (s) C/O T. Wadsworth | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|
| ☐ WEAPON | | | | | |
| ☐ PHYSICAL | | NO: | NO: TYPE: | | TYPE: |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC | |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | | ☐ CN | |
| **FORCE OBSERVED** | ☐ 38 CAL | ☐ L8 | | ☐ CS | |
| **BY YOU** | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: | |
| ☐ WEAPON | | ☐ HFWRS | | | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | |
| ☒ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | | BIO HAZARD | PPE |
|---|---|---|---|---|---|
| ☐ YES | | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY    ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN  ☐ OTHER | ☒ NO |

NARRATIVE:

On Thursday, April 12, 2007, while assigned as the "B" Facility program Sergeant, I responded to an alarm in building B-8, at approximately 1855 hours. I arrived to find an inmate and three officers on the floor in the rotunda. The inmate later identified as BLOODSAW P-20045, housed in B-8 cell 101L was in a prone position being held down by Correctional officers J. Thom, T. Holmes and L. Northrup. C/O Thom was on BLOODSAW'S right side, C/O Holmes was on BLOODSAW'S left side and C/O Northrup was holding BLOODSAW'S legs. C/O C. Chapman placed leg irons on BLOODSAW'S legs. Thom and Holmes helped BLOODSAW to his feet where C/O's Chapman and Wadsworth then took over the escort. BLOODSAW was then escorted to the B yard hobby shop and placed in holding cell number (1) one. Medical Technical Assistant J. Keys then performed a 7219 medical report on BLOODSAW. BLOODSAW was then taken to the (CTC) Correctional Treatment Center for further evaluation and released back to the yard to be re-housed. BLOODSAW was re-housed into B-7 cell 127L and CTQ'D Confined to Quarters pending placement into Administrative Segregation.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| A. Pepiot | Sergeant. | 64308 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|---|---|---|---|---|

19.

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
# PART C – STAFF REPORT
CDCR 837-C  (Rev. 07/05)

| | | |
|---|---|---|
| PAGE | 1 OF 2 | INCIDENT LOG NUMBER **PBP-B08-07-04-0144** |

| NAME: LAST **HOLMES** | FIRST **T.** | MI **R.** | INCIDENT DATE **04/12/07** | INCIDENT TIME **1855** |
|---|---|---|---|---|

| POST # **371628** | POSITION **B8 FLOOR OFFICER** | YEARS OF SERVICE **4** Years **5** Months | DATE OF REPORT **04/12/07** | LOCATION OF INCIDENT **B8 ROTUNDA** |
|---|---|---|---|---|

| RDO's **S/S** | DUTY HOURS **1400-2200** | DESCRIPTION OF CRIME / INCIDENT **BATTERY ON A PEACE OFFICER** | CCR SECTION / RULE **3005 (c)** | ☐ N/A |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | (S) C/O J. THOM | (S)C/O T. WADSWORTH | (S) BLOODSAW | (P20045, B8-101L) |
| ☒ RESPONDER | | | | |
| ☐ WITNESS | (S) C/O E. NORTHRUP | (S) C/O J. SILVA | | |
| ☐ VICTIM | (S) C/O C. CHAPMAN | | | |
| ☐ CAMERA | (S) SGT. A. PEPIOT | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|
| ☐ WEAPON | | | | TYPE: |
| ☒ PHYSICAL | NO: | NO: TYPE: | | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | ☐ OC | |
| ☐ NONE | ☐ 9 MM | ☐ 40 MM | ☐ CN | |
| FORCE OBSERVED | ☐ 38 CAL | ☐ L8 | ☐ CS | |
| BY YOU | ☐ SHOTGUN | ☐ 40 MULTI | ☐ OTHER: | |
| ☐ WEAPON | | ☐ HFWRS | | |
| ☒ PHYSICAL | ☒ N/A | ☐ BATON | ☒ N/A | |
| ☐ CHEMICAL | | | | |
| ☐ NONE | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES | SPRAINED RIGHT RING FINGER | B-FACILITY MEDICAL CLINIC | ☐ BODILY ☒ N/A | ☒ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☐ UNKNOWN ☐ OTHER _____ | ☐ NO |

NARRATIVE:

ON THURSDAY, 4/12/07 AT APPROXIMATELY 1855 HOURS, WHILE CONDUCTING LEGAL MAIL ISSUE IN THE B8 FLOOR OFFICERS STATION, I ASKED CONTROL BOOTH OFFICER J. SILVA TO HAVE INMATE (I/M) BLOODSAW (P20045, B8-101L) REPORT TO THE OFFICE TO RECEIVE HIS LEGAL MAIL. I/M BLOODSAW REPORTED TO THE OFFICE AND APPEARED TO BE AGGITATED. I TOLD BLOODSAW TO SIGN FOR HIS LEGAL MAIL. BLOODSAW SAID "FUCK YOU WHITE MOTHERFUCKER. SUCK MY DICK". I/M BLOODSAW THEN SIGNED FOR HIS LEGAL MAIL. SENSING BLOODSAW'S AGGITATION, I ORDERED BLOODSAW TO RETURN TO HIS CELL. BLOODSAW BECAME VERBALLY ABUSIVE AND CONTINUED HIS VERBAL ASSAULT. CORRECTIONAL OFFICER (C/O) J. THOM SAID "YOU NEED TO TAKE IT BACK TO YOUR HOUSE" AND STOOD UP FROM HIS CHAIR INSIDE THE OFFICE. C/O J. THOM THEN BEGAN TO ESCORT BLOODSAW TOWARDS THE "A" SECTION DOOR. I THEN HEARD C/O J. YELL "GET DOWN" FROM WHAT SOUNDED LIKE THE ROTUNDA AREA NEAR THE "A" SECTION DOOR. I IMMEDIATELY RESPONDED TO THE ROTUNDA NEAR THE "A" SECTION DOOR AND SAW I/M BLOODSAW STANDING IN A BLADED STANCE FACING C/O J. THOM. I SAW C/O J. THOM ATTEMPT TO GRASP BLOODSAW AROUND HIS UPPER TORSO AREA. I GRASPED BLOODSAW WITH MY LEFT HAND AROUND BLOODSAW'S LEFT

✱ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE **C/O** | BADGE # **66538** | | DATE **4/12/07** |
|---|---|---|---|---|
| *J. Holmes* | | | | |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) A. Pepiot  SGT  *Pepiot* | DATE RECEIVED **4-12-07** | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

20

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1 – SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| | PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|---|---|---|---|---|---|

| NAME: LAST | FIRST | | Mi |
|---|---|---|---|

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☐ CLARIFICATION REQUEST

NARRATIVE

UPPER ARM AND PLACED MY RIGHT HAND (PALM OPEN) ONTO BLOODSAW'S UPPER BACK AREA. I SAW THAT C/O J. THOM HAD POSITIONED HIMSELF NEAR MYSELF AND I/M BLOODSAW. C/O J. THOM APPEARED TO HAVE AHOLD OF BLOODSAWS UPPER BACK AREA. USING A DOWNWARD PULLING MOTION WITH MY LEFT ARM AND STRENGTH, I PULLED BLOODSAW DOWN TO THE ROTUNDA FLOOR WITH THE HELP OF C/O J. THOM'S PULLING MOTION. AS WE BROUGHT BLOODSAW TO THE FLOOR, BLOODSAW WAS IN THE PRONE POSITION. I COULD FEEL BOTH OF BLOODSAW'S LEGS KICKING REPEATEDLY IN VERY FORCEFUL FORWARD AND BACKWARD MOTIONS AS HE WAS LAYING ON THE GROUND. I ORDERED BLOODSAW TO STOP KICKING. BLOODSAW DID NOT COMPLY WITH MY ORDERS AND CONTINUED TO KICK. I THEN RETRIEVED MY HANDCUFF RESTRAINTS AND ORDERED BLOODSAW TO "CUFF UP". BLOODSAW'S HANDS WERE POSITIONED NEAR HIS FACE AREA. BLOODSAW DID NOT COMPLY WITH MY ORDER TO CUFF UP AND USED HIS OWN STRENGTH TO MAINTAIN HIS HAND POSITIONING. I USED MY LEFT HAND TO GRAB AHOLD OF BLOODSAW'S LEFT WRIST AND USED A REAR PULLING MOTION TO GUIDE BLOODSAW'S LEFT ARM BEHIND HIS BACK. I APPLIED ONE HANDCUFF RESTRAINT TO BLOODSAW'S LEFT WRIST AND MAINTAINED CONTROL OF HIS LEFT LOWER ARM AREA WITH MY LEFT HAND. BLOODSAW WAS TRYING TO PULL HIS LEFT ARM BACK UP TOWARDS HIS FACE AREA IN A CLEAR ATTEMPT OF NON-COMPLIANCE, ALL THE WHILE STILL ATTEMPTING TO KICK. I LOOKED BACK AND SAW THAT C/O L. NORTHRUP HAD RESPONDED TO THE INCIDENT AND WAS NOW USING HIS BODY-WEIGHT TO MAINTAIN CONTROL OF BLOODSAW'S LOWER LEGS. I THEN SAW THAT C/O J. THOM HAD PULLED BLOODSAW'S RIGHT ARM BEHIND HIS BACK AND I WAS ABLE TO APPLY THE RIGHT HANDCUFF RESTRAINT ONTO BLOODSAW'S RIGHT WRIST AREA. I THEN SAW RESPONDING STAFF ARRIVING INTO THE B8 ROTUNDA AREA. I HEARD SERGEANT A. PEPIOT SAY TO TAKE BLOODSAW TO THE HOBBY SHOP. C/O J. THOM AND I STOOD BLOODSAW TO HIS FEET. C/O T. WADSWORTH AND C/O C. CHAPMAN THEN RELIEVED C/O J. THOM AND I ON THE ESCORT AND ESCORTED BLOODSAW OUT OF THE B8 ROTUNDA TOWARD THE B-YARD HOBBY SHOP.    AFTER THE INCIDENT WAS COMPLETED, I REPORTED TO THE B-FACILITY MEDICAL CLINIC TO BE EVALUATED FOR AN APPARENT SPRAIN TO MY RIGHT RING FINGER, SUSTAINED AT AN UNKNOWN TIME DURING THE INCIDENT. THIS ENDS MY INVOLVEMENT IN THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 66538 | | DATE 4/12/07 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) A. Pepiot SGT | DATE RECEIVED 4-12-07 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE _1_ OF _2_

INCIDENT LOG NUMBER: PBP·08-07-04-0144

| NAME: LAST Northrup | FIRST L | MI W | INCIDENT DATE 4-12-07 | INCIDENT TIME 1855 |
|---|---|---|---|---|

| POST # 37/620 | POSITION B-7 floor | YEARS OF SERVICE 4 Years 10 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B-8 |
|---|---|---|---|---|

| RDO's 5/S | DUTY HOURS 14-2200 | DESCRIPTION OF CRIME / INCIDENT Battery on Peace Officer | CCR SECTION / RULE 3005 (C) | ☐ |
|---|---|---|---|---|

**YOUR ROLE**
☐ PRIMARY
☒ RESPONDER
☐ WITNESS
☐ VICTIM
☐ CAMERA

WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)
Sgt. A. Pepiot (S)
C/o T. Holmes (S)
C/o J. Thorn (S)
C/o C. Chapman(S)
C/o T. Wadsworth(S)

INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)

**FORCE USED BY YOU**
☐ WEAPON
☒ PHYSICAL
☐ CHEMICAL
☐ NONE

**FORCE OBSERVED BY YOU**
☐ WEAPON
☒ PHYSICAL
☐ CHEMICAL
☐ NONE

**WEAPONS AND SHOTS FIRED BY YOU**

| | NO: | | NO: | TYPE: |
|---|---|---|---|---|
| ☐ MINI-14 | | ☐ 37 MM | | |
| ☐ 9 MM | | ☐ 40 MM | | |
| ☐ 38 CAL | | ☐ LB | | |
| ☐ SHOTGUN | | ☐ 40 MULTI | | |
| | | ☐ HFWRS | | |
| ☒ N/A | | ☐ BATON | | |

**CHEMICAL AGENTS USED BY YOU**

TYPE:
☐ OC
☐ CN
☐ CS
☐ OTHER:
☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☒ YES ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A  ☐ UNKNOWN  ☐ OTHER: | ☐ YES ☒ NO |

**NARRATIVE:** On 4-12-07 at approximately 1855 hours, I was working as B-7 floor officer. I was in B-8 talking with Correction Officer C/o T. Holmes while he was conducting legal mail pass when inmate (Ym) Bloodsaw, P-20045 came down to the office for his legal mail. C/o Holmes and C/o J. Thorn also were counseling him on his behavior earlier in the day. As the conversation progressed, Bloodsaw became increasingly louder and beligerant while arguing. He began to yell obscenities at C/o thorn stating "Suck my dick" and "fuck you". At this point C/o Holmes gave Bloodsaw a direct order to "take it back" As Bloodsaw turned to go back to "A" section he continued

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/o | BADGE # 65647 | DATE 4-12-07 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 4-12-07 | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|---|---|---|---|---|

22.

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBP-08-07-04-0144

NAME: LAST _Northrup_    FIRST _L_    MI _W_

TYPE OF INFORMATION:
[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE: to yell obsenities so C/o Thom followed him out
the door toward "A" section to ensure he went strait
back to his cell. I began talking to C/o Holmes, still
inside the office when I heard C/o Thom yell "get down".
I immediately ran out of the office behind C/o Holmes
and observed C/o Thom and I/m Bloodsaw clenched together
struggling. C/o Holmes was in front of me and grabbed
Bloodsaw's upper body area and assisted in taking Bloodsaw to
the ground. While on the ground Bloodsaw continued resisting
by kicking his feet up and down and back and forth. C/o
Thom and C/o Holmes were struggling with Bloodsaw's upper
body so I grabbed his feet in an attempt to subdue
them. Bloodsaw continued to attempt to kick me so
I placed my full upper body weight on his legs. I
heard C/o Holmes order Bloodsaw to "Cuff up" "give me
your arm" and continued to struggle before placing
him in handcuffs. As responding staff arrived I
began yelling for someone to get me some leg irons.
C/o C. Chapman then stepped forward and placed Bloodsaw
in leg irons. I then heard Sergeant A. Pepiot say "get
him up, take him to the hobby shop." C/o Holmes was on
his left side with C/o Thom on his right side. They
assisted Bloodsaw to his feet when C/o Chapman and
C/o T. Wadsworth took over the escort. They escorted
Bloodsaw out of B.B. This concludes my involvement
in this incident.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF _A.W. 7HC_    TITLE _C/o_    BADGE # _65647_    DATE _4-12-07_

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)    DATE RECEIVED    APPROVED    CLARIFICATION NEEDED    DATE

23.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: P13-B08-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Thom | James | C | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 271630 | B8 Activities | 15 Years | 1 Months | 4-12-07 | B8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| 5/5/H | 0600/1400 | Battery on a Peace officer | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (S) T/O T. Holmes | (S) I/m Bloodsaw F20045 |
| ☐ RESPONDER | (S) C/O C. Chapman | |
| ☐ WITNESS | (S) C/O T. Wadsworth | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|
| | | **NO:** | | **NO:** | **TYPE:** | **TYPE:** |
| ☐ WEAPON | | | | | | |
| ☒ PHYSICAL | ☐ MINI-14 | | ☐ 37 MM | | | ☐ OC |
| ☐ CHEMICAL | ☐ 9 MM | | ☐ 40 MM | | | ☐ CN |
| ☐ NONE | ☐ 38 CAL | | ☐ L8 | | | ☐ CS |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN | | ☐ 40 MULTI | | | ☐ OTHER: |
| ☐ WEAPON | | | ☐ HFWRS | | | |
| ☒ PHYSICAL | | | ☐ BATON | | | ☒ N/A |
| ☐ CHEMICAL | ☒ N/A | | | | | |
| ☐ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES | Cut on right Hand and left wrist, Pain in right Knee | ☐ N/A | ☐ BODILY  ☒ N/A  ☐ UNKNOWN  ☐ OTHER: | ☒ YES |
| ☐ NO | ☐ N/A | | | ☐ NO |

NARRATIVE: On 4-12-07 at Approximately 1855 hours Correctional officer T. Holmes and I were attemping to issue inmate Bloodsaw his legal mail in the B8 officer station. I/m Bloodsaw seemed agitated when he entered the office. C/o Holmes and I both tried to counsel Bloodsaw on his earlier behavior. Bloodsaw was not receptive to the counseling and started yelling Fuck you, Fuck you you white motherfuckers, you can suck my dick. C/o Holmes gave Bloodsaw a direct order to take it back to his cell. Bloodsaw left the office still yelling and cussing. I was escorting Bloodsaw back to A section, when approximately 2 feet before the section door Bloodsaw turned left into a bladed stance. I ordered

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. C. Thom | C/O | 45669 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| SGT | 4-12-07 | ☐ YES ☐ NO | ☐ YES ☐ NO | |

24.

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
PBP-DO8-C7-O4-014

NAME: LAST
Thom

FIRST
James

Mi
C

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT     ☐ CLARIFICATION OF REPORT     ☐ ADDITIONAL INFORMATION

NARRATIVE: Bloodsaw to get down, instead Bloodsaw took
a step towards me. I grabbed Bloodsaw by the front
of his shirt with my right hand and wrapped my left
arm around his upper body pulling ~~down~~ Bloodsaw down
with the help of C/o Holmes we placed Bloodsaw on the
floor in a prone position. Bloodsaw continued to fight
refusing numerous orders to cuff up. I pulled
Bloodsaw's right arm behind his back so C/o Holmes could
place Bloodsaw in Handcuffs. It should be noted that
befor the leg irons were placed on Bloodsaw's legs he
kicked me in the right Knee. C/o's C. Chapman and
T. Wadsworth escorted Bloodsaw to the Hobby shop.
I was seen by medical staff for injuries to my hands
and right Knee a 7219 Form was completed. This ends
my involvement in this incident

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF
J. C. Thom

TITLE
C/o

BADGE #
45669

DATE
4.12.07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE

23

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: PBP-B0207-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| SILVA | J. | B. | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371580 | B9 CONTROL | 4 Years / Months | 4-12-07 | B9 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| F/S | 14-2200 | BATTERY ON PEACE OFFICER | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM    (S) C. CHAPMAN | (S) BLOODSAW P-20045 |
| ☐ RESPONDER | (S) T. HOLMES | |
| ☒ WITNESS | (S) L. NORTHRUP | |
| ☐ VICTIM | (S) T. WADSWORTH | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
|---|---|---|
| ☐ WEAPON | NO: | TYPE: |
| ☐ PHYSICAL | NO: | |
| ☐ CHEMICAL | ☐ MINI-14 ___    ☐ 37 MM ___ | ☐ OC |
| ☒ NONE | ☐ 9 MM ___    ☐ 40 MM ___ | ☐ CN |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL ___    ☐ L8 ___ | ☐ CS |
| ☐ WEAPON | ☐ SHOTGUN ___    ☐ 40 MULTI ___ | ☐ OTHER: |
| ☐ PHYSICAL | ☐ HFWRS ___ | ☒ N/A |
| ☐ CHEMICAL | ☒ N/A    ☐ BATON | |
| ☒ NONE | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☐ N/A | ☐ N/A | ☐ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY    ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

**NARRATIVE:**

ON 4-12-07, I WAS ASSIGNED AS B9 CONTROL BOOTH OFFICER. AT APPROXIMATELY 1855 HOURS, I OPENED CELL 101 WHO IS OCCUPIED BY INMATE BLOODSAW P-20045 TO COME TO THE OFFICERS' STATION TO PICK UP HIS LEGAL MAIL. BLOODSAW WAS USING PROFANATY (FUCK YOU, SUCK MY DICK) WHILE TALKING WITH OFFICERS; J. THOM, T. HOLMES AND NORTHRUP. AS BLOODSAW LEFT THE OFFICERS' STATION, OFFICER THOM WAS COUNSELING BLOODSAW ABOUT BEING DESRESPECTFUL AND YELLING. AS I WAS BY A SECTION CONTROL PANEL OPENING BLOODSAW'S CELL DOOR, I HEARD OFFICER THOM SAYING "GET DOWN!" THEN, I LOOKED DOWN INTO THE ROTUNDA AND I SAW OFFICER THOM WITH OFFICERS HOLMES AND NORTHRUP

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| ~signature~ | C/O | 67266 | 4-12-07 |

| TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| ~signature~ SGT ~~ | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

26 · ·

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE 2 OF 2

INCIDENT LOG NUMBER
PBP-B C8-07-04-0144

NAME: LAST  SILVA

FIRST  J.

MI  B

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT     ☐ CLARIFICATION OF REPORT     ☐ ADDITIONAL INFORMATION

NARRATIVE:

ON THE GROUND TRYING TO CONTROL BLOODSAW. I
IMMEDIATELY ACTIVATED MY PERSONAL ALARM AND WENT TO
THE YARD DOOR PANEL AND OPEN THE YARD DOOR FOR
RESPONDING STAFF TO ASSIST IN RESTRAINING BLOODSAW.
OFFICER CHAPMAN ASKED ME FOR LEG RESTRAINS WHICH, HE
APPLIED TO BLOODSAW'S ANKLES. AFTER BLOODSAW WAS IN
RESTRAINS, HE WAS ESCORTED TO THE HOBBY SHOP ON B YARD
BY OFFICERS; CHAPMAN AND WADSWORTH. THIS CONCLUDED
MY INVOLVEMENT WITH THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | C/O | 67266 | 4-12-07 |

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE

*27.*

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE ___1___ OF ___1___

| INCIDENT LOG NUMBER |
| PBP-B08-07-04-01C |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| CHAPMAN | C. | J | 04·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371568 | B-5 Control | 4 Years 2 Months | 04·12·07 | BRAVO - 8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | |
|---|---|---|---|---|
| S/S | 14-22 | BATTERY ON PEACE OFFICER | 3005 (C) | ☐ |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM C/o | (S) BLOODSAW    P-20045 |
| ☒ RESPONDER | T. HOLMES C/o | |
| ☐ WITNESS | L. NORTHRUP C/o | |
| ☐ VICTIM | T. WADSWORTH C/o | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | | NO: | NO: | TYPE: | | TYPE: |
| ☐ PHYSICAL | | | | | | |
| ☐ CHEMICAL | ☐ MINI-14 ___ | ☐ 37 MM ___ | | | ☐ OC ___ | |
| ☒ NONE | ☐ 9 MM ___ | ☐ 40 MM ___ | | | ☐ CN ___ | |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL ___ | ☐ L8 ___ | | | ☐ CS ___ | |
| ☐ WEAPON | ☐ SHOTGUN ___ | ☐ 40 MULTI ___ | | | ☐ OTHER: ___ | |
| ☐ PHYSICAL | | ☐ HFWRS | | | | |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON | | | ☒ N/A | |
| ☒ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

**NARRATIVE:** ON 04·12·07 AT APPROXIMATLY 1855 HOURS, I RESPONDED TO AN ALARM IN B-8. UPON ENTERING THE ROTUNDA I SAW AN INMATE LATER IDENTIFIED AS BLOODSAW P-20045 B8·101L ON THE GROUND IN RESTRAINTS. OFFICER J. THOM WAS HOLDING DOWN BLOODSAW'S UPPER BODY ON THE RIGHT SIDE OF BLOODSAW. C/o T. HOLMES WAS HOLDING DOWN BLOODSAW'S UPPER LEFT SIDE. C/o L. NORTHRUP WAS HOLDING DOWN BLOODSAWS LEGS. I PLACED LEG IRONS ON BLOODSAW AND C/o T. WADSWORTH AND I ESCORTED BLOODSAW TO B-HOBBY SHOP AND PLACED HIM HOLDING CELL NUMBER ONE. THIS CONCLUDES MY REPORT.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/o | BADGE # 67045 | DATE 04·12·07 |
|---|---|---|---|
| C. Chapman | C/o | | |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. ___ Sgt / ___ | 4-17-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

28

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _1_ OF _2_

| INCIDENT LOG NUMBER |
|---|
| PBP-B08-07-04-0144 |

| NAME: LAST WADSWORTH | FIRST T | MI P | INCIDENT DATE 4-12-07 | INCIDENT TIME 1855 |
|---|---|---|---|---|

| POST # 37/621 ~~271579~~ | POSITION B7 Floor #2 | YEARS OF SERVICE 12 Years 10 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B8 Rotunda |
|---|---|---|---|---|

| RDO's S/S | DUTY HOURS 1400-2200 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON A PEACE OFFICER | CCR SECTION / RULE 3005 (c) | ☐ |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. THOM C/O | (S) BLOODSAW  P-20045 |
| ☒ RESPONDER | (S) T. HOLMES C/O | B8-101 L |
| ☐ WITNESS | (S) L. NORTHRUP C/O | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | | NO: | | NO: | TYPE: | TYPE: |
| ☐ PHYSICAL | | | | | | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | | | ☐ OC | |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | | | ☐ CN | |
| **FORCE OBSERVED BY YOU** | ☐ 38 CAL | ☐ L8 | | | ☐ CS | |
| ☐ WEAPON | ☐ SHOTGUN | ☐ 40 MULTI | | | ☐ OTHER: | |
| ☐ PHYSICAL | | ☐ HFWRS | | | ☒ N/A | |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON | | | | |
| ☒ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | | BIO HAZARD | PPE |
|---|---|---|---|---|---|
| ☐ YES | | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY | ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | | ☒ NO |
| | | | ☐ OTHER: | | |

NARRATIVE: ON THURSDAY, APRIL 12th 2007 AT APPROXIMATELY 1855 HOURS WHILE WORKING AS B7 FLOOR OFFICER #2, I RESPONDED TO A PERSONEL ALARM IN UNIT B8. AS I ENTERED THE ROTUNDA AREA OF B8, I OBSERVED THREE OFFICERS AND ONE INMATE ON THE FLOOR NEXT TO HOLDING CELL NUMBER TWO. OFFICER J. THOM WAS HOLDING THE UPPER ~~LEFT~~ RIGHT(?) SIDE OF INMATE BLOODSAW P-20045 AGAINST THE FLOOR. OFFICER T. HOLMES WAS HOLDING THE UPPER ~~RIGHT~~ LEFT(?) SIDE OF BLOODSAW AGAINST THE FLOORE. OFFICER L. NORTHRUP WAS HOLDING BLOODSAWS LEGS DOWN. I NOTICED THAT BLOODSAW HAD ALREADY BEEN PLACED IN HANDCUFFS, WHEN OFFICER C. CHAPMAN PLACED LEG RESTRAINTS ON BLOODSAW. OFFICER C. CHAPMAN AND MYSELF ESCORTED BLOODSAW OUT OF THE UNIT AND PLACED HIM

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF T. W_____ | TITLE C/O | BADGE # 49538 | DATE 4-12-07 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) A. PPD. of SGT / FBDwot | DATE RECEIVED 4/12/07 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|---|---|---|---|---|

24.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR B37-C1 (Rev. 07/05)

PAGE  2  OF  2

INCIDENT LOG NUMBER

PBP- B08-07-04-0144

NAME: LAST

WADSWORTH,

FIRST

T

MI

P

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT          ☐ CLARIFICATION OF REPORT          ☐ ADDITIONAL INFORMATION

NARRATIVE:   INTO "B" FACILITIES HOBBIE SHOP AND INTO HOLDING
CELL NUMBER ONE

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | | DATE |
|---|---|---|---|---|
| T. W——— | C/O | 49538 | | 4-12-07 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |

30.

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

**MEDICAL REPORT OF INJURY**
**OR UNUSUAL OCCURRENCE**

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | INJURY | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| PBSP | B8 | (USE OF FORCE) | UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 4-12-07 |

| THIS SECTION FOR INMATE ONLY | NAME | LAST Bloodsaw | FIRST Theodric | CDC NUMBER P20045 | HOUSING LOC. B8-101 | NEW HOUSING LOC. |
|---|---|---|---|---|---|---|
| | | | | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR STAFF ONLY | NAME | LAST | FIRST | | | |
| THIS SECTION FOR VISITOR ONLY | NAME | LAST | FIRST | MIDDLE | DOB | OCCUPATION |
| | HOME ADDRESS | | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE B8 Rotunda | DATE/TIME OF OCCURRENCE 4-12-07 / 1855 | NAME OF WITNESS(ES) Custody Staff |
|---|---|---|

| TIME NOTIFIED 1855 | TIME SEEN 1900 | ESCORTED BY | MODE OF ARRIVAL *(circle)* (AMBULATORY) LITTER  WHEELCHAIR  ON SITE | AGE 48 | RACE B | SEX M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"My Neck hurts"   "My Knee hurts"

| INJURIES FOUND?  YES/ NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | (7) |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | (11) |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES /(NO) |
|---|---|
| DECONTAMINATED? | YES /(NO) |
| Self-decontamination instructions given? | YES /(NO) |
| Refused decontamination? | YES /(NO) |
| Q 15 min. checks | N / A |
| Staff issued exposure packet? | YES /(NO) |

| RN NOTIFIED/TIME Bates RN/1920 | PHYSICIAN NOTIFIED/TIME N/A |
|---|---|

| TIME/DISPOSITION 2010 / Returned to cell from CTC, (Non-CCCMS patient) | REPORT COMPLETED BY/TITLE  (PRINT AND SIGN) J. Kerns / _____ MTA | BADGE # 71765 | RDOs M/T |
|---|---|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*





LEGAL STATUS SUMMARY  TYPE-   D     PSP    ** DISCREPANT **05/07/2007 21:37

```
 CDC NUMBER  |  NAME                              | ETHNIC |    BIRTHDATE
   P20045    |  BLOODSAW,THEOPRIC,KENT            |  BLA   |   06/24/1958
```

```
 TERM STARTS | MAX REL DATE   MIN REL DATE   MAX ADJ REL DT |  MIN ADJ REL DT
  06/11/2003 |  11/27/2023     05/27/2021     11/27/2023     |     05/27/2021
```

```
                                                            |  PAROLE PERIOD
 ASE TERM 10/00 + ENHCMNTS  11/04 = TOT TERM  21/04          |  3 YRS
```

PRE-PRISON + POST SENTENCE CREDITS
CASE     P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019  P2931 POST-SENT  TOT

YA053506     185                                    92              28    305

PC296 DNA COMPLETED

```
 RECV DT/ COUNTY/    CASE    SENTENCE DATE              CREDIT    OFFENSE
  CNT       OFF-CODE  DESCRIPTION                        CODE       DATE
```

CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
6/11/2003  LA    YA053506      5/13/2003  NO STRIKES: 2
                 01 P667.5(B) PPT-NV                          3
                 01 P667(A)    01 PFC SERIOUS                 3
   01 P245(C)    ADW ON PO OR FIREMAN                         3     11/08/2002
                 (U)WPN
   02 P243(C)(2) BATT ON PO                       CS          3     11/08/2002
                 (U)WPN
   03 P422       TERRORIST THREAT                 CS          3     11/08/2002
   04 P203       MAYHEM                           CS          3     11/08/2002
                 ATT
   05 P203       MAYHEM                           CS          3     11/08/2002
                 ATT

```
 TRAN                                 RULE  _____ D A Y S _____
 TYPE    DATE    END DATE LOG NUMBER  NUMBER ASSESS LOST REST DEAD
```

BEG 11/24/1998           ******BEG BAL*******
ADD 06/11/2003           YA053506
BCL 10/23/2003           IV3100472 3062(H)      30    30
ADD 06/11/2003           YA053506
BCL 03/28/2005           A05030073 3005B        30    30
ADD 06/11/2003           YA053506
BCL 02/23/2006           A06020050 3005B        30    30
ADD 06/11/2003           YA053506
BCL 12/29/2006           B07010032 3005B        30    30
BCL 01/22/2007           B07010077 3005C        30    30
BCL 03/05/2007           B07030009 3005C        30    30

       ****** CONTINUED *******

LEGAL STATUS SUMMARY --CONTINUATION--     PAGE     2
--+---------------------------     ------------------------     -------------------------
CDC NUMBER  |  NAME
   P20045   |  BLOODSAW,THEOPRIC,KENT
--+---------------------------     ------------------------------------------------------

BCL 04/12/2007              B07040031 3005C         150   150
ADD 06/11/2003              YA053506
ADD 06/11/2003              YA053506
   CURRENT PC BALANCE:         0          CURRENT BC BALANCE:      914

-------------------------------------------------------------------------------------------

STATE OF CALIFORNIA
CALCULATION WORKSHEET
OBIS CREDIT CODES 3, 4, OR 6
CDC 1897E. Electronic (04/00)

DEPARTMENT OF CORRECTIONS

### CALCULATION WORKSHEET FOR PC SECTION 667(e) AND PC SECTION 2933.1

This form is used to calculate the Earliest Possible Release Date (EPRD) for inmates sentenced as a second-strike offender (Penal Code Sections 667(e) or 1170.12) and violent offenders whose offense date is on or after September 21, 1994. When sentenced as a second-strike offender, the OBIS credit code is 3 (20%). When the offense is a violent offense committed on or after September 21, 1994, the OBIS credit code is 4 (15%), or 6 (15%) if a second-stike violent offense.

**Section A - Original EPRD Calculation**

1. Start Date — 6-11-03
2. Plus Time Imposed — + 21/04 = 10-11-24
3. Minus Pre/Postsentence Credit — 305 = 12-11-23
4. Minus Vested Credit [PC 667(e) divide by 2] [PC 2933.1 divide by 5.66] (round down) — 14 = 11-27-23
5. Plus Dead Time — +
6. Equals Maximum Date — 11-27-23
7. Minus Start Date (Line 1) — 6-11-03
8. Equals days to serve — 7474
9. Minus Dead Time —
10. Equals Days Where Credit May Be Applied — 7474
11. Equals CDC Conduct Credit (divide Line 10 by 5 [PC 667(e)] or 6.66 [PC 2933.1], round down) — 1494
12. Maximum Date (Line 6) — 11-27-23
13. Minus CDC Conduct Credit (Line 11) — 1494
14. Equals Original EPRD — 10-25-19

**Section B - Days "C" or "D2" From Start Date through Original EPRD** (Do not include C/D2 time that occurs after the original ERPD)

| From | Thru* | | Number of Days** |
|------|-------|---|------|
| 7-14-04 | 6-9-05 | c/c | 331 |
| 6-10-05 | 8-2-05 | D2 | 54 |
| 8-3-05 | 4-11-07 | c/c | 617 |

Total Days "C" and/or "D2" From Start Date to Original EPRD — 1002

Equals CDC Conduct Credit Not Applied While C/D2 (divide total days C/D2 by 4 [PC 667(e)] or 5.66 [PC 2933.1] round down) — 250

*If the current work group is "C" or "D2" use the original EPRD as the "THRU" date. If the last day of "D2" is earlier than the original EPRD, use the earlier date as the "THRU" date.

**Number of Days equals "THRU" date minus "FROM" date plus 1 day.

**Section C - Credit Losses and Restorations**

| Date of CDC 115 | Loss | Restored | Net Loss |
|-----------------|------|----------|----------|
| Total Losses | | | 330 |
| | | | |
| Net Credit Losses | | | 330 |

**Section D: Calculating Adjusted EPRD**

1. Original EPRD (from Section A, Line 14) — 10-25-19
2. Plus Credit Not Applied While C/D2 (from Section B) — 250
3. Plus Net Credit Lost (from Section C) — + 330
4. Equals Adjusted EPRD (cannot exceed Maximum Date): — 5-27-21
5. Minus Maximum Date (from Section A, Line 6) —
6. Equals Excess Credit Loss to Apply to Next Period Being Calculated*** —

***Mixed Credit Codes: when credit lost exceeds credit applied (Adjusted EPRD is later than Maximum Date), subtract the Maximum Date from the Adusted EPRD which equals the days lost to apply to the next period being calculated.

CALCULATED BY (Name and Title): M. Dodd   CCRA
INMATE'S NAME: Bloodshaw, T
CDC NUMBER: P20045
DATE: 5-7-07
LOCATION: PBSP

STATE OF CALIFORNIA

**CHRONOLOGICAL HISTORY**

DEPARTMENT OF CORRECTIONS
CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| NOV 2 4 1998 | REC'D NKSP-RC                          n/c | BmR | | |
| DEC 0 8 1998 | INTAKE AUDIT | DB | EPed | 2/1/2000 |
| JAN 22 1999 | CTF NEW ARRIVAL | KL | | |
| 2-5-99 | Intake Audit, WCC applied | | | |
|  | thru 2-5-99 OV | KA | | |
| 6-23-99 | 30 days loss 115 dtd 6-3-99, A'off | KA | | |
|  | 5-22-99, WCC applied thru 5-31-99 | KA | EPRD | 7-20-99 |
| 7-5-99 | Reviewed for Compliance with PC296 | KA | | |
| 8-24-99 | 30 days loss 115 dtd 6-22-99, C | | | |
|  | State CANP 8-4-99 | KA | EPRD | 1-26-2000 |
| 12-8-99 | 12 PELICAN loss 115 dtd 8-11-99, D² | | | |
|  | A.S.P off 8-11-99, EPRD projected with | | | |
|  | D off 12-4-99 | KA | EPRD | 7-23-2000 |
| 12-12-99 | Transfer Audit | KA | | |
| 12-22-99 | Rec'd SQ main | BT | ½ Efffff | 7-7-00 |
| 5/02/00 | Intake/60 day Audit A-1 eff 12/30/99 | SD | | |
| 7-1-00 | Correction to T/C | DK | ½ EPRD | 7-1-00 |
| 7-3-00 | Parole Audit          3 day jumper | DK | CDD | 7-1-03 |
| 7-4-00 | Parole to Reg III, LA Co, Englewood #2 | DK | DR | 7-4-00 |
| 8-2-00 | PAROLE SUSPENDED EFF  7-5-00 | | | |
|  | CODE 1 | RL | Suspended | |
| 9-28-00 | Arrest/Hold/Reinstate | Cla | -85 | |
| 10-16-00 | Recd. Rent 3 Pitchess | Cla | | |
| 11-1-00 | Rev. Hrg. - Par Rev RTC 9 mos Elig. | Cla | PRRD | 3-27-01 |
| 11-15-00 | Rec'd. CIM/RCC | Cla | MRRD | 6/25-01 |
| 11-15-00 | Recd. CIM-E | Cla | CDD | 3-22-04 |
| 11-20-00 | Recd. CIM/RCW | Cla | OR | 3-27-02 |
| 11-29-00 | RCW Intake Audit | Cla | | |
| DEC 2 2 2000 | REC'D ISP | RD | | |

| Number | Name | Page |
|---|---|---|
| 20045 | BLOODSAW, THEOPRIC K. | 1 |

STATE OF CALIFORNIA

# CHRONOLOGICAL HISTORY

DEPARTMENT OF CORRECTIONS

COC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| 1-11-2001 | Intake / 60 day pre-release CAZ | CW | PRRD | 3-27-2001 |
| 1-26-01 | Credit Code Review | LW | | |
| MAR 1 4 2001 | 10 day Pre-Release Audit PER IM 2/89 ACTUAL DAYS IN CUSTODY THIS REVOCATION 180 TOTAL SERVED TO DATE 180. | B | CDD | 3-22-2004 |
| | | | DR | 3-27-2002 |
| 3-27-2001 | REVOCATION TO RELEASE Reg 3 / INGLE 2 / LA | MS | -21 | |
| 4-12-2001 | PAROLE SUSPENDED EFF 3-29-01 CODE 1 | W | PRRD | 10-16-01 |
| 4-19-01 | ARREST / REINSTATE | AC | MRRD | 1-4-02 |
| 5-23-01 | Revocation Hrg. Rec'd PR RTC 9E mos. Special Condition | AC | CDD | 10-9-04 |
| | | | DR | 10-16-02 |
| 7-27-01 | Rec'd CIM-MIN | MP | | |
| 8-3-01 | Intake / 60 day Count | A | | |
| 10-9-01 | 10 Day Ret to Parole Audit. Total Rev. Days served to date: 360 Days | Cec | | |
| 10/16/01 | Ret. to Par. Reg III, IN92 LA CO | BC | | |
| 11-14-01 | SUSPENDED EFF 10-17-01 CODE 2 — P, EG RET TO PRISON FOR FURTHER PROCEEDINGS | GW | 86 days -86 days | |
| 01-11-02 | ARRESTED / REINSTATED 01-11-02 | W | PRRD | 07-30-02 |
| 3-15-02 | "S" activated Waiver REV HEARING: RTC 10 MOS | W | MRRD | 11-07-02 |
| 06-24-02 | SB 16 Eligible SPEC COND REAFFIRMED | W | CDD | 01-08-05 |
| 8-27-02 | PAR SUSPENDED EFF 8-12-02. code 2 RETURN TO PRISON FOR FURTHER PROCEEDINGS | W | DR | 07-30-03 |
| 11-9-02 | ARREST / Reinstate eff 11-9-02 | W | -87 push | |
| 12-6-02 | Rev Screening RTC 9 months | | RRD | 8-6-2003 |
| | SB16 Ineligible Opt | RWC | CDD | 4-7-2005 |
| 6-11-03 | Rec'd CCI IV RC PVWNT | RCB | DR | 8-6-2004 |
| 7-24-2003 | INTAKE AUDIT | CB | | |

Number ____    Name ____    Page ____

(stamp: PELICAN BAY P.S.U.)

33.

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS
**CHRONOLOGICAL HISTORY**                                CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|------|------------------------|----------|-----------|--------------|
| 7-24-2003 | **RESTITUTION ORDERED PER** LA **CO. CASE #** YA053506 **, $** 250.00 | CB | Control EPRD | 10-25-2019 |
| 7-24-2003 | PC296 DNA Required | CB | | |
| 7-24-2003 | PC3060.7 Supervision Case | CB | | |
| 11-04-2003 | BCL 30 days for CDC 115 log # 1V31004T2, dated 10-23-2003. | dbh | eprd 11-24-2019 | |
| NOV 0 5 2003 | **REC'D CSP-LAC** | MD | | |
| 11-25-2003 | Intake audit | RHS | | |
| 1-29-04 | Transfer Audit | CH | | |
| 2-24-04 | REC'D PELICAN BAY | DH | | |
| 3-25-04 | Intake Aud | CH | | |
| 3-11-05 | PC296 Complete per OBIS | CH | | |
| 4-27-05 | BCL 30 days, log # A0503073 dtd 3-28-05 Discharge LA County Case # YA034031 at STAT-MAX dne 4-4-2005, remains on LA County Case # YA053506. | CH | eprd 12-24-19 | |
| 3-29-06 | BCL 30 days log# A06020050 dtd 2/23/06 | M | EPRD | 1-23-20 |
| 3-29-06 | 'C' status eff 7-14-04 thru 6-9-05 per 128g dtd 7-29-04; 'D2' eff 6-10-05 thru 8-2-05 per 128g dtd 10-18-05; 'C' status eff 8-3-05 per 128g dtd 10-18-05 | M | EPRD EPRD | 4-28-20 5-28-20 |
| 2-1-07 | BCL 30 days, Log B07010032 dtd 12-29-06 | M | EPRD | 6-27-20 |
| 4-13-07 | BCL 30 days, Log# B07010077 dtd 1-22-07 | M | EPRD | 7-27-20 |
| 4-25-07 | BCL 30 days, Log B07030009 dtd 3-5-07 | M | EPRD | 12-24-20 |
| 4-30-07 | BCL 150 days, Log B07040031 dtd 4-12-07 | M | EPRD | 5-27-21 |
| 5-7-07 | D1 eff 4-12-07 per 128g dtd 4-19-07 | M | | |

| Number | Name | Page |
|--------|------|------|
| P20045 | Bloodsaw, THEOPRIC Kent | 1b |

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

## WAIVER OF REVOCATION HEARING

### RIGHT TO REVOCATION HEARING

I understand that the Board of Prison Terms (Board) may order a revocation hearing scheduled for me based on a parole violation report dated _____ 11/21/02 _____ I understand that I have the right to a parole revocation hearing within a reasonable time from the placement of the hold or the case conference if I am not under a hold. At the revocation hearing, I may contest the charges in the parole violation report. I may request witnesses to testify at the revocation hearing. I may be entitled to representation by an attorney at state expense if I am indigent. At the revocation hearing, the Board may find good cause to believe I have violated parole and may order my return to custody for a maximum of six (6) months if the crime for which I was committed to prison occurred on or before December 31, 1978, or 12 months if the crime for which I was committed to prison occurred on or after January 1, 1979. Any period of confinement served will be added to my parole period, but the total will not exceed the maximum period specified by law. If my parole is revoked, I shall be ineligible for discharge review until I complete one year of continuous parole beginning on the date of my release from the revocation period. However, I will be discharged at such time as my maximum discharge date is reached, if that date comes first.

### REQUEST FOR REVOCATION HEARING

☐ I request a revocation hearing and make the following pleas with regard to this hearing.

PELICAN BAY LSU

By making an admission to the charge(s), I understand that I am waiving my right to contest the charge, to request and question witnesses who may have information in regard to the charge, and to present documentary evidence which may pertain to the charge. I also understand that an admission to the charge(s) does not affect my right to present evidence in mitigation as to why my parole should not be revoked.

| 1. I Admit Charge(s) (Specify which) | 2. I Deny Charge(s) (Specify which) | 3. I Neither Admit nor Deny Charge(s) (Spec. which) |
|---|---|---|
| | | |

| Signature of Parolee | | |
|---|---|---|
| | CDC Number | Date |
| Name and Title of CDC Employee (Print) | Signature of CDC Employee | Date 1/3/03 |

### WAIVER OF REVOCATION HEARING (UNCONDITIONAL)

☐ I wish to waive my revocation hearing. I understand that by waiving my right to a hearing, I am waiving all the rights discussed above. The Board will decide if there is good cause to believe I have violated parole and, if so, will make the appropriate disposition without a hearing or a personal appearance by me.

If waiver is acceptance of Revocation Screening Offer, check this box ☐ and complete the following:

Offer of _____ months or _____ days     INELIGIBLE     ELIGIBLE  (Circle one.)

| Signature | | |
|---|---|---|
| | CDC Number | Date |

### WAIVER OF REVOCATION HEARING (OPTIONAL)

☒ I wish to waive my revocation hearing because a criminal prosecution is pending against me. I understand that by waiving my right to a hearing, I am waiving all the rights discussed above. The Board has determined there is good cause to believe I have violated parole and has made an appropriate disposition without a hearing or a personal appearance by me as a result of this waiver.

*Ken Au*

I may later request a hearing. The request for hearing must be received by the Board no more than 15 days following sentencing or final disposition in the criminal proceedings and no later than two months before expiration of the revocation period ordered by the Board. At the hearing the Board may take any appropriate action. [CCR, Title 15, Sec. 2641(b)].

| Signature  T. Bloodshaw | CDC Number  P 20045 | Date  1/3/3 |
|---|---|---|
| NAME  BLOODSHAW, THEOPRE | CDC NUMBER  P-20045 | INST/REGION  ING. H2/III |

BOARD OF PRISON TERMS
STATE OF CALIFORNIA

PELICAN BAY
ASU

**SUMMARY OF REVOCATION DECISION:**
**HEARING WAIVED / SCREENING OFFER**

Records Office Use Only
Projected Revocation Release Date  8-6-03
Revocation Release Date  5-7-03
Controlling Discharge Date  4-7-05
Discharge Review Date  8-6-04

## I. PRELIMINARY INFORMATION

**A. Type of Hearing**
REVOCATION

**B. Basis for Charges**
Parole Violation Report, Dated: 26-NOV-2002
CDC Rules Violation Report, Dated:
Other:                    Dated:

**C. Admissions/Denials**
Date Signed by Parolee: 06-DEC-2002
Date of BPT Action: 06-DEC-2002

Assessment 9I

**D. Legal Data**
Arrest Date: 09-NOV-2002    Hold Date: 09-NOV-2002

## II. DECISION

A. [X] Hold Status - RETAIN
B. [ ] SATCU/SATU: [ ] Approved  [ ] Denied
C. [ ] Continue on Parole [ ] Dismiss  [ ] Prop36
D. [ ] Schedule for Revocation Proceedings
E. [ ] Schedule for Revocation Extension Proceedings
F. [ ] Miscellaneous Action

G. [X] Parole Revoked-Return to Custody: 9 months
   [X] Serve consecutively
   [ ] Revocation Period Extended: 0 days
   [ ] Time Served:          to
H. Attorney [ ] Conduct Determination  [ ] Assignment
   Reason

[ ] Eligible  3057 Credits
[X] ineligible 3057d-1
[ ] ineligible 3057(d)(2)(E)
[X] Parole Violation    241 PC
[ ] Commitment Offense
Specify Reason

[ ] Prior Criminal History
[ ] Circumstances & Gravity of
    Parole Violation

**H. Special Cond. of Parole:** [X] Noted [ ] Reaffirmed [ ] Amended

| | Add/Mod/Del | Reason |
|---|---|---|
| No Alcohol | ------ | |
| ANT | ------ | |
| POC for Eval | ------ | |

Other Special Condition

Reason

**I. Instructions to CDC or P&CSD Staff**

Commissioner/Deputy Commissioner Signature
*Wm B. Crisologo*

Date
06-DEC-2002

### PAROLEE ACKNOWLEDGEMENT

[ ] 1. I accept the above return to custody order (Section F) and unconditionally waive
    my rights to contest the charges against me or have a hearing.
[ ] 2. I reject the above order (Section F) and request a revocation hearing.
[X] 3. I accept the above order and optionally waive my right to a hearing.

Parolee Signature
*T. Bloodshaw*
Date  1/3/3

Witness Signature
Date  1/3/03

NAME
BLOODSHAW, THEOPRIC

CDC NUMBER
P20045

INST/REGION / AGENT
INGLEWOOD 2 / 3
WILLIAMS, HERM

SCREEN DATE
06-DEC-2002

PERMANENT ADDENDUM

BOARD OF PRISON TERMS

## SUMMARY OF REVOCATION DECISION: HEARING WAIVED / SCREENING OFFER

STATE OF CALIFORNIA

### III. SUMMARY OF FINDINGS AND DISPOSITION

A. Reports and Documents Considered:

☐ Parole Violation
☐ CDC Rules Violation
☐ Other (specify):

☐ Police Report - Date:
Agency:

PELICAN BAY LSU

B. Findings

| Charge Number | Code Number | Charge Specified | Findings | Evidence Considered/ Relied Upon | Other (specify) | Rev Ext |
|---|---|---|---|---|---|---|
| 1. | 021 | Absconding parole supervision | GOOD CAUSE | 3 | | |
| 2. | 947 | Failure to register per H&S 11590 | GOOD CAUSE | 3 | | |
| 3. | 413 | Assault on peace officer | GOOD CAUSE | 6 | | |

1. Court Conviction
2. Parolee Admits
3. Agent's Statements
4. Physical Evidence
5. Witnesses' Statements
6. Victim's Statements
7. Laboratory Analysis
8. Other (specify)

C. Reasons for Disposition and Documents Considered

[X] Summary of Adjustment   ☐ C-File   ☐ POR   ☐ CII/FBI   ☐ Other:

Need for Reconfinement Based Upon the Following Factors:

☐ Return to Drugs - Readdiction - Need for Dry-Out - Detoxification

☐ Involved in Felonious Behavior that Mandates a Substantial RTC

☐ Continuation of Same Behavior that Caused Parolee's Prison Confinement

☐ Inability/Unwillingness to Conform to the Expectations and Requirements of Parole/CDC

☐ Parolee's Involvement in Distribution and/or Sales of Controlled Substances

[X] Parolee's Unlawful Behavior and/or Activity Makes Him/Her a Liability to the Community

☐ Parolee's Behavior and Conduct Requires Treatment in a Controlled Environment

Other Reasons/Comments

| NAME BLOODSHAW, THEOPRIC | CDC NUMBER P20045 | INST/REGION / AGENT INGLEWOOD 2 / 3 WILLIAMS, HERM | SCREEN DATE 06-DEC-2002 |
|---|---|---|---|

06-DEC-2002 04:18 PM

BPT 1104 (Rev. 7/88) Electronic

PERMANENT ADDENDUM

PELICAN BAY
&SU

BOARD OF PRSION TERMS

## SUMMARY OF REVOCATION DECISON: HEARING WAIVED/SCREEN OFFER

ADA

Special Needs: CCCMS

| NAME | CDC NUMBER | INST/REGION/AGENT | SCREEN DATE |
|------|-----------|-------------------|-------------|
| BLOODSHAW, THEOPRIC | P20045 | INGLEWOOD 2 / 3<br>WILLIAMS, HERM | 06-DEC-2002 |

06-DEC-2002 04:18 PM

BPT 1073 - NOTICE A.. J .. EQUEST FOR REASONA..  E .CCOMMODATION

## I.   PRE-INTERVIEW FILE REVIEW (STAFF ONLY)

Documents verifying/identifying disability:  (Check all verifying documents and attach copies to 1073.)    **PELICAN BAY**

☐ CDC 128C ☐ CDC 128C-1 ☐ CDC  128C-2 ☐ CDC 611 ☐ CDC 1845 ☐ CDC 1515 ☐ Current: BPT 1078    **ASU**

☐ CDC 128B (TABE 4.0 or lower) Score/GPL_____ ☐ Other documents_____ ☐ No verifying documents in file

☐ Accommodation is required for effective communication and/or access (enter type, i.e., sign language, interpreter, staff assistance, assistive listening device, alternate accessible location, etc.)_____

## II. PRISONER/PAROLEE RIGHTS & SELF IDENTIFICATION

The Americans with Disabilities Act (ADA) is a law to help people with disabilities.  Disabilities are problems that make it harder for some people to see, hear, breathe, talk, walk, learn, think, work, or take care of themselves than it is for others.  Nobody can be kept out of public places or activities because of a disability.  If you have a disability, you have the right to ask for help to get ready for your BPT hearing, get to the hearing, talk, read, forms and papers, and understand the hearing process.  BPT will look at what you ask for to make sure that you have a disability, that is covered by the ADA, and that you have asked for the right kind of help.  If you do not get help, or if you don't think you got the kind of help you need, ask for a BPT 1074 Grievance Form.  You can also get help to fill it out.

☐ I **do not** have a disability.  (Sign and date at the "X" below.)

☑ I **do** have a disability.

**My disability is:**

☐ Seeing     ☐ Talking     ☐ Reading ☐ Hearing     ☐ Walking

☐ Understanding/Learning     ☐ Mental Problems     ☐ Other_____

**I need help for my parole hearing:** (Check all boxes that apply to you)

☐ Reading     ☐ Understanding     ☐ Talking

☐ Hearing Device (type)_____                  ☐ Wheelchair or_____

☐ Visual Aids/optical device (type)_____     ☐ Walking

☐ Sign language Interpreter (type)_____      ☐ Other _____

☐ Attorney

                                                  ☐ I do not need help for my parole hearing.

X _T. Blooksun_____     X _____

Prisoner/Parolee Signature            CDC #          Date Signed

## III. INITIAL SERVICE OF RIGHTS (STAFF ONLY)

I have informed prisoner/parolee of the above information, and any relevant charges, and have determined that he/she:     ☐ Appears to understand.     ☐ Appears to have difficulty understanding.

☐ Non—English Speaking (indicate language):_____

☐ EFFECTIVE COMMUNICATION METHOD USED: (Sign language interpreter, staff assistance, assistive device, alternate accessible location, etc.)_____

Comments:_____

Staff Name and Title (please print)     Staff Signature          Date

## IV. REVIEW INDICATING NO CHANGES

| TYPE OF HEARING | PRINT NAME AND WRITE INITIALS | TITLE | INSTITUTION/REGION | DATE |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

NAME

CHARGE SHEET/REVOCATION TR&C  &/SCHEDULING REQUEST
CDC 1676 (4/91)

REPORT TO:  ☐ BOARD OF PRISON TERMS
             ☐ NARCOTIC ADDICT EVALUATION AUTHORITY

DISTRIBUTION  DEPARTMENT OF CORRECTIONS
ORIGINAL - BOARD REPORT
1ST COPY - EH&R
2ND COPY - H&A
3RD COPY - PAROLEE
4TH COPY - U.S.

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | CSTCU - ST |
|---|---|---|---|---|
| P20045 | BLOODSHAW, THEOPRIC | SAME | III/Ingle #2 | ☐ YES ☐ NO |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS | | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|---|
| 11/09/02 | LASO Lennox | ☒ MANDATORY | ☐ NON-MANDATORY | 7475221/LACJ |

ARREST CODE
B
* ARREST CODES:
A    P&CSD STAFF ALONE
AB  P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY
B    LAW ENFORCEMENT AGENCY ALONE
L    LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 11/09/02 | 11/13/02 | N/A | Herm Williams | PAL | PAL | |

CHARGES AND CODES
1.   Absconding (021)
2.   Failure to Register per 11590 - (917)
3.   Assault on Peace Officer (413)

CHARGES AND CODES
4
5
6

REASON FOR RETAINING PAROLE HOLD - PAROLEE DANGER TO
☒ ABSCOND  ☐ SELF  ☐ PROPERTY-OTHERS  ☒ SAFETY-OTHERS

| DATE COPY SENT TO PAROLEE | INITIALS OF PERSON SENDING |
|---|---|
| | |

## DISABILITY CONCERNS

**PSYCHIATRIC:**  Mr. Bloodshaw has been classified as CCMS.

**PHYSICAL:**  Per North Kern State Institutional Summary and CDC 128C-1 date 11/3/98 gastric problem, Mr. Bloodshaw also has heart alert medication required.

**DEVELOPMENTAL:**  Per North Kern State Institutions Summary claims completion of the 10th grade.

## SUPPLEMENTAL REPORT TO A PAL REPORT dated 8/22/02.

## SUPPORTING EVIDENCE:

**CHARGE #1:** On 11/09/02 Mr. Bloodshaw was arrested by Lennox LASO, for our PAL Warrant #2020827547. He was also arrested for circumstances in Charge #3. On 8/09/02 Mr. Bloodshaw RRD from Los Angeles county Jail with reporting instructions for 8/12/02 at 12:00 pm. He failed to report and on 8/27/02 I submitted a PAL report to the Board of Prison Terms. On 08/27/02 the hearing panel acted to suspended his parole effective 8/12/02.

**PAROLEE STATEMENT:** To be obtained prior to his Morrisey Hearing.

**CHARGE #2:** On 11/09/02, Mr. Bloodshaw was arrested by Lennox LASO, for circumstances in Charges #1 & #3. On 08/09/02 Mr. Bloodshaw RRD from L.A. County Jail, he failed to register per 11590 during the period 8/09/02 through 11/09/02. Mr. Bloodshaw signed form SS8048 for narcotic offender registration per 11590 H&S on 08/24/99.

**PAROLEE STATEMENT:** To be obtained prior to his Morrisey Hearing

**CHARGE #3:** On 11/09/02 Mr. Bloodshaw was arrested by Lennox LASO, after discovering a Parolee at Large Warrant for him. During the arrest Mr. Bloodshaw attacked one of the arresting deputies and attempted to gouge out his eyes, punched the Deputy repeatedly and maintained a

PAROLEE'S NAME
BLOODSHAW, THEOPRIC
CDC NUMBER
P20045

grappling hold on the deputy, on the ground. His partner and addition units were needed to secure Mr. Bloodshaw and to protect the Deputies.

**PAROLEE STATEMENT**: To be obtained prior to his Morrisey Hearing

**ATTACHMENTS**: LASO incident report #4-02-11545-0399-057

**COURT INFORMATION**: Inglewood Court 12/04/02 Case #YA053506, Charge ADW on a peace officer/not a firearm (GBI) 245 (C) P.C..

• **WITNESSES**: Parole Agent Herm Williams can testify to circumstances in Charges 1 and 2 LASO Deputies Hoodye, Sean #796 and Sato, Brad #260210 can testify to circumstances in Charge #3.

SUMMARY OF PAROLE ADJUS. .ENT                    DEPARTMENT OF CORRECTIONS

ATTACH LEGAL STATUS SUMMARY

| CDC NUMBER | NAME (LAST, FIRST, MI) | | DATE OF REPORT |
|---|---|---|---|
| P20045 | BLOODSHAW, THEOPRIC | | 11/26/02 |

PRIOR COMMITMENT(S)

| OFFENSE TITLE(S) | CODE SECTIONS | DATE(S) OF COMMITMENT |
|---|---|---|
| Burglary 1st | 459 PC | 01/12/90 |
| | | |
| | | |

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE | LAST REV. REL DATE (RRD) |
|---|---|---|
| Anti-Narcotic Testing. POC - Parole Outpatient Clinic | 7/4/00 | 08/09/02 |

RESIDENCE

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| Transient | Unknown | Transient |

MEANS OF SUPPORT

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR - TO | POSITION HELD |
|---|---|---|---|
| Unknown | Unknown | Unknown | Unknown |

EVALUATION - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

Mr. Bloodshaw is a second termer for Possession of a Controlled Substance. The Subject has prior convictions for 484(A) Theft of Person 3/8/89, 666PC Petty Theft 8/21/89, 459 PC Burglary 12/27/89, 11550(A) H&S Under the Influence of C/S 4/18/94, 245(A) PC ADW 2/27/95, 602(J) PC Trespass, Injure Property, 602(J) PC Trespass; Injure Property, and 11550(A) H&S, Under the Influence of C/S 1/6/97.

There has not been a parole adjustment as Mr. Bloodshaw absconded when paroled.

| PAROLEE'S NAME | | CDC NUMBER |
|---|---|---|
| | BLOODSHAW, THEOPRIC | P20045 |

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

# CENTRAL OFFICE CALENDAR DECISION

## 1. REPORTS REVIEWED

| | | | | |
|---|---|---|---|---|
| | A. PAROLE VIOLATION REPORT OF _____ _____ REVIEWED | | E. PSYCHIATRIC REPORT OF _____ _____ REVIEWED | |
| | _____(DATE)_____ | | _____(DATE)_____ | |
| | B. PAROLE VIOLATION REPORT (PAL) OF _____ _____ REVIEWED | | F. DISCHARGE REPORT OF _____ _____ REVIEWED | |
| | _____(DATE)_____ | | _____(DATE)_____ | |
| X | C. SUPPLEMENTAL PAROLE VIOLATION REPORT OF 11-5-02 PAL dated 9-23-02 REVIEWED | | G. RETAIN ON PAROLE REPORT OF _____ _____ REVIEWED | |
| | _____(DATE)_____ | | _____(DATE)_____ | |
| | D. DISCIPLINARY REPORT OF _____ _____ REVIEWED | | H. OTHER REPORT OF _____ _____ REVIEWED | |
| | _____(DATE)_____ | | _____(DATE)_____ | |

## 2. PAROLE STATUS

| | | | | |
|---|---|---|---|---|
| A. PAROLE SUSPENDED EFFECTIVE _____ | X | C. REINSTATE ON PAROLE EFFECTIVE 11-9-02 | |
| _____(DATE)_____ | | _____(DATE)_____ | |
| B. CONTINUE ON PAROLE | X | D. OTHER Cancel Want Remove Warrant from fil | |

## 3. SCHEDULE FOR FURTHER PROCEEDINGS

| | | | |
|---|---|---|---|
| A. SCHEDULE FOR REVOCATION PROCEEDINGS | | C. SCHEDULE FOR RESCISSION PROCEEDINGS | |
| 1. ☐ EXTENSION   2. ☐ PSYCH. ATTN. | | | |
| X   3. ☒ PREREVOCATION | | | |
| B. RETURN TO PRISON FOR FURTHER PROCEEDINGS | X | D. HOLD   ☐ PLACE   ☒ RETAIN   ☐ REMOVE | |

## 4. OTHER DECISIONS

| | |
|---|---|
| A. CANCEL WANT   REMOVE WARRANT FROM FILE | G. RETAIN IN CUSTODY _____ DAYS PENDING REVOCATION EXTENSION HEARING |
| B. REAFFIRM ACTION OF _____ _____(DATE)_____ | H. PAROLE PERIOD EXTENDED TO  ☐ 18 Mos.  ☐ 4 Yrs. PENDING REVOCATION HEARING |
| C. RESCIND ACTION OF _____ _____(DATE)_____ | I. ENTER NCIC WARRANT PER BPT § 2714 (b)(1) ( _____ ) FILL IN APPROPRIATE SUBSECTION |
| D. DISCHARGE  1. ☐ BPT § 2535  ☐ § 2713 (c)  2. ☐ TO ALLOW _____ AUTHORITIES EXCLUSIVE JURISDICTION. | J. PLACE IN WANTED PERSONS SYSTEM ISSUE IN CALIFORNIA WARRANT |
| E. RETAIN ON PAROLE BPT RULE 2535 (d) ( _____ ) | K. MISCELLANEOUS |
| F. RETAIN ON PAROLE SUPERVISION | |

### PANEL HEARING CASE

NAME

NAME

NAME

| | NUMBER | INSTITUTION/REGION | UNIT | DECISION DATE |
|---|---|---|---|---|

BOARD OF PRISON TERMS

## CENTRAL OFFICE CALENDAR DECISION

STATE OF CALIFORNIA

### 1. REPORTS REVIEWED

| | | | | |
|---|---|---|---|---|
| | A. PAROLE VIOLATION REPORT OF _____ REVIEWED (DATE) | | E. PSYCHIATRIC REPORT OF _____ REVIEWED (DATE) | |
| X | B. PAROLE VIOLATION REPORT (PAL) OF 08/21/02 REVIEWED (DATE) | | F. DISCHARGE REPORT OF _____ REVIEWED (DATE) | |
| | C. SUPPLEMENTAL PAROLE VIOLATION REPORT OF _____ REVIEWED (DATE) | | G. RETAIN ON PAROLE REPORT OF _____ REVIEWED (DATE) | |
| | D. DISCIPLINARY REPORT OF _____ REVIEWED (DATE) | | H. OTHER REPORT OF _____ REVIEWED (DATE) | |

### 2. PAROLE STATUS

| | | |
|---|---|---|
| X | A. PAROLE SUSPENDED EFFECTIVE 8 12 02 (DATE) | C. REINSTATE ON PAROLE EFFECTIVE _____ (DATE) |
| | B. CONTINUE ON PAROLE | D. OTHER |

### 3. SCHEDULE FOR FURTHER PROCEEDINGS

| | | |
|---|---|---|
| | A. SCHEDULE FOR REVOCATION PROCEEDINGS<br>1. ☐ EXTENSION    2. ☐ PSYCH. ATTN.<br>3. ☐ PREREVOCATION | C. SCHEDULE FOR RESCISSION PROCEEDINGS |
| ✗ | B. RETURN TO PRISON FOR FURTHER PROCEEDINGS | D. HOLD  ☐ PLACE   ☐ RETAIN   ☐ REMOVE |

### 4. OTHER DECISIONS

| | | |
|---|---|---|
| | A. CANCEL WANT<br>REMOVE WARRANT FROM FILE | G. RETAIN IN CUSTODY _____ DAYS<br>PENDING REVOCATION EXTENSION HEARING |
| | B. REAFFIRM ACTION OF _____ (DATE) | H. PAROLE PERIOD EXTENDED TO ☐ 18 Mos. ☐ 4 Yrs.<br>PENDING REVOCATION HEARING |
| | C. RESCIND ACTION OF _____ (DATE) | ✗ I. ENTER NCIC WARRANT PER<br>BPT § 2714 (b)(1) ( DFG )<br>FILL IN APPROPRIATE SUBSECTION |
| | D. DISCHARGE<br>1. ☐ BPT § 2535   ☐ § 2713 (c)<br>2. ☐ TO ALLOW _____ AUTHORITIES EXCLUSIVE JURISDICTION | J. PLACE IN WANTED PERSONS SYSTEM<br>ISSUE IN CALIFORNIA WARRANT |
| | E. RETAIN ON PAROLE<br>BPT RULE 2535 (d) ( ) | K. MISCELLANEOUS |
| | F. RETAIN ON PAROLE SUPERVISION | |

PANEL HEARING CASE

NAME _____

NAME _____

| NAME | NUMBER | INSTITUTION/REGION | UNIT | DECISION DATE |
|---|---|---|---|---|
| Bloodshaw, Theopric | P20045 | P&CSD/REG3 | Ingle2 | 9 27 02 |

BOARD OF PRISON TERMS

## SUMMARY OF REVOCATION HEARING AND DECISION

(BPT Rules, Chapter 6, Article 3)

STATE OF CALIFORNIA

_MRRD_ 11-17-02

PAROLE REVOCATION RELEASE DATE  07-30-02

CONTROLLING DISCH. DATE  01-08-05

DISCH. REVIEW DATE  07-30-03

### I. PRELIMINARY INFORMATION

**A. TYPE OF HEARING**

[X] Revocation
[ ] Revocation Extension
[ ] Revocation: Psychiatric Treatment
[ ] Prerevocation

**B. LOCATION OF HEARING:** ........... S.A.C.

Parolee in Custody at time of Hearing

[X] Yes        [ ] No

**C. BASIS FOR CHARGES**

[X] Parole Violation Report, dated ........ 1-8 3-....
[ ] Other ....................................
........................... dated ...........

**D. OPTIONAL WAIVER**    [ ] Yes    [X] No

Date signed by parolee ........... Date of BPT action .....

Assessment ........................... [ ] Ineligible    [X] Eligible
(Check one)

**E. LEGAL DATA**

[ ] The crime for which the parolee was committed to prison occurred on or before 12-31-78.
[X] The crime for which the parolee was committed to prison occurred on or after 1-1-79.
Date of arrest on current parole violation charge(s) ................. 1-11-02
Date hold was placed on current parole violation charge(s) ............. 1-11-02

**F. PRESENT AT HEARING**

1. [X] Parolee (If parolee absent, why?) ......... BY TI FCOD
2. [X] Hearing Officer(s) ... THOMAS WADKINS DC (NAMES)
3. [X] Attorney    [ ] Waived    [ ] Disapproved    Name ... REEDS
4. [X] Agent of Record ... WILLIAMS — TESTIFIED (NAME OR REASON IF NOT PRESENT)
5. [X] Hearing Agent ... VILLACENTE (NAME IF REASON IF NOT PRESENT)
6. [ ] Observer(s) .................. (NAME AND ORGANIZATION)

**G. WITNESSES**

| Present | | Name | Notified | | Wit. Desig.** | | If absent, state specific reason. |
| Yes | No | | Meth. | Date | Stat. | Req. | |
|---|---|---|---|---|---|---|---|
| ✓ | | Detective Mark Renfrow | TT | 6-18 | A | ← | FTA-centerhouse |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**NOTIFICATION METHOD**

M = Memo    PC = Personal Contact
L = Letter    Sp = Subpoena
Ph = Phone    TT = Teletype

**USE ABBREVIATION FOR WITNESS DESIGNATION:**

Status:  A = Adverse    Requested By:  S = State
F = Friendly    P = Parolee
V = Victim

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|---|---|---|---|
| Broderick, Thaddeus  P 20040 | Sacto 3/III | | 6-24-04 |

WHITE—C. FILE
CANARY—BPT
PINK—PAROLEE
GOLDENROD—AGENT OF RECORD

BPT 1103 (REV. 3/90)    Page 1 of     pages    PERMANENT ADDENDA

BOARD OF PRISON TERMS

SUMMARY OF REVOCATION HEARING AND DECISION                    STATE OF CALIFORNIA

I. Preliminary Information (Cont.)

H.  HEARING        [ ] CANCELLED      [ ] POSTPONED
    REASON:

    [ ] Atty. Unavailable                [ ] Parolee Ret'd to Prison        [ ] Interpreter Needed
    [ ] Parolee Unavailable              [ ] Parolee Signed Waiver          [ ] Psych. Evaluation
    [ ] Witness Unavailable              [ ] Parolee Request                [ ] Add'l. Witness/Testimony

    [ ] Other: ...........................................................................................................

    Specify witnesses/documents needed for next hearing: ...................................................................................

I. OBJECTIONS    ☑ None    ☑ Yes    State objections (s) and panel's ruling and reasons on continuation sheet.

## II. SUMMARY OF FINDINGS

A.  ADMISSIONS/DENIALS AND FINDINGS

1.  Charges

| Charge# | Code | Brief Description of Conduct | Admit | Deny | No Plea | Good Cause | No Good Cause | Dismiss |
|---------|------|------------------------------|-------|------|---------|------------|--------------|---------|
| 1 | 021 | Absconding | | ✓ | | ✓ | | |
| 2 | 452 | Battery on a peace officer | | ✓ | | | | ✓ |
| 3 | 472 | Vandalism | | ✓ | | | | ✓ |
| 4 | 010 | Failed to attend POC | | ✓ | | | | ✓ |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Columns 2. Plea (Admit, Deny, No Plea) and 3. Findings (Good Cause, No Good Cause, Dismiss)

4.  Charges Amended to Read (Complete 5 below)

| Charge# | Code | Brief Description as Amended | Amended Prior to Plea | Prior to Finding |
|---------|------|------------------------------|-----------------------|------------------|
| | | | | |
| | | | | |
| | | | | |

5.  Reason for amending Charges (Show charge # and reason): ......................................................................
..............................................................................................................................................

NAME                    CDC NUMBER                    INST/REGION                    HEARING DATE
Hodsdon, Dwight Perry          July 07 / DRF                    8-29-02

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE
BPT 1103 (REV 3/90)          Page 2 of ___ Pages    GOLDENROD-AGENT OF RECORD

PERMANENT ADDENDA

BOARD OF PRISON TERMS                                                          STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

| III. REASON FOR DECISION |
|---|

Basis for Conclusion: CH #2, 3, 4 — Dismissed   No witness + spec. condition.

AOR testified Parolee released on 10-16-01 and failed to report to PCSD. BPT suspended Parolee on 11-14-01 (eff. 10-17-01) Parolee believe he was not on Parole

CH #1 — Good cause found based upon Testimony by Respondence of Evidence.

Basis for Disposition:

Court Case: 4350 (PR)   Prior Comm: 459 PC (1st)
-1990   Init Rel Dte: 7-4-00
RTC on 9-28-00 for fail to Register 1390
RTC on 4-19-01   Absconding.
   AOR Parolee never reported to PCSD
Parolee states he understands the Ws on Parole
10 Months RTC Based upon PV offense
2nd Behavior and 3rd RTC

| NAME | CDC NUMBER | INST/REGION | HEARING DATE |
|---|---|---|---|
| [illegible signature] | P26045 | [illegible] 2 /11 | 6-24-02 |
| BPT 1103 (REV 3/90) | | Page 3 of __ Pages | PERMANENT ADDENDA |

WHITE-C FILE
CANARY-BPT
PINK-PAROLEE
GOLDENROD-AGENT OF RECORD

BOARD OF PRISON TERMS

STATE OF CALIFORNIA

## SUMMARY OF REVOCATION HEARING AND DECISION

### IV. SUMMARY OF DISPOSITION

A. [✓] Hold Status:
1. [ ] Place Hold     2. [✓] Retain Hold
3. [ ] Remove Hold Not Later Than _____ (DATE)

B. [ ] Remaining Period of Parole Waived
Discharge Effective _____ (DATE)

C. [ ] Continue on Parole

D. [✓] Parole Revoked, Return to Custody-
_____ Months

E. [ ] Parole Revocation Period Extended:
_____ days

F. [ ] Parole Revoked, Return to Custody
_____ Months for Psychiatric Treatment

G. Eligibility for Credits
[✓] Eligible     [ ] Ineligible
Reason for Ineligibility (PC§3057(d)(2)):

[ ] Commitment offense (Specify) _____
[ ] Revocation offense (Specify) _____
[ ] Violation of parole condition (Specify) _____
[ ] Sentenced under PC §1168 (Specify) _____
[ ] Unsuitable for credits because of PC §3057 (d)(2)(E)
[ ] Prior criminal history
[ ] Circumstances and gravity of parole violation
Specify reason: _____
_____
_____
_____
_____

H. Optional Waivers
[ ] Previous B.P.T Action of _____ (DATE) is:
1. [ ] Rescinded     2. [ ] Reaffirmed

I. [ ] Other _____ (SPECIFY)
_____
_____
_____

J. [ ] Special Conditions of Parole
[ ] All current conditions reaffirmed

|         | No Alcohol | ANT | POC | Other |
|---------|-----------|-----|-----|-------|
| Added   |           |     |     |       |
| Deleted |           |     |     |       |

K. Instructions to CDC Staff/Reasons for special conditions of parole: 1073 Complete
_____
NOTE: CDC Records
See Attached Document
No Review for
Interpretation to see
if Parolee is on
Parole per Parole's
Record BPT
Hold Parolee is on Parole per
Court Records

---

BPT HEARING PANEL

NAME: _____ 6-24-02

NAME: _____

DECISION REVIEWED BY: _____

NAME _____

CDC NUMBER: P18045

INST/REGION: _____

REVOCATION HEARING TIME (MINUTES)
1. Prehearing Prep. Time: _____
2. Actual Hearing Time: _____
3. Report Completion Time: _____
4. Other (Specify): _____
Total _____

HEARING DATE: 6-24-02

WHITE—C FILE

BOARD OF PRISON TERMS

CONTINUATION SHEET                                    STATE OF CALIFORNIA

| CONTINUATION FOR: | SECTION |
| --- | --- |
| BPT FORM NO. | SUBSECTION |

MOTION: TIMELYNESS #15-u.s. Hold
Date was 1-11-07. Case
Prejudice that because of prejudice
Parolee's life

Decision: Motion Denied — Attorney Articulated
No prejudice to Parolee's case is an
will is a quadature not mandated
Dismissal. De Dismissal
Cts #2+3+4 where Denied of any WITNESS
No Prejudice as to ASSAULT on P.

MOTION — Parolee states he is not on Parole
Attorney presented court Minute
Order / Abs s 102A et al Judgement

DECISION:
Motion is Denied — Minute Order
Shows court sent Parolee to
Prison for Probation REVOCATION
Strives PTS PCSP CDC
records show the CASE
PTS CDC Records are calculated
CDD to be 2007

| NAME | NUMBER | INSTI/REGION | CALENDAR | HEARING DATE |
| --- | --- | --- | --- | --- |
| BLOODSHAW Theoprec | P00045 | Dale | VII | 6-24 |

12/17/2002 TUE 14:55 FAX 562 435 8523    LONG BEACH AREA OFFICE    ⌀002

## SU  RIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### PROBATION OFFICER'S REPORT

*COURT COPY*

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff

vs

THEOPRIC KENT BLOODSAW                    Defendant

| REPORT SEQUENCE NO. 1 | | |
|---|---|---|
| COURT -DEPT/DIV | JUDGE | COURT CASE NO./DEF ID |
| SW-G | FERREL | YA053506 01 |
| HEARING DATE | DEFENSE ATTY. | PROSECUTOR |
| 12-18-02 | HUEY (PD) | FRITZ |
| DPO | AREA OFFICE | PHONE NO. |
| HARRIGAN | LONG BEACH | (562) 491-5835 |

ADDRESS (PRESENT/RELEASE)
COUNTY JAIL/UNKNOWN

| BIRTHDATE | GENDER | RACE |
|---|---|---|
| 6-24-58 (44) | MALE | BLACK |

| CITIZENSHIP STATUS | DRIVER'S LICENSE/EXP. DATE |
|---|---|
| UNITED STATES | N9672705 |

| PROBATION NO. | CII NO. | MAIN NO. |
|---|---|---|
| X-271433 | A08953256 | 3934372 |

| ESTIMATED DAYS IN JAIL THIS CASE | CUSTODY STATUS/RELEASE DATE |
|---|---|
| 40 | COUNTY JAIL |

BOOKING NO.
7475221

TYPE REPORT

|  |  |
|---|---|
| X | **Probation and Sentence** |
|  | Pre-Conviction (131.3 CCP) |
|  | Deferred Entry of Judgment |
|  | Post Sentence |
|  | Diversion (Specify) |

## PRESENT OFFENSE:  LEGAL HISTORY

CHARGED with the crimes of (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)
COUNT 1: 245(C) PENAL CODE (ASSAULT ON A PEACE OFFICER OR FIREFIGHTER), PER 1192.7(C) PENAL
CODE
COUNT 2: 243(C)(2) PENAL CODE (BATTERY WITH INJURY ON A PEACE OFFICER)
COUNT 3: 422 PENAL CODE (CRIMINAL THREATS), PER 1192.7(C) PENAL CODE
ONE PRIOR ALLEGED PURSUANT TO 1170.12(A)-(D) AND 667(B)-(I) PENAL CODE
ONE PRIOR ALLEGED PURSUANT TO 667(A)(1) PENAL CODE AND TWO PRIORS ALLEGED PURSUANT TO
667.5(B) PENAL CODE

CONVICTED of the crimes of (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

NOT CONVICTED, REFERRED PER 131.3 CCP

| CONVICTED BY | DATE OF REFERRAL | COUNT (S) CONTINUED TO F & S FOR DISPOSITION |
|---|---|---|
| - | 12-6-02 |  |

| PROPOSED PLEA AGREEMENT | SOURCES OF INFORMATION |
|---|---|
| - | DISTRICT ATTORNEY PACKET |

| DATE(S) OF OFFENSE | TIME(S) |
|---|---|
| ON OR ABOUT 11-5-02 | APPROXIMATELY 9:30 A.M. |

| DEFENDANT: (SEE PRIOR RECORD SECTION) | ☐ N/A    ☐ SENTENCED TO STATE PRISON/COUNTY JAIL ON CASE ☐ ON PROBATION    ☐ PENDING PROBATION VIOLATION  ☐PENDING NEW CASE ☒ ON PAROLE-REMAINING TIME #P20045 | HOLDS ☒ YES ☐ NO |
|---|---|---|

RECOMMENDATION:

| ☐ PROBATION | ☒ DENIAL ☐ COUNTY JAIL ☒ STATE PRISON | ☐ DIAGNOSTIC STUDY ☐ 707.2 WIC ☐ 1203.03 PC | ☐ CYA | ☐ OTHER |
|---|---|---|---|---|

12/17/2002 TUE 14:59 FAX 562 435 8523       LONG BEACH AREA OFFICE

## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF LOS ANGELES

| NAME (LAST-FIRST-MIDDLE) | COURT DATE |
|---|---|
| BLOODSAW, THEOPRIC KENT | 12-18-02 |

| PROBATION NO. | COURT CASE NO. DEFENDANT ID |
|---|---|
| X271433 | YA053506 01 |

### RECOMMENDED TERMS AND CONDITIONS OF PROBATION/TERMS OF DEFERRED ENTRY OF JUDGMENT

1. ☐ SPEND FIRST _____ DAYS/MONTHS IN COUNTY JAIL.   ☐ NOT TO BE ELIGIBLE FOR COUNTY PAROLE.
   ☐ WORK FURLOUGH PROGRAM RECOMMENDED.
2. ☐ PAY A FINE OF $     PLUS PENALTY ASSEESMENT (1464 P.C. & 76000 G.C.) THROUGH THE PROBATION OFFICER.
   ☐ PAY $     LAB FEE PURSUANT TO 11372.5 H&S CODE ($50 FOR EACH H&S VIOLATION) THROUGH THE
   PROBATION OFFICER.
3. ☐ PAY RESTITUTION TO THE VICTIM(S) PURSUANT TO 1202.4 P.C, IN AMOUNT OF $     / IN A MANNER AS INSTRUCTED
   BY THE COURT/PROBATION OFFICER, INCLUDING A SERVICE CHARGE PER 1203.1 P.C. MINIMUM PAYMENT OF
   RESTITUTION TO BE $_____.
4. ☐ PAY $_____ RESTITUTION FINE PURSUANT TO 1202.4 P.C, IN A MANNER AS INSTRUCTED BY THE COURT/PROBATION
   OFFICER.
   ☐ TOTAL AMOUNT TO INCLUDE A SERVICE CHARGE IN THE AMOUNT OF $_____.
5. ☐ PAY $     DIVERSION RESTITUTION FEE IN AN AMOUNT AND MANNER AS INSTRUCTED BY THE COURT/PROBATION
   OFFICER.
6. ☐ NOT DRINK OR POSSESS ANY ALCOHOLIC BEVERAGE AND STAY OUT OF PLACES WHERE THEY ARE THE CHIEF ITEM OF SALE.
7. ☐ NOT USE OR POSSESS ANY NARCOTICS, DANGEROUS OR RESTRICTED DRUGS OR ASSOCIATED PARAPHERNALIA, EXCEPT WITH
   VALID PRESCRIPTION, AND STAY AWAY FROM PLACES WHERE USERS, BUYERS OR SELLERS CONGREGATE.
8. ☐ NOT ASSOCIATE WITH PERSONS KNOWN BY YOU TO BE NARCOTIC OR DRUG USERS OR SELLERS.
9. ☐ SUBMIT TO PERIODIC ANTI-NARCOTIC TESTS / ALCOHOL TESTS AS DIRECTED BY THE PROBATION OFFICER OR ANY OTHER PEACE
   OFFICER.
10. ☐ HAVE NO BLANK CHECKS IN POSSESSION; NOT WRITE ANY PORTION OF ANY CHECKS; AND NOT HAVE BANK ACCOUNT UPON WHICH
    YOU MAY DRAW CHECKS. NOT USE OR POSSESS OR APPLY FOR ANY CREDIT OR ATM CARD.
11. ☐ NOT ASSOCIATE WITH/STAY AWAY FROM _____.
12. ☐ COOPERATE WITH PROBATION OFFICER IN A PLAN FOR     .
13. ☐ SUPPORT DEPENDENTS AS DIRECTED BY PROBATION OFFICER.
14. ☐ SEEK AND MAINTAIN TRAINING, SCHOOLING OR EMPLOYMENT AS APPROVED BY PROBATION OFFICER.
15. ☐ KEEP PROBATION OFFICER ADVISED OF YOUR RESIDENCE AT ALL TIMES.
16. ☐ SURRENDER DRIVER'S LICENSE TO CLERK OF COURT TO BE RETURNED TO DEPARTMENT OF MOTOR VEHICLES.
17. ☐ NOT DRIVE A MOTOR VEHICLE UNLESS LAWFULLY LICENSED AND INSURED.
18. ☐ NOT OWN, USE OR POSSESS ANY DANGEROUS OR DEADLY WEAPONS.
19. ☐ SUBMIT YOUR PERSON AND PROPERTY UNDER YOUR CONTROL TO SEARCH OR SEIZURE AT ANY TIME OF THE DAY OR NIGHT BY
    ANY PROBATION OFFICER OR OTHER PEACE OFFICER WITH OR WITHOUT A WARRANT OR PROBABLE CAUSE.
20. ☐ OBEY ALL LAWS. OBEY ALL ORDERS, RULES AND REGULATIONS OF THE PROBATION DEPARTMENT AND OF THE COURT.
21. ☐ USE ONLY YOUR TRUE NAME, STATED TO BE     .
22. ☐ REPORT TO THE _____ AREA OFFICE AT_____ WITHIN _____.
23. ☐ IF YOU LEAVE THE COUNTRY, DO NOT REENTER THE UNITED STATES ILLEGALLY. IF YOU DO RETURN, REPORT TO THE PROBATION
    OFFICER WITHIN _____ AND PRESENT DOCUMENTATION WHICH PROVES YOU ARE IN THE UNITED STATES LEGALLY.
    ADDITIONAL CONDITIONS OF PROBATION:

### RECOMMENDATION OTHER THAN TERMS AND CONDITIONS OF PROBATION

☐ COST OF INCARCERATION: IF PROBATION IS GRANTED, IT IS RECOMMENDED THAT THE COURT DETERMINE DEFENDANT'S ABILITY
   TO PAY COST OF INCARCERATION PURSUANT TO SECTION 1203.1C PENAL CODE

SUBMITTED: 12-13-02   TYPED: 12-13-02   MAH:RTBC  ( 8 )

- 16 - (BLOODSAW)

26R726B   Prob. 18SC (Rev. 8/01)

| PRESENT OFFENSE: (CONTINUED) | | | SOURCES OF INFORMATION (this page) DISTRICT ATTORNEY PACKET | | |
|---|---|---|---|---|---|
| ARREST DATE | TIME | BOOKED AS | OFFENSE | LOCATION OF ARREST | ARRESTING AGENCY |
| 11-8-02 | 9:30 A.M. | THEOPRIC KENT BLOODSAW | 245(C) PC, 3056 PC | CENTURY BLVD/ LASALLE | LOS ANGELES SHERIFF'S OFFICE |

| CO-DEFENDANT(S) | COURT CASE NO. | DISPOSITION |
|---|---|---|
| NONE | | |

**ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE OFFENSE:**

ON JANUARY 8, 2002, AFTER THE DEFENDANT REFUSED TO COMPLY WITH POLICE OFFICERS' DEMANDS, TURNED AND BECAME COMBATIVE, A STRUGGLE ENSUED AND HE WAS FINALLY SUBDUED, CUFFED AND ADVISED OF HIS ARREST ON CHARGES THAT INCLUDED 245(C) PENAL CODE, 69 PENAL CODE, AS WELL AS PAROLE VIOLATION PER 3056 PENAL CODE.

ACCORDING TO AVAILABLE INFORMATION, ONE OF TWO DEPUTIES RECOGNIZED THE DEFENDANT ON NOVEMBER 8, 2002, AS THE SAME INDIVIDUAL HE HAD SEEN THE DAY BEFORE BEGGING MONEY FROM MOTORISTS MAKING PURCHASES AT A DONUT SHOP. WHILE THE DEFENDANT HAD BEEN WARNED ON THAT AFOREMENTIONED DATE TO QUIT LOITERING AND BEGGING, ON NOVEMBER 8, 2002, THE DEPUTY ALLEGEDLY DECIDED UPON SEEING THE DEFENDANT AGAIN THAT PERHAPS THERE SHOULD BE A FIELD CARD FILLED OUT AND THE DEFENDANT'S IDENTITY NOTED FOR POSSIBLE FUTURE CONTACTS.

THE TWO OFFICERS IN QUESTION ALIGHTED FROM THEIR PATROL CAR AND AFTER DEFENDANT WAS ALLEGEDLY VAGUE ABOUT HIS IDENTITY, DEPUTIES MADE THE DECISION TO ELEVATE THE CONTACT INTO A DETENTION FOR INVESTIGATIVE PURPOSES. WHEN THEY DETERMINED THE DEFENDANT WAS CONSIDERED A "PAROLEE AT LARGE" THE DECISION WAS MADE TO ARREST THE DEFENDANT AND HE WAS PUT INTO A STANCE FOR HANDCUFFING.

2.  (BLOODSAW)

1        RATHER THAN COMPLY WITH THE DEPUTIES DURING THE HANDCUFFING

2 PROCEDURE, THE DEFENDANT ALLEGEDLY TURNED, BREAKING FREE FROM THEIR GRASP AND

3 ENDED UP KNOCKING ONE OF THE TWO DEPUTIES TO THE GROUND.  WITNESSES SAW THE

4 DEFENDANT ON THE BACK OF DEPUTY HOODYE WITH DEPUTY SATO MAKING ATTEMPTS TO

5 FREE HIS PARTNER.  THE STRUGGLE CONTINUED UNTIL THE DEFENDANT WAS FINALLY

6 SUBDUED WITH THE HELP OF ADDITIONAL UNITS THAT RESPONDED TO THE SCENE.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 - (BLOODSAW)

| VICTIM: | SOURCES OF INFORMATION (this page) DISTRICT ATTORNEY PACKET |
|---|---|

| NAME DEPUTY SEAN HOODYE | COUNT(S) COUNT 1 |
|---|---|

INJURY: PROPERTY LOSS (TYPE / COST / ETC.)
SEE BELOW

| LOSS: ☐ YES ☐ NO | ESTIMATED LOSS UNKNOWN | RESTITUTION ALREADY MADE NO | APPLIED FOR VICTIM RESTITUTION FUND ☐ UNK    ☐ YES    ☒ NO |
|---|---|---|---|

**VICTIM STATEMENT:**

WHILE THE PROBATION OFFICER HAS TWICE ATTEMPTED TO REACH THE ARRESTING OFFICERS AND A MESSAGE HAS BEEN LEFT IN THEIR SECTION, THE PROBATION OFFICER HAS YET TO HEAR FROM THE DEPUTIES. HOWEVER, ACCORDING TO THE INCIDENT REPORTS, THE VICTIM/ARRESTING OFFICER WAS CONSIDERED TO BE "INJURED ON DUTY" (OFF WORK) FOR THE MINIMUM OF THREE DAYS. HIS INJURIES INCLUDED BRUISING AND LUMPS TO THE RIGHT SIDE OF HIS HEAD; SENSITIVITY TO BOTH ELBOWS; PAIN IN BOTH KNEES AND SHINS; SWELLING TO THE KNUCKLES ON HIS RIGHT HAND; SCRATCHES AND A SMALL CUT BETWEEN THE CREASE OF HIS EYELID NEAR THE EYEBALL; AS WELL AS SCRATCHES ACROSS THE TEMPLE AND BACK INTO THE HAIRLINE.

| RESTITUTION | TOTAL NUMBER OF VICTIMS TWO | ESTIMATED LOSS TO ALL VICTIMS NOT APPLICABLE | VICTIM(S) NOTIFIED OF P&S HEARING ☒ YES    ☐ NO |
|---|---|---|---|
| DOES DEFENDANT HAVE INSURANCE TO COVER RESTITUTION: ☐ YES  ☒ NO | | INSURANCE COMPANY NAME/ADDRESS/TELEPHONE NO. | |

☒ **VICTIM LIST CONTINUES NEXT PAGE**

- 4 - (BLOODSAW)

| ADDITIONAL VICTIMS: | SOURCES OF INFORMATION (THIS PAGE) |
|---|---|
| | DISTRICT ATTORNEY PACKET |

| NAME | COUNT(S) |
|---|---|
| DEPUTY BRAD SATO | COUNT 2 |

INJURY: PROPERTY LOSS (TYPE / COST / ETC.)
SEE BELOW

| UNKNOWN | ESTIMATED LOSS | RESTITUTION ALREADY MADE | APPLIED FOR VICTIM RESTITUTION FUND |
|---|---|---|---|
| LOSS: ☐YES ☐NO | N/A | NO | ☐UNK ☐YES ☒NO |

VICTIM STATEMENT:

      WHILE THE PROBATION OFFICER HAS TWICE ATTEMPTED TO REACH THE ARRESTING OFFICERS AND A MESSAGE HAS BEEN LEFT IN THEIR SECTION, THE PROBATION OFFICER HAS YET TO HEAR FROM THE DEPUTIES. ACCORDING TO THE INCIDENT REPORTS, THE VICTIM/ARRESTING OFFICER INDICATED HE HAD SEVERE PAIN AND DISCOMFORT TO HIS RIGHT ANKLE AND AFTER SEEING A DOCTOR, WAS FOUND TO HAVE A STRAINED LIGAMENT. HE WAS SCHEDULED TO BE OFF WORK THREE DAYS BEFORE BEING RE-EVALUATED FOR DUTY FITNESS.

12/17/2002 TUE 14:56 FAX 562 435 8523      LONG BEACH AREA OFFICE                    ☒ 007

PRIOR RECORD:

SOURCES OF INFORMATION (this page):
CII, FBI, CCHRS, DISTRICT ATTORNEY PACKET, PROBATION
RECORDS, REGIONAL RECORDS, DEPARTMENT OF
CORRECTIONS, DEFENDANT

AKAs:

(1) BLOODSAW, THEOPRIC KENT; (2) BLOODSHAW, THEOPRIC KENT; (3) BLOODSAW, THEOPRIC; (4) BLEDSOE,
JONATHON; (5) BLOODSHAW THEOPRIC; (6) BOWMAN, LARRY; (7) BLOODSHAW, THEODORE KEN;
(8) BLOODSAW, THEOPIC KEN; (9) THEOPRIC, KENT; (10) BLOODSAW, THEODORE; (11) BLEDSOE, TNEOPRII.
KENT; (12) BLODSNOW, THEO; (13) BLOOSHAW, THEOPRIC; (14) BLOODSHAW, MARK; (15) BLOODSAW,
THEOPIC K; (16) MONIKER: T.

DATES OF BIRTH: 9-14-59; 6-24-57.

JUVENILE HISTORY:

INFORMATION IS NOT AVAILABLE THROUGH PROBATION DEPARTMENT
INQUIRY FIVE YEARS AFTER JUVENILE PROBATION ACTIVITY HAS TERMINATED, AND
DEFENDANT ADMITS NO RECORD.

ADULT HISTORY:

10-20-85        LOS ANGELES POLICE DEPARTMENT - 640(F) PENAL CODE (PUBLIC
                TRANSPORTATION: DISTURBING OTHERS), AN INFRACTION - 1-24-88, CASE
                NUMBER 30027267, BENCH WARRANT PREVIOUSLY ORDERED AND ISSUED
                12-16-85 RECALLED; ON 11-30-88 SIX DAYS COUNTY JAIL CREDIT TIME
                SERVED.

3-6-89          LOS ANGELES POLICE DEPARTMENT - 484(A) PENAL CODE (THEFT OF
                PERSONAL PROPERTY) - 3-8-89, LOS ANGELES MUNICIPAL COURT CASE
                NUMBER 89R15171, CONVICTED COUNT 2: 484(A) PENAL CODE, 24 MONTHS
                PROBATION, THREE DAYS JAIL; 10852 VEHICLE CODE - DISMISSED IN THE
                FURTHERANCE OF JUSTICE; 5-9-89 VIOLATION/PROBATION REVOKED AND
                REINSTATED WITH MODIFICATION SERVE 30 DAYS COUNTY JAIL.

7-30-89         LOS ANGELES POLICE DEPARTMENT - 666 PENAL CODE (PETTY THEFT
                WITH PRIORS) - 8-21-89, CASE NUMBER 89R33439, CONVICTED 666 PENAL
                CODE, 24 MONTHS PROBATION, 90 DAYS JAIL.

9-14-89         LOS ANGELES POLICE DEPARTMENT - 459 PENAL CODE (BURGLARY) -
                12-27-89, CASE NUMBER BA004642, CONVICTED 459 PENAL CODE (FIRST
                DEGREE), COMMITTED TO STATE PRISON FOR TERM OF FOUR YEARS;
                PAROLED 11-8-91; VIOLATION/RETURNEE 2-26-92; VIOLATION/RETURNEE
                7-27-92; VIOLATION/RETURNEE 1-14-94; VIOLATION/RETURNEE 5-9-94;
                VIOLATION/RETURNEE 7-18-94; VIOLATION/RETURNEE 3-6-95; RELEASED
                UNKNOWN DATE; DISCHARGED CDC NUMBER E40947 ON UNKNOWN DATE.

        (THIS REFERS TO ONE OF THE ALLEGED PRIORS THAT IS TO BE DETERMINED.)

7-19-92         LOS ANGELES POLICE DEPARTMENT - 245(A)(1) PENAL CODE (ASSAULT
                WITH A DEADLY WEAPON) - 7-20-92 PROSECUTION DEFERRED FOR
                REVOCATION OF PAROLE.

- 5 - (BLOODSAW)

| | | |
|---|---|---|
| 1 | 11-21-93 | LOS ANGELES SHERIFF'S OFFICE - 11550 HEALTH AND SAFETY CODE (UNDER THE INFLUENCE OF A CONTROLLED SUBSTANCE) - 4-18-94, INGLEWOOD MUNICIPAL COURT CASE NUMBER 93M10430, CONVICTED COUNT 2: 11550(A) HEALTH AND SAFETY CODE, 24 MONTHS PROBATION, 120 DAYS JAIL; 11364 HEALTH AND SAFETY CODE DISMISSED IN VIEW OF PLEA TO OTHER CHARGE. |

2

3

4    1-6-94    LOS ANGELES POLICE DEPARTMENT - 602(N) PENAL CODE (TRESPASS: REFUSE TO LEAVE PROPERTY) - 1-10-94 PROSECUTION RELEASE/DETAINED
5    ONLY/INTEREST OF JUSTICE.

6    (ACCORDING TO CII INFORMATION, THIS ARREST DID RESULT IN THE DEFENDANT'S RETURN FOR PAROLE VIOLATION.)

7

8    10-27-94    LOS ANGELES POLICE DEPARTMENT - 245(A)(1) PENAL CODE (ASSAULT WITH A DEADLY WEAPON) - 2-27-95, CASE NUMBER TA032554, CONVICTED
9    245(A)(1) PENAL CODE, 12 MONTHS PROBATION, 188 DAYS JAIL.

10    (ACCORDING TO COURT RECORDS, DEFENDANT WAS HELD TO ANSWER AT A PRELIMINARY HEARING ON 11-28-94 AND THE MATTER WAS CONTINUED FOR FELONY
11    ARRAIGNMENT/PLEA 12-12-94, HOWEVER THERE ARE NO OTHER COURT RECORDS AVAILABLE. ACCORDING TO CII INFORMATION, THE MATTER REACHED DISPOSITION AS
12    A MISDEMEANOR 2-27-95 WITH THE AFOREMENTIONED GRANT OF PROBATION AND TIME IN JAIL. IT IS KNOWN FROM THE CII THAT DEFENDANT WAS RETURNED SHORTLY AFTER
13    2-27-95 TO STATE PRISON FOR VIOLATION OF PAROLE.)

14    2-20-96    LOS ANGELES SHERIFF'S OFFICE - 11550(A) HEALTH AND SAFETY CODE (UNDER THE INFLUENCE OF CONTROLLED SUBSTANCE) - 4-1-96, PLED
15    NOLO 11550(A) HEALTH AND SAFETY CODE, 90 DAYS COUNTY JAIL.

16    3-4-96    LOS ANGELES POLICE DEPARTMENT - 11550(A) HEALTH AND SAFETY CODE - 3-11-96, CRIMINAL COMPLAINT FILED IN CASE NUMBER 6IW02569,
17    CHARGING DEFENDANT WITH THREE COUNTS: 13.18.010 LAO, 11550(A) HEALTH AND SAFETY CODE AND 11364 HEALTH AND SAFETY CODE;
6-10-96 PLED NOLO 11550(A) HEALTH AND SAFETY CODE, 90 DAYS COUNTY
18    JAIL; REMAINING COUNTS DISMISSED.

19    4-20-96    LOS ANGELES POLICE DEPARTMENT - 602(J) PENAL CODE (TRESPASS: INJURE PROPERTY) - 4-22-96, LOS ANGELES MUNICIPAL COURT, CASE
20    NUMBER 6CR11522, CONVICTED 602(J) PENAL CODE, 12 MONTHS PROBATION, THREE DAYS JAIL; 136.1(B)(1) PENAL CODE DISMISSED IN THE
21    FURTHERANCE OF JUSTICE.

22    4-23-96    LOS ANGELES POLICE DEPARTMENT - 602(J) PENAL CODE (TRESPASS) - 4-24-96, CASE NUMBER 6CR11714, CONVICTED COUNT 5: 602(J) PENAL
23    CODE, TWO YEARS PROBATION, RESTITUTION; REMAINING COUNTS INCLUDING 602.1(A) PENAL CODE, 415 PENAL CODE, 647(C) PENAL CODE
24    AND 148(A) PENAL CODE DISMISSED IN THE FURTHERANCE OF JUSTICE.

25    8-17-96    LOS ANGELES SHERIFF'S OFFICE - 11364 HEALTH AND SAFETY CODE (POSSESSION OF CONTROLLED SUBSTANCE PARAPHERNALIA) - 8-19-96,
26    CONVICTED 13.18.010 LAO, THREE DAYS JAIL; 11364 HEALTH AND SAFETY CODE DISMISSED.

27

28

7    (BLOODSAW)

9-8-96       LOS ANGELES SHERIFF'S OFFICE - 11550(A) HEALTH AND SAFETY CODE (UNDER THE INFLUENCE OF A CONTROLLED SUBSTANCE) - 10-18-96, CASE NUMBER 6IW08852, PLED NOLO 11550(A) HEALTH AND SAFETY CODE, 90 DAYS COUNTY JAIL; 13.18.010 LAO DISMISSED.

11-27-96      LOS ANGELES SHERIFF'S OFFICE - 11550(A) HEALTH AND SAFETY CODE (UNDER THE INFLUENCE OF A CONTROLLED SUBSTANCE) - 1-6-97, CASE NUMBER 6IW11682, CONVICTED AS CHARGED, 120 DAYS COUNTY JAIL.

1-2-97       LOS ANGELES SHERIFF'S OFFICE - 11550(A) HEALTH AND SAFETY CODE (UNDER THE INFLUENCE OF CONTROLLED SUBSTANCE) - 1-6-97, CASE NUMBER 7IW00063, CONVICTED 11550(A) HEALTH AND SAFETY CODE, 120 DAYS COUNTY JAIL; 148.9(A) PENAL CODE DISMISSED.

4-20-97      LOS ANGELES SHERIFF'S OFFICE - 11550(A) HEALTH AND SAFETY CODE (UNDER THE INFLUENCE OF A CONTROLLED SUBSTANCE) - 5-12-97, CASE NUMBER 7IW03937, CONVICTED AS CHARGED, 90 DAYS JAIL.

8-15-97      LOS ANGELES SHERIFF'S OFFICE - 11350(A) HEALTH AND SAFETY CODE (POSSESSION OF A CONTROLLED SUBSTANCE) - 10-7-97, CASE NUMBER YA034031, CONVICTED 11350(A) HEALTH AND SAFETY CODE, IMPOSITION OF SENTENCE SUSPENDED, THREE YEARS PROBATION, 365 DAYS COUNTY JAIL; 11-16-98 VIOLATION/PROBATION REVOKED, COMMITTED TO STATE PRISON FOR A TERM OF THREE YEARS; PAROLED UNKNOWN DATE; VIOLATION/RETURNEE 11-15-00; VIOLATION/RETURNEE 6-5-01; LAST RELEASE NOTED 8-9-02, CDC NUMBER P20045.

(THIS REFERS TO ONE OF THE ALLEGED PRIORS THAT IS TO BE DETERMINED.)

9-28-00      LOS ANGELES SHERIFF'S OFFICE - 422 PENAL CODE (CRIMINAL THREATS), 243(B) PENAL CODE (BATTERY ON A PEACE OFFICER), 3056 PENAL CODE - 10-4-00, CASE NUMBER 01W07447, PLED NOLO 243(B) PENAL CODE, 30 DAYS COUNTY JAIL, 422 PENAL CODE DISMISSED.

(ACCORDING TO THE INCIDENT REPORT, THE DEFENDANT WAS FOUND TO BE WANTED FOR PAROLE VIOLATION WITH A NO BAIL WARRANT AND THUS HE WAS DETAINED, HANDCUFFED, AND WHEN TOLD ABOUT THE PAROLE WARRANT, HE REPORTEDLY BECAME VERY ANGRY. HE BEGAN YELLING OBSCENITIES AT THE PATROL OFFICER, SPAT AT THE OFFICER, AND MADE VERBAL THREATS AND CONTINUED TO SPIT AT THE OFFICER FROM THE BACK SEAT OF THE PATROL CAR.)

12/17/2002 TUE 14:58 FAX 562 435 8523    LONG BEACH AREA OFFICE    ☒010

1-11-02    LOS ANGELES SHERIFF'S OFFICE - WARRANT - 3056 PENAL CODE, 243(B) PENAL CODE, 594(B)(4) PENAL CODE - SEE BELOW.

(ACCORDING TO CII INFORMATION, THE DEFENDANT WAS RETURNED TO STATE PRISON FOR PAROLE VIOLATION WITH A NOTED RELEASE OF 8-9-02. ACCORDING TO THE ARREST REPORT DATED 1-11-02, POLICE APPROACHED THE DEFENDANT WHEN HE WAS SUSPECTED OF LOITERING AND PANHANDLING AT A DONUT SHOP.  ONCE IT WAS DETERMINED THE DEFENDANT HAD A PAROLE WARRANT, THE OFFICERS CONTACTED THE DEFENDANT AND HE WAS HANDCUFFED WITHOUT INCIDENT AND SEAT BELTED IN THE BACK SEAT OF THE RADIO CAR.  AT THAT POINT HE BEGAN SHOUTING OBSCENITIES, MAKING THREATS TOWARDS THE DETAINING OFFICER, AND HE ENDED UP SPITTING ON THE BACK OF THE HEAD OF THE OFFICER TRANSPORTING THE DEFENDANT.  HE MANAGED TO FREE HIMSELF FROM HIS SEATBELT, KICKED OUT AND SHATTERED THE LEFT REAR PASSENGER WINDOW AT THE RADIO CAR AND HE WAS THEN TRANSFERRED TO A DIFFERENT RADIO CAR BUT THIS TIME HAD A "SPIT HOOD" APPLIED.  A NEW CRIMINAL COMPLAINT APPEARS NOT TO HAVE BEEN FILED BUT SIMPLY NOTES THE DEFENDANT BEING RETURNED ON THE PAROLE VIOLATION.)

12/17/2002 TUE 14:58 FAX 562 435 8523        LONG BEACH AREA OFFICE                         ⓦ011

PERSONAL HISTORY:

| SOURCES OF INFORMATION (this page) |
|---|
| DEFENDANT AND PROBATION RECORDS |

**SUBSTANCE ABUSE:**

_____    No record, indication, or admission of alcohol or controlled substance abuse.

_____    Occasional social or experimental use of _____ acknowledged.

__X__    See Additional Information below: Indication / admission of significant substance abuse problem.

Additional Information

DURING THE PRESENT INVESTIGATION AND INTERVIEW WITH THE DEFENDANT, HE ADAMANTLY DENIED ANY USE OF ANY FORM OF CONTROLLED SUBSTANCE OR ALCOHOLIC BEVERAGE SINCE 1996. (IN THE DEFENDANT'S PRIOR CRIMINAL RECORD, THERE ARE NUMEROUS CASES FILED AGAINST THE DEFENDANT FOR BEING UNDER THE INFLUENCE AND/OR IN POSSESSION OF DRUGS.)

**PHYSICAL / MENTAL / EMOTIONAL HEALTH:**

_____    No indication or claim of significant physical / mental / emotional health problem.

__X__    See Additional Information below:   Indication / claim of significant physical / mental / emotional health problem.

Additional Information

THE DEFENDANT CLAIMS HE'S HAD A PSYCHIATRIC EVALUATION DONE AND HE CLAIMS, "WHILE THEY SAY I'M CRAZY, THEY LIED ON ME."

12/17/2002 TUE 14:58 FAX 562 435 8525    LONG BEACH AREA OFFICE    ⌀012

| PERSONAL HISTORY: (CONTINUED) | | SOURCES OF INFORMATION (this page) DEFENDANT AND PROBATION RECORDS | |

| RESIDENCE | TYPE RESIDENCE UNKNOWN | LENGTH OF OCCUPANCY UPON RELEASE | MORTGAGE/RENT N/A | RESIDES WITH/RELATIONSHIP NOT APPLICABLE |
|---|---|---|---|---|
| RESIDENTIAL STABILITY LAST FIVE YEARS POOR | | CAME TO STATE / FROM 1979/LOUISIANA | | CAME TO COUNTY / FROM 1979/LOUISIANA |

**Additional Information**

THE DEFENDANT CLAIMS THAT WHEN HE'S RELEASED THIS TIME HE'S GOING TO "GO OUT OF STATE." HE HAS ABSOLUTELY NO FAMILY IN THE AREA AND CLAIMS THAT PRIOR TO HIS ARREST, HE USUALLY "BOUNCED AROUND LIVING WITH SEVERAL DIFFERENT WOMEN."

| MARRIAGE / PARENTHOOD | MARITAL STATUS SINGLE | NAME OF SPOUSE / PRESENT COHABITANTS |
|---|---|---|
| LENGTH OF UNION | NO. OF CHILDREN THIS UNION ZERO | SUPPORTED BY |
| NO. PRIOR MARRIAGES/COHABITATIONS | NO. OF CHILDREN THESE UNIONS | SUPPORTED BY |
| NO. OF OTHER CHILDREN | SUPPORTED BY | |

**Additional Information**

**FORMAL EDUCATION:**
DEFENDANT CLAIMS HE WAS RAISED IN LOUISIANA AND QUIT SCHOOL IN THE ELEVENTH GRADE.

12/17/2002 TUE 14:58 FAX 562 435 8523     LONG BEACH AREA OFFICE     @013

| PERSONAL HISTORY: (CONTINUED) | SOURCES OF INFORMATION (this page) DEFENDANT |
|---|---|

| EMPLOYMENT STATUS | ☐ EMPLOYED ☒ UNEMPLOYED | REFERRED TO WORK FURLOUGH ☐ YES ☒ NO | EMPLOYER AWARE OF PRESENT OFFENSE ☒ N/A ☐ YES ☐ NO |
|---|---|---|---|
| LAST EMPLOYER/ADDRESS/PHONE SEE BELOW | OCCUPATION - | PERIOD OF EMPLOYMENT - | GROSS MONTHLY WAGE - |
| | EMPLOYMENT STABILITY LAST 5 YEARS - | | TYPE OF PREVIOUS EMPLOYMENT - |
| ☐ VERIFIED ☐ UNVERIFIED | | | |

**Additional Information**

DEFENDANT CLAIMS TO HAVE AN ARRAY OF PHYSICAL AILMENTS, INCLUDING "SPINAL PROBLEMS, PARTIAL PARALYSIS TO MY LEFT SIDE, AND HEARING LOSS."

DEFENDANT DID NOT MENTION ONE PREVIOUS EMPLOYER BUT INDICATED THAT HE USUALLY "RECYCLES."

| FINANCIAL STATUS | INCOME STABILITY POOR | | NET MONTHLY INCOME ZERO | |
|---|---|---|---|---|
| PRIMARY INCOME SOURCE NONE | SECONDARY INCOME SOURCE(S) NONE | | EST. TOTAL ASSETS NONE | EST. TOTAL LIABILITIES NONE |
| MAJOR ASSETS / ESTIMATED VALUE NONE | | | | |
| MAJOR LIABILITIES / ESTIMATED AMOUNT (MONTHLY) NONE | | | | |

**Additional Information**

| GANG ACTIVITY    ☐ YES ☒ NO ☐ UNK    Name of Gang: |
|---|

- 12 -   (BLOODSAW)

1  DEFENDANT'S STATEMENT:

2              AS THIS IS A PRE-PLEA REPORT, THE ELEMENTS AND RELEVANT
3  CIRCUMSTANCES OF THE OFFENSE WERE NOT DISCUSSED WITH THE DEFENDANT.

4  INTERESTED PARTIES:

5              ACCORDING TO REGIONAL RECORDS WITH THE DEPARTMENT OF
6  CORRECTIONS, DEFENDANT WAS RELEASED FROM STATE PRISON AUGUST 9, 2002, ON CDC
7  NUMBER P20045. DEFENDANT IS ACTIVE TO THE INGLEWOOD PAROLE OFFICE AND HIS PAROLE
8  AGENT IS MR. WILLIAMS. HE HAS NOT BEEN AVAILABLE FOR COMMENT BUT JAIL BOOKING
9  INFORMATION INDICATES A PAROLE HOLD IS IN FULL FORCE AND EFFECT.

10  EVALUATION:

11              THIS 44-YEAR-OLD HOMELESS MAN WITH NO DOCUMENTED RECORD OF
12  EMPLOYMENT HAS BEEN IN AND OUT OF CUSTODY SINCE THE 1980'S. HIS CRIMINAL RECORD IS
13  EXTENSIVE, NOTING AN ARRAY OF CHARGES INCLUDING BEING UNDER THE INFLUENCE OF
14  DRUGS, BURGLARY, POSSESSION OF A CONTROLLED SUBSTANCE AS WELL AS TRESPASS AND
15  ASSAULT.

16              GIVEN THE ALLEGED PRIORS, THERE IS A QUESTION AS TO THE
17  DEFENDANT'S ELIGIBILITY FOR PROBATION TO BE DETERMINED BUT CERTAINLY THE
18  DEFENDANT IS POORLY SUITED FOR COMMUNITY-BASED SUPERVISION. HE HAD BEEN OUT OF
19  PRISON ALMOST THREE MONTHS EXACTLY WHEN HE WAS PICKED UP IN THE CASE NOW BEFORE
20  THE COURT. DEFENDANT IN THIS CASE IS ALLEGED TO HAVE ASSAULTED A POLICE OFFICER,
21  THREATENED THE ARRESTING OFFICERS WITH HARM, AND THE ELEMENTS AND RELEVANT
22  CIRCUMSTANCES OF THE PRESENT CASE IS NOT UNLIKE SEVERAL OTHER PREVIOUS INCIDENTS
23  INVOLVING THE DEFENDANT.

24              THE DEFENDANT CLEARLY SEEMS TO HAVE SOME FORM OF PSYCHIATRIC/
25  PSYCHOLOGICAL PROBLEMS THAT NEED TO BE ADDRESSED WHILE HE'S IN CUSTODY. PERHAPS
26  THE DEPARTMENT OF CORRECTIONS MAY WISH TO HAVE THE DEFENDANT EITHER EVALUATED
27  AND/OR PLACED IN A FACILITY SUCH AS VACAVILLE OR A SIMILAR INSTITUTION WHERE
28  PERHAPS HE CAN RECEIVE THE PSYCHIATRIC COUNSELING AND INTERVENTION HE IS IN NEED

OF, BUT AT THIS JUNCTURE HE DOES APPEAR TO BE A THREAT TO OTHERS, SPECIFICALLY OFFICERS ATTACHED WITH THE LENNOX STATION.

### SENTENCING CONSIDERATIONS:

THERE IS A QUESTION AS TO THE DEFENDANT'S ELIGIBILITY FOR PROBATION WHICH THE COURT MUST ADDRESS.

### CIRCUMSTANCES IN AGGRAVATION:

1. THE CRIME INVOLVED GREAT VIOLENCE, GREAT BODILY HARM, THREAT OF GREAT BODILY HARM, OR OTHER ACTS DISCLOSING A HIGH DEGREE OF CRUELTY, VICIOUSNESS, OR CALLOUSNESS.

2. THE MANNER IN WHICH THE CRIME WAS CARRIED OUT INDICATES PLANNING, SOPHISTICATION, OR PROFESSIONALISM.

3. DEFENDANT HAS ENGAGED IN VIOLENT CONDUCT WHICH MAY INDICATE A DANGER TO SOCIETY.

4. DEFENDANT'S PRIOR CONVICTIONS AS AN ADULT ARE BOTH NUMEROUS AND OF INCREASING SERIOUSNESS.

5. DEFENDANT HAS SERVED PRIOR PRISON TERMS.

6. DEFENDANT WAS ON BOTH SUMMARY PROBATION AND PAROLE WHEN THE CRIME WAS COMMITTED.

7. DEFENDANT'S PRIOR PERFORMANCE ON BOTH PROBATION AND PAROLE HAS BEEN UNSATISFACTORY.

### CIRCUMSTANCES IN MITIGATION:

1. NONE.

IN THE ABSENCE OF ANY MITIGATING FACTORS AND IN A REVIEW OF THOSE IN AGGRAVATION, ONE CAN ONLY THINK THE HIGH-BASE TERM IS WARRANTED WITH A REFERRAL TO THE DEPARTMENT OF CORRECTIONS.

- 14 - (BLOODSAW)

12/17/2002 TUE 14:59 FAX 562 435 8523    LONG BEACH AREA OFFICE    ☒016

RECOMMENDATION:

1

2          SHOULD THE DEFENDANT BE CONVICTED OF CRIMINAL CHARGES, IT IS

RECOMMENDED THAT PROBATION BE DENIED AND DEFENDANT BE SENTENCED TO STATE

3
PRISON WITH PRE-IMPRISONMENT CREDIT OF 40 DAYS; THAT THE COURT ORDER THE

4
DEFENDANT TO PAY A RESTITUTION FINE PURSUANT TO 1202.4 PENAL CODE IN THE MANNER AS

5
DIRECTED BY THE COURT.

6

7    RESPECTFULLY SUBMITTED,

8    RICHARD SHUMSKY
     CHIEF PROBATION OFFICER
9

10
     BY
11   MELANEY A. HARRIGAN, DEPUTY
     LONG BEACH AREA OFFICE
12   (562) 491-5835

13

14   READ AND APPROVED:                    I  HAVE  READ  AND  CONSIDERED  THE
                                           FOREGOING REPORT OF THE PROBATION
15                                         OFFICER.

16

17   LARRY SUZUKAWA, SDPO                  _____
     (562) 491-5874                        JUDGE OF THE SUPERIOR COURT
18

19   SUBMITTED: 12-13-02
     TYPED: 12-13-02
20   MAH:RTBC  (8)

21

22

23

24

25

26

27

28





STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
CDC 128G (Rev. 12/91)

NO:   P-20045 .
NAME:   BLOODSAW, Theopric
A4-226

Custody:   CLO B     CS   85 (IV)     A2/B EFF 2/24/04
RelDate:   EPRD 11/24/19     Reclass:   6/2005

Assignment:   SS/FS WL
Action:   REAFFIRM PLACEMENT ON SS/FS WL; PL ON ABE-I WL; CPP

Inmate Bloodsaw was reviewed in absentia, per his own request, by PBSP FAC A UCC on this date for Annual Review. UCC notes S's RGPL is 3.3. S was interviewed by the CCI, and all pertinent information has been updated. S requested photocopies of 2 CDC 115's, but S has no funds available; he was advised that when he has funds, he may make another request. S made repeated statements that all CDC staff involved, were going to pay for their misdeeds against him (S perceived misdeeds on legal issues). S was advised that he could work on legal issues through the courts. **Committee acts to continue S in his present program at PBSP-IV GP, reaffirm placement on the SS/FS waiting lists, add to the ABE-I waiting list, and review and clear S for double celling.** At interview, S agreed with his current double cell assignment and stated he can be housed with non-affiliated Black ethnic groups. During the interview, S indicated he was willing to conduct himself as an individual and abstain from violence, participate in an education or work incentive program, and notify staff immediately of any enemy situation. Grooming standards were discussed, and S stated he was not willing to comply, by refusing to shave his beard, as grooming standards was another issue he was working on through the courts. S was advised that Title 15 required all I/M's to comply with grooming standards. S stated he would not comply. Classification score is reduced by 2 points, to a current Level-IV score of 85 points. Committee notes CDC 128C Mental Health Screening Chrono dated 3/1/04, denoting no level of care. DDP Review: CDC 128C-2 is in C-file. Restitution is required by Los Angeles County in the amount of $250; balance due is $250. There have been no changes in case factors since Initial Classification Chrono dated 3/2/04, unless noted above. S is advised, via this chrono, of Committee's decision and his right to appeal. Next reclass scheduled in 6/2005, for Annual Review.

CHAIRPERSON:   D. BRADBURY/FC(A)

S. WALCH/CCII(A)

RECORDER:   W. HALBERT/CCI

CC: ☐OBIS  ☐CSR  ☐IGI  ☑PSYCH  ☐MED  ☐C&PR  ☐OTHER _____
Committee Date:  6/17/04              (HALBERT/jw)              Classification              FAC-A  UCC/REVIEW

☒128-C2 in C-file
inst: PESP

| NO: * P-20045 | NAME: BLOODSAW, Theopric | | A4-226 | |
|---|---|---|---|---|
| Custody: CLO B | CS: 85 (IV) | C/C EFF 7/14/04 | Assignment: | UNA |
| RelDate: EPRD 11/24/19 | | Reclass: 6/2005 | Action: | UNA ABE-I/ESL EFF 7/14/04, WG/PG C/C EFF 7/14/04; REMOVE SS/FS WL |

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Program Review. No staff assistant was assigned as S is not illiterate, speaks English, can comprehend the issues, and is free of mental health services needs. UCC notes S's RGPL is 3.3; therefore, effective communication was ensured by speaking slowly, using plain, simple English, and S appeared to understand. **Committee acts to unassign ABE-I/ESL effective 7/14/04, and establish WG/PG C/C effective 7/14/04.** S was advised that if at some point in time he wanted to return to school and be removed from C/C, to let the CCI know and it would take 3 to 4 weeks for the counselor to complete. Remove from SS/FS waiting list. Current classification score is 85 Level-IV points. S participated in Committee, acknowledged understanding, and agreed with Committee action after UCC explained all the consequences stating, "I do not want to attend school." Committee notes CDC 128C Mental Health Screening Chrono dated 3/1/04, denoting no level of care. DDP Review: CDC 128C-2 is in C-file. S was advised of Committee's decision and his right to appeal. S has been advised that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next reclass scheduled in 6/2005, for Annual Review.

| CHAIRPERSON: P. T. SMITH/FC | D. BRADBURY/CCII | T. ROBERTS/SCEP | RECORDER: W. HALBERT/CCI |
|---|---|---|---|

CC:* ☒OBIS  ☐CSR  ☐IGI  ☒PSYCH  ☐MED  ☐C&PR  ☐OTHER _____     ☐128-C2 in C-file
Committee Date: 7/29/04          (HALBERT/jw)          Classification          FAC-A  UCC/REVIEW          Inst::: PBSP

NO: P-20045
NAME: BLOODSAW, Theopric      A2-125
Custody: CLO B    CS: 87 (IV)   C/C EFF 7/14/04    Assignment: VUN
RelDate: EPRD 12/24/19    Reclass: 6/2006    Action: CONTINUE PRESENT PROGRAM

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Annual Review. Prior to Committee, CCI M. Thornton was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: Most current RGPL is less than 4.0. Committee effectively communicated with S as noted: Short sentences using simple English. Committee noted S has an RGPL of 3.3. **Committee acts to continue S in his present program at PBSP-IV GP, and clear for double celling, noting no history of in-cell violence.** Committee noted S has no cellmate and the "S" custody suffix has not previously been applied. **Committee acts to continue custody level at CLO B, with WG/PG C/C effective 7/14/04.** Grooming standards were discussed, and S stated he was willing to comply. Placement score is increased by 2 points, to a current Level-IV score of 87 points. S participated in Committee, acknowledged understanding, and agreed with Committee action, stating "I have no intention of going to school or having a cellie. I want a transfer for my hearing disability." UCC noted that ASU medical clinic, R.N. Reallon, stated "Everything we've received, the 1824 and 1845, have been completed and sent to Appeals or Medical Records." UCC noted that when pertinent copies are received, appropriate action will be taken by the CCI, if necessary. Committee notes CDC 128C Mental Health Screening Chrono dated 3/1/04, denoting no level of care. Committee noted S has 1 new 115(s) this Annual Review period. DDP Review: CDC 128C-2 is in C-file. There have been no changes in case factors since Initial Classification Chrono dated 3/2/04, unless noted above. S is eligible to work around computers, computer systems, or to be in areas that may have access to personal information, per PC 2702, PC 602, or PC 5071. PC 2930/2933 complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next reclass scheduled in 6/2006 for Annual Review.

CHAIRPERSON: D. SWEARINGEN/FC(A)          S. WALCH/CCII(A)          RECORDER: W. HALBERT/CCI

CC: ☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐C&PR ☐OTHER _____      ☒128-C2 in C-file
Committee Date: 6/9/05    (HALBERT/jw)    Classification    FAC-A UCC/REVIEW    Inst: PBSP

NO: 'P-20045'          NAME:  BLOODSAW, Theopric          A2-118L
Custody:   MAX         CS:  87 (IV)          D1/D EFF 6/10/05          Assignment:   ASU
RelDate:   EPRD 12/24/19          Reclass:  7/20/05          Action:          RETAIN A/S PEND RELEASE TO GP BED

Inmate Bloodsaw appeared before PBSP AD-SEG ICC on this date for Initial Review.  Prior to ICC, C/O K. Ruben was assigned as staff assistant and was present during Committee, as S is illiterate.  An investigative employee was not required.  Witnesses were not requested per CCR, Title 15, Sections 3338(h) and (I).  Committee notes S was placed in AD-SEG on 6/10/05, for the following reason(s): Due to lack of available bed space in GP.  **Committee acts to retain in AD-SEG pending release to GP bed, and establish custody level at MAX, with WG/PG D1/D effective 6/10/05.**  S participated in Committee, acknowledged understanding, and disagreed with Committee action.  ICC notes CDC 128C Madrid Exclusionary Chrono dated 3/1/04, denoting no level of care.  LCSW D. Roy was present during this Committee action.  When S was questioned regarding his current mental health status, he advised Committee he did not have Psych concerns at this time.  S has been reviewed and assigned to the walk-alone yard.  S is cleared for double ceiling.  S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not.  Next reclass scheduled on 7/20/05 for AD-SEG Review.

Refer to ucc chrono dated 10/18/05 cci N. Threm

CHAIRPERSON:  R. KIRKLAND/WARDEN          P. T. SMITH/FC          D. ROY/LCSW          N. Shouter RECORDER:  N. THREM/CCII

CC:  ☐OBIS  ☐CSR  ☐IGI  ☐PSYCH  ☐MED  ☐C&PR  ☐OTHER _____          ☐128-CZ in C-file
Committee Date:  6/22/05          (N. THREM/jw)          Classification          AD-SEG -ICC/REVIEW          Inst:  PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR 128G (Rev. 12/91)

NO:  P-20045
Custody   CLO BS
RelDate    EPRD 12/24/19

NAME:   BLOODSAW, Theopric
CS:    87 (IV)     C/C EFF 8/3/05
Reclass   6/2006

Assignment:   U/A
Action:   AFFIX "S" SUFFIX; RETAIN C/C

HSG:     A2-109L

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Program Review. Prior to Committee, D. Melton was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: CCCMS level of care, and S's current RGPL is 4.0 or less. Committee effectively communicated with S as noted: Short sentences using simple English. Committee noted S has an RGPL of 3.3. Effective communication was achieved, and S appeared to understand. This Program Review is being held for the two following reasons: (1) Review for "S" suffix placement; and (2) Address prior D1/D and/or C/C status. S was asked if he was willing to take a cellie and program, and S stated, "No." Committee noted S has no cellmate and the "S" custody suffix has not previously been applied. **Committee acts to affix the "S" suffix, due to S adamantly refusing to take a cellie and program.** S was advised that the "S" suffix can be taken off when he decides to program and adhere to CDC rules and regulations of double celling. Committee notes that ICC of 6/22/05, assigned S to WG/PG D1/D when placed in AD-SEG. Per memo of 9/17/04, any I/M who is placed in AD-SEG while on C/C status shall be assigned to WG/PG D2/D. This shall be assigned whether or not the move was adverse or non-adverse. **Committee acts to clear this error and make S D2/D effective 6/10/05 through 8/2/05, then C/C 8/3/05 until present UCC. As S is adamantly refusing to program, Committee acts to retain S on WG/PG C/C. Committee further acts to continue custody level at CLO BS, with WG/PG C/C effective 8/3/05.** S participated in Committee, acknowledged understanding, and agreed with Committee action, stating, "I refuse to take a cellie. I'm telling you straight up. I'm a Crip." S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next scheduled Committee will be in 6/2006, for Annual Review.

CHAIRPERSON:  D. SWEARINGEN/FC(A)

S. WALCH/CCII(A)

RECORDER:  M. THORNTON/CCI

CC: ☐OBIS  ☐CSR  ☐IGI  ☐PSYCH  ☐MED  ☐C&PR  ☐OTHER _____
Committee Date:  10/18/05           (THORNTON/jw)           Classification           FAC-A  UCC/REVIEW

☒128-C2 in C-file
Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev. 12/91)

NO: P-20045                NAME: BLOODSAW, Theopric          Housing:  B8-209
Custody: CLO B             CS:  93 (IV)      C/C Eff. 07/14/04  Assignment: BMU
RelDate: EPRD 12/24/2019                     Reclass: 01/03/07  Action:  REAFFIRM PLACEMENT IN BMU FOR 90 DAYS.
                                                                        RETAIN ON STEP# 1 OF ITP.  CONTINUE
                                                                        C/C EFFECTIVE 07/14/04. D/C CLEAR.

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for Program Review. Committee notes CDC 128C, Madrid Exclusionary, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File. Prior to Committee Correctional Officer Thom was assigned as a staff assistant and was present during Committee. The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less. Committee notes S has a RGPL of 3.3. Effective communication was achieved using short sentences and simple English and S appeared to understand. Committee notes that S has received disciplinaries dated 10/17/06, 11/14/06, 11/16/06, and 11/21/06, for Refusing to Attend BMU Classes. S additionally received a 128A dated 10/25/06 for Refusing to Accept a Cellie during this 30 day review. Placement score is a current Level IV score of 93 points. Mandatory minimum score of 19 is noted for VIO. S was advised to notify staff immediately if any enemy situation which may arise. S is approved for 270 design facilities. **Committee acts to reaffirm S in the BMU program for 90 days and retain on Step # 1 of Individual Treatment Plan (ITP) for 30 days based on S's nonparticipation in the required BMU classes and not remaining disciplinary free. Committee also acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody.** S was reviewed and cleared for double celling. S was advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments. S participated in Committee, acknowledged understanding and disagreed with Committee action, stating "What about my 602's. I will see you all in Court." UCC explained that his appeals were being processed and that he needed to follow the BMU program requirements to be released to the general population. S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, Classification chrono, or not. Next scheduled Committee will be on 01/03/07 for Program Review. Next scheduled Annual Committee will be in 06/2007.

CHAIRPERSON:  J. BELL/FC (A)          S. WALCH/CCII          S. ROBERTS/EDUCATION          RECORDER: D. MELTON/CCI

☐ OBIS ☐ CSR ☐ IGI ☐ PSYCH ☐ MED ☐ OTHER

Committee Date:   11/29/06      (MELTON/ew)      Classification      **BMU**/UCC      PROGRAM REVIEW      Inst: **PBSP**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128G (Rev 12/91)

NO: P-20045
Custody: CLO B
RelDate: EPRD 12/24/2019

NAME: BLOODSAW, Theopric
CS: 93 (IV)
C/C EFF: 07/14/04
Reclass: 01/31/07

BED/CELL: B8 –209
Assignment: BMU
Action:    REAFFIRM BMU PLACEMENT. RETAIN STEP # 1 OF ITP FOR 30 DAYS. CONTINUE WG/PG C/C EFFECTIVE 07/14/04. D/C CLEAR.

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for 30 day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has RGPL of 3.3. Committee notes S has RGPL of 3.5. Prior to Committee Correctional Officer Thom was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less. Effective communication was achieved using short sentences and simple English, and S appeared to understand. S was advised to notify staff immediately of any enemy situation that may arise. Grooming standards and Pelican Bay State Prison (PBSP) BMU expectations were discussed. S can be housed with Black ethnic groups. Committee notes S is cleared for double celling per PBSP's current double celling criteria, although he refuses to accept a cellie. S is approved for 270' design facilities. Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure per the CCR, Title 15, Section, 3000.** Committee notes S has received RVR's dated 12/12/06, 12/15/06, 12/26/06, and 212/29/06, for Refusing to Participate in BMU classes during this 30 day period. S has failed to meet the necessary requirements of Step # 1; therefore, is not eligible to graduate to Step # 2. **Step # 1 Privileges** include, but are not limited to:

- ❖ WG/PG C/C status.

- ❖ Emergency telephone call only.

- ❖ One-quarter the monthly canteen draw allowance, not to exceed $ 45.00.

- ❖ A minimum of 10 hours out-of-cell time per week, which includes, dayroom, workshops (ITP classes), and self-help group activities as limited by physical design and local institution security and facility needs.

- ❖ Non-contact visits, if eligible; and with approved visitors only.

- ❖ If the inmate meets the goals of the ITP he will graduate to step # 2.

**Committee acts to reaffirm S's placement in the BMU program and retain Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days. Committee further acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody.** S was reviewed and cleared for double celling, noting no history of in-cell violence. S participated in Committee, acknowledged understanding, and disagreed with Committee action, stating "I am nobody's child. I am 48 years old. I'm not going to the classes; I have a choice not to go!" S has been advised that he must remain disciplinary free and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the general population (GP). S's case will be reviewed by UCC, in approximately 30 days for future program modifications. S is eligible to work around computers, computer systems, or to be in areas that may have access to personal information, per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 has been complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, classification chrono, or not. Next scheduled 30 day Program Review will be on 01/31/07. Next scheduled Annual Review will be in 06/07.

CHAIRPERSON: J. ROBERTSON/FC (A)    J. BROWMAN/CCII (A)    S. ROBERTS/EDUCATION    RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER_____

Committee Date: 01/03/07    (MELTON/ew)    Classification    BMU/UCC    PROGRAM REVIEW    Inst: PBSP

0079

CDCR#: P-20045     NAME: BLOODSAW, Theopric          Housing: B8-209L
Custody: CLOB          CS: 93 (1V)     C/C Eff. 07/14/04     Assignment: BMU STEP #1
Rel Date: EPRD 12/24/2019     Reclass: 02/27/07     **Action: REAFFIRM BMU PLACEMENT
90 DAYS. RETAIN ON STEP # 1
30 DAYS. CONTINUE WG/PG
C/C EFF. 07/14/04. D/C CLEAR**

Inmate **Bloodsaw** refused to appear before PBSP FAC-B Behavior Modification Unit (BMU) UCC on this date for 30 Day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has an RGPL of 3.3. Prior to Committee, Correctional Officer J. Thom was assigned as Staff Assistant, interviewed S at least 24 hours prior to UCC, per CCR, Title 15, Section, 3315(d)(2)(A) and was present during Committee. The Staff Assistant was assigned based on S 's current RGPL is 4.0 or less. S is advised, via this chrono, to notify staff immediately of any enemy situations that may arise. Grooming standards and Pelican Bay State Prison (PBSP) expectations were discussed. S is cleared for double celling per PBSP's current double cell policy, and can be celled with Black ethnic groups, although he refuses to accept a cellie. Committee further notes that S has no current cellmate, and the "S" custody suffix has not been previously applied. S is approved for 270' design facilities. Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure defined by the CCR, Title 15, Section, 3000.** Committee notes that since S's prior 30 day Program Review, he received RVR dated 01/22/07, for Recurring Failure to Meet Program Expectations. S has also refused to participate in the required BMU ITP classes, dated, 01/18/07 and 01/19/07. Based on the above information, UCC is in mutual agreement that S has not met the necessary requirements of Step # 1, and therefore, is not eligible to graduate to Step #2. Step # 1 Privileges include, but are not limited to:

❖ WG/PG, C/C status for approximately 30 days.

❖ Emergency telephone calls only.

❖ One-quarter (1/4) the monthly canteen draw allowance, not to exceed $45.00.

❖ A minimum of 10 hours out-of-cell time per week, which may include dayroom, workshops (ITP classes) and self-help-group activities, as limited by physical design and local institution security and facility needs.

❖ Non-contact visits, if eligible; with approved visitors only.

**Committee acts to reaffirm S's placement in the BMU program and retain on Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days. Committee also acts to continue WG/PG, C/C status effective 07/14/04, and continue at CLOB custody. S was reviewed and cleared for double-celling, noting no history of in-cell violence.** S is advised, via this chrono, that he must remain disciplinary free, including any 128-A Counseling Chronos, and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the General Population (GP). S's case will be reviewed in approximately 30 days to establish future program modifications. S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 have been complied with. S was advised, at the completion of UCC, via the staff assistant, of Committee's decision and his right to appeal, and S appeared to understand. Next 30 day Program Review will be on 02/27/07. Next Annual Review in 06/07.

CHAIRPERSON:     M. FOSS/AC          J. ROBERTSON/CCI I     S. ROBERTS/EDUCATION     RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date: 01/30/07     (MELTON)     Classification     **BMU**/UCC     PROGRAM REVIEW     Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128C (REVISED 4/07)

NO: P-20045    NAME BLOODSAW, THEOPRIC    HSG: ASU E1
Custody: MAX    PS: 119    Level: IV    WG/PG: D1/D    EFF: 09/13/07    Assignment: ASU MERD 04/12/08
Rel Date: EPRD 09/02/202'    Reclass: 03/05/2008    Action: FORFEIT 90-DAYS GCC MAX, MERD 04/12/08; REFER TO CSR RX TX EXTENSION
BPH Rev: 0    TO PBSP SHU

RECOMMENDED ACTION: Refer to CSR recommending transfer extension to PBSP-SHU.

ADMINISTRATIVE PLACEMENT FACTORS: Inmate BLOODSAW refused to appear and was reviewed in absentia by PBSP AD-SEG, ICC on this date for Subsequent Review.

ADMINISTRATIVE PLACEMENT DUE PROCESS:

DISCUSSION: Committee notes S is currently endorsed for transfer to PBSP-SHU to serve a determinate SHU term due to RVR dated 04/12/07, Battery on a Peace Officer. Committee elects to forfeit 90-days of Good Conduct Credit due to RVRs dated 10/25/07, Disrespect without Potential for Violence and RVR dated 10/03/07, Refusal to Obey Orders, resulting in a MAX MERD 04/12/08. Committee also notes the transfer for PBSP SHU will expire on 12/07/07. STAFF ASSISTANCE: More than 24 hours prior to Committee, Correctional Officer D. Harlow was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

MENTAL HEALTH REVIEW: ICC notes 128-C, dated 05/21/07, noting S is not a participant in the MHSDS level of care. S does not meet PBSP-SHU exclusionary criteria.

DA ACTION: N/A

CELL STATUS: S is cleared for double celling.

YARD STATUS: Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

COMMITTEE ACTION: Committee acts to refer to the CSR recommending transfer extension to PBSP-SHU. This is an adverse transfer. Upon transfer, S's custody will be MAX, WG/PG D1/D effective 09/13/07, and single cell housing will not be required.

INMATE COMMENTS: Did not appear.

APPEAL RIGHTS: As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON: F. JACQUEZ/CDW    RECORDER: S. O'DELL/CCII

COMMITTEE MEMBERS: M. FOSS/CAPT.    J. PASCOE/PHD

DATE: 12/05/2007    ASU INSTITUTIONAL CLASSIFICATION COMMITTEE    Inst.: PBSP

State of California

*ASUE 01*

Department of Corrections
CDC 128-G

No. P-20045                    NAME: BLOODSAW

*Comment:*    PBSP-SHU endorsed to complete a determinate SHU term. PS = 127.

SHU placement is to complete a determinate term with MAX MERD of 4/12/08 as approved by previous CSR action. Previous CSR endorsement is reaffirmed. Madrid chrono of 6/27/07 noted. DNH does not impact placement. Inmate is NCF per CDC 128-C2 of 6/12/03. TB Code is 22. CDC 812 is noted. Confidential file is clear.

**Retention in ASU is approved pending transfer. This transfer approval expires 3/13/2008 and will require return to CSR for re-authorization.**

D. Rothchild, CSR

**Date: 12/19/2007**            **Classification - CSR ACTION**            **PBSP**



EXHIBIT

F

California State Prison Corcoran

# RADIOLOGY REPORT

NAME: BLOODSAW, Theopric _____ NUMBER: E-40947 _____ DATE: 12/17/92 _____

DOCTOR: Hoffman _____ HOUSING: _4B_____

SKULL SERIES, C-SPINE.

HISTORY: Blow to head 1977. Dizziness daily since.

SKULL SERIES.

I see no fracture, sinuses clear.

IMPRESSION: Unremarkable skull series.

CERVICAL SPINE.

Films continue to show loss of normal cervical lordosis. There is narrowing of the C-5/6 disc with some straightening of curvature at this level, no change since previous, no fractures or destructive processes seen.

IMPRESSION: Abnormal C-5/6 interspace. No other significant findings identified.

_____
Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 12/22/92 ls/JG
Original: Medical Chart
        cc: X-Ray Jacket

4

California State Prison Corcoran

# RADIOLOGY REPORT

NAME: BLOODSAW, Theopric         NUMBER: E-40947         DATE: 10/20/92

DOCTOR: Brown                    HOUSING: 4B

CERVICAL SPINE FILM SERIES WITH OBLIQUES.

Radiographic examination of the cervical spine was obtained. There is either a superimposed position artifact or non-displaced fracture at the lateral left lateral corner of C-1. It is visible on the frontal projection. Further evaluation by obtaining follow-up radiographic examination may be of value. Otherwise there is no evidence of acute fracture or dislocation. Vertebral body statures are well maintained. Narrowing of C-5/C-6 intervertebral disc space with osteophytes is appreciated. This is consistent with degenerative disc disease. Neural canal are patent. Prevertebral soft tissue structures appear unremarkable. Mild reversal of cervical curvature is noted. This may be secondary to positioning or muscle spasms.

IMPRESSION: (1) Reversal of cervical curvature. (2) Degenerative disc disease. (3) Fractures verses superimposed position artifact of C-1 as described, Follow up Lateral + open mouth view Rx.

Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 10/22/92 ls/MD
Original: Medical Chart
    cc: X-Ray Jacket

 

# X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC   NO. P20045   RM: A2-125   DOB: 6/25/58   DATE: 02/22/05

EXAM REQUESTED:              CERVICAL SPINE

REQUESTING M.D.:             J. LAZORE, F.N.P.

CLINICAL DATA:               NO HISTORY GIVEN

RADIOGRAPHIC REPORT:         CERVICAL SPINE

FINDINGS:                    Comparison to a previous study dated 7/23/04.

On the current study the soft tissues are unremarkable.

There is a mild reversal of the cervical lordosis centered at C5-6. There is mild anterior subluxation of C4 with respect to C5 which was not present on the previous study.

Degenerative discs at C5-6 and C6-7 again noted and show little change compared to the previous study.

**IMPRESSION:**              1.   **REDEMONSTRATION OF DEGENERATIVE DISC DISEASE AT C5-6 AND C6-7 WHICH APPEAR STABLE.**
                             2.   **THERE IS MILD ANTERIOR SUBLUXATION OF C4 WITH RESPECT TO C5 OF APPROXIMATELY 2 MM WHICH WAS NOT SPECIFICALLY PRESENT ON THE FILMS OF 7/23/04.**

**ON THE OBLIQUE VIEWS POSTERIOR OSTEOPHYTES PARTIALLY ENCROACH ON THE INTERVERTEBRAL FORAMINA AT THE C5-6 LEVEL BILATERALLY.**

02/22/05                     CURTIS COULAM, M.D.                        BGR
DATE READ                    RADIOLOGIST                          TRANSCRIBER

56

*Jain Bhawna, M.D.*

    

# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC    NO. P20045    RM: A2-202L    DATE: 05/10/07

EXAM REQUESTED:                CERVICAL SPINE THREE VIEWS

REQUESTING M.D.:              PCP CLINIC

CLINICAL DATA:               HISTORY OF NECK PAIN.

RADIOGRAPHIC REPORT:          CERVICAL SPINE THREE VIEWS

FINDINGS:                    This study is compared with films taken in June of 2005.

There is no obvious soft tissue swelling or calcifications. There is a focal reversal of the normal cervical lordosis with the apex this reversal is centered at C5. Mild arthritic changes are noted at C4-5. Moderate arthritic changes bordering on severe are noted at C5-6 and C6-7. At these levels there is endplate sclerosis, osteophyte formation and joint space narrowing. Lateral mass arthritic changes are noted at disc spaces above this. There is an unusual appearance of the symphysis of the mandible perhaps this is posttraumatic. This is probably unchanged from the preceding study. The degree of arthritic changes in the mid and lower cervical spine is thought to be mildly progressive when compared to the previous study in 2005.

**IMPRESSION:**     1.    **FOCAL MODERATE DEGENERATIVE ARTHRITIC CHANGES OF THE MID AND LOWER CERVICAL SPINE, I BELIEVE THEY ARE MILDLY PROGRESSIVE WHEN COMPARED TO THE PRECEDING STUDY.**

2.    **FINDINGS AT C5-6 MAY BE CHARACTERIZED AS SEVERE.**

3.    **I BELIEVE THAT THERE IS A POSTTRAUMATIC DEFORMITY OF THE SYMPHYSIS OF THE MANDIBLE THAT IS STABLE WHEN COMPARED TO THE PREVIOUS STUDY.**

05/15/07                    PHILIP GRIMM, M.D.                    DLK
DATE READ                    RADIOLOGIST                    TRANSCRIBER

19

## LABORATORY REPORTS

### DEPARTMENT OF CORRECTIONS
### CMC–EAST HOSPITAL

NAME: **BLOODSAW, THEO**   NUMBER: **E-40947**   ROOM: 4190X   AGE: 37

Date Taken: 9-15-95     Date Read: 09/15/95     Ordering M.D.: **MISSON**

## RADIOGRAPHIC REPORT: LEFT HIP

There is evidence of fracture.  Minimal osteoarthritic spurring is present about the inferior margin of the femoral head.

*pmc*

JBF:jag     Date: September 16, 1995          J. FLEMING, M.D.

Date Taken: 3-30-95    Date Read: 3-31-95    Ordering M.D.: Stevig

## RADIOGRAPHIC REPORT:

CHEST:    There is no evidence of active pulmonary disease.   Small metal fragments are present in the left upper chest.

JBF:co     Date: March 31, 1995          J. B. Fleming, M.D.

STATE OF CALIFORNIA
DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)
CDC 1845 (Rev. 01/04)

DEPARTMENT OF CORRECTIONS
*CHECK ALL APPLICABLE BOXES*

**THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B**

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| BLOODSAW | P20045 | PBSP | A2 202L | 8/1/07 |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| [X] Inmate self-identifies to staff    [ ] Third party evaluation request | [ ] Blind/Vision Impaired    [ ] Speech Impaired |
| [ ] Observation by staff    [ ] Medical documentation or Central File information | [X] Deaf/Hearing Impaired    [ ] Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. [ ] **FULL TIME WHEELCHAIR USER - DPW** Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. [ ] **INTERMITTENT WHEELCHAIR USER - DPO** Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. [*] **MOBILITY IMPAIRMENT - With or Without Assistive Device** (Wheelchairs shall not be prescribed) - **DPM** Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. [ ] **MOBILITY IMPAIRMENT (Lower Extremities) - DNM** Walks 100 yards without pause with or without assistive devices. [ ] No Housing Restrictions    [ ] See HOUSING RESTRICTIONS in Section E [ ] Requires relatively level terrain and no obstructions in path of travel. **Do not place at:** CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C:_____) |
| 4. [ ] **DEAF/HEARING IMPAIRMENT - DPH** Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. [X] **HEARING IMPAIRMENT - DNH** With residual hearing at a functional level with hearing aid(s). |
| 5. [ ] **BLIND/VISION IMPAIRMENT - DPV** Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. [ ] **SPEECH IMPAIRMENT - DPS** Does not communicate effectively speaking or in writing. | 6. [ ] **SPEECH IMPAIRMENT - DNS** Does not communicate effectively speaking, but does when writing. |

**SECTION E: ADDITIONAL MEDICAL INFORMATION**

**CSR ALERT:**
[ ] Requires relatively level terrain and no obstructions in path of travel
[ ] Complex medical needs affecting placement    [ ] CDC 128-C _____

**HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**
[ ] Cane    [ ] Crutch    [ ] Walker    [ ] Leg/Arm prosthesis    [ ] Vest
[ ] Other: _____    [ ] CDC 128-C(s) dated: _____

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**
[ ] Feeding or Eating    [ ] Bathing    [ ] Grooming    [ ] W/C transferring
[ ] Toileting    [ ] Other: _____    [ ] CDC 128-C(s) dated: _____

**OTHER DPP DESIGNATIONS:**
[ ] NONE _____ ; _____
CODE    DATED    CODE    DATED

**HOUSING RESTRICTIONS:**    [ ] Lower bunk    [ ] No stairs    [ ] No triple bunk. CDC 128-C(s) dated: _____

**SECTION F: EXCLUSIONS**

[ ] **VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED:** My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____).

[ ] **REMOVAL FROM A DPP CODE:** Removal from previous DPP code: _____ (Explain in Comments Section and CDC 128-C dated: _____.)

[ ] **REMOVAL FROM ENTIRE PROGRAM:** Removal from DPP code(s): _____ (Explain in Comments Section and CDC 128-C dated: _____.)

**SECTION G: EFFECTIVE COMMUNICATION FACTORS**

[ ] Uses Sign Language Interpreter (SLI)    [ ] Reads Braille    [ ] Communicates with written notes    [ ] Requires large print or magnifier
[ ] Reads lips    [X] NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

Has good function & hearing aids ~ does not need vest

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| M.C. SAYRE | M.C. Sayre | 8/1/07 |

| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |
|---|---|---|
| M.C. SAYRE | M.C. Sayre | 8/1/10 |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

DISTRIBUTION: Original - Top General Chrono Section of C-File;    Green - Chrono Section, Unit Health Record    Canary - C&PR/CC-III;    Pink-CC-III;    Gold-Inmate

STATE OF CALIFORNIA                                                                                     DEPARTMENT OF CORRECTIONS
**DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)**    COPY    ASU EIL    *CHECK ALL APPLICABLE BOXES*
CDC 1845 (Rev. 01/04)
THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B

| INMATE NAME: *Blackson* | CDC NUMBER: *P20045* | INSTITUTION: *PBSP* | HOUSING ASSIGNMENT: *ADSE 01L* | DATE FORM INITIATED: *1/15/08* |
|---|---|---|---|---|

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| ☒ Inmate self-identifies to staff ☐ Third party evaluation request | ☐ Blind/Vision Impaired ☐ Speech Impaired |
| ☐ Observation by staff ☐ Medical documentation or Central File information | ☒ Deaf/Hearing Impaired ☐ Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. ☐ **FULL TIME WHEELCHAIR USER - DPW** Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. ☐ **INTERMITTENT WHEELCHAIR USER - DPO** Requires lower bunk; wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. ☐ **MOBILITY IMPAIRMENT - With or Without Assistive Device** (Wheelchairs shall not be prescribed) - **DPM** Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☐ **MOBILITY IMPAIRMENT (Lower Extremities) - DNM** Walks 100 yards without pause with or without assistive devices. ☐ No Housing Restrictions  ☐ See HOUSING RESTRICTIONS in Section E ☐ Requires relatively level terrain and no obstructions in path of travel. **Do not place at:** CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C: _____ ) |
| 4. ☐ **DEAF/HEARING IMPAIRMENT - DPH** Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☒ **HEARING IMPAIRMENT - DNH** With residual hearing at a functional level with hearing aid(s). |
| 5. ☐ **BLIND/VISION IMPAIRMENT - DPV** Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. ☐ **SPEECH IMPAIRMENT - DPS** Does not communicate effectively speaking or in writing. | 6. ☐ **SPEECH IMPAIRMENT - DNS** Does not communicate effectively speaking, but does when writing. |

| SECTION E: ADDITIONAL MEDICAL INFORMATION |
|---|

**CSR ALERT:**
☐ Requires relatively level terrain and no obstructions in path of travel
☐ Complex medical needs affecting placement  ☐ CDC 128-C _____

**HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**
☐ Cane  ☐ Crutch  ☐ Walker  ☐ Leg/Arm prosthesis  ☐ Vest
☒ Other: *H-A*    ☒ CDC 128-C(s) dated: *3/7/0*

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**
☐ Feeding or Eating  ☐ Bathing  ☐ Grooming  ☐ W/C transferring
☐ Toileting  ☐ Other: _____

**OTHER DPP DESIGNATIONS:**
☐ NONE _____ ; _____
CODE    DATED    CODE    DATED

**HOUSING RESTRICTIONS:**  ☐ Lower bunk  ☐ No stairs  ☐ No triple bunk. CDC 128-C(s) dated: _____

| SECTION F: EXCLUSIONS |
|---|

☐ **VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED:** My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____ ).
☐ **REMOVAL FROM A DPP CODE:** Removal from previous DPP code: _____ . (Explain in Comments Section and CDC 128-C dated: _____ .)
☐ **REMOVAL FROM ENTIRE PROGRAM:** Removal from DPP code(s): _____ . (Explain in Comments Section and CDC 128-C dated: _____ .)

| SECTION G: EFFECTIVE COMMUNICATION FACTORS |
|---|

☐ Uses Sign Language Interpreter (SLI)  ☐ Reads Braille  ☐ Communicates with written notes  ☐ Requires large print or magnifier
☐ Reads lips  ☒ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

*Has good function c̄ hearing aids*

| PHYSICIAN'S NAME (Print): *MC Sayre* | PHYSICIAN'S SIGNATURE: *MC Sayre* | DATE SIGNED: *1/15/08* |
|---|---|---|
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print): *MC Sayre* | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE: *MC Sayre* | DATE SIGNED: *1/15/08* |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional mail, and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below

State of California DEPARTMENT OF CORRECTIONS
CDC 128-E

NAME and NUMBER  Bloodsaw, P20045

This inmate has been identified as: ☐ DPH ☒ DNH ☐ DPS ☐ DNS and was interviewed as indicated below:
☒ The inmate was/was not interviewed with the assistance of a qualified sign language interpreter.
Name of sign language interpreter _____

Primary method: (Check one) (This method shall be used for due process, delivery of health care, inmate appeals and CDC 1515)
☐ American Sign Language ☐ Sign Exact English ☐ Other sign language: _____ ☐ Written notes
☐ Reads Lips ☒ Hearing aide(s) ☐ Assistive listening device

Alternative method(s): (Check all that apply)  I/M Request a Vest to Identify his Hearing impairm
☐ American Sign Language ☐ Sign Exact English ☐ Other sign language: _____ ☐ Written notes
☐ Reads Lips ☐ Hearing aide(s) ☐ Assistive listening device ☒ None

V.Y. France, Sgt.          H. France, Sgt.          x T. Bloodsaw
Interviewer's Name          Interviewer's Signature          Inmate's Signature          C Proten

DATE: 8/16/07   NOTE - VEST ISSUED 8/17/07   CAPTAIN   INST: PBSP
EQUALLY EFFECTIVE COMMUNICATION FOR HEARING/SPEECH IMPAIRED

**PE   Patient Information System**

Health Care Services Unit Chrono

| Name: BLOODSAW, THEOPRIC | CDC #: P20045 | Hsg: A02U 202L | Date: 08-23-2007 |
|---|---|---|---|

| Instruction Type | Start Dt | End Dt | Provider ID | Provider |
|---|---|---|---|---|
| LOWER BUNK | 08-29-2006 0848 | 08-29-2007 0848 | MPIMSCLMC | MALO CLINES, FNP |
| SHORT BEARD CHRONO | 03-07-2007 0901 | 03-06-2008 0901 | MPIMSBAF | FELLOWS, RN |

Distribution:      Health Record         Housing Unit              CCII            File                    Inmate
*** When Appropriate, a copy shall be forwarded to Specific Clinic

| Name: BLOODSAW, THEOPRIC | CDC #: P20045 | Date: 08-23-2007 |
|---|---|---|

Facility INF                                    Page 1 of 1